

PABLO A. CASTELLANOS
JUDITH T. CASTELLANOS
16809 S. 44ᵀᴴ STREET
PHOENIX, AZ 85048
480-205-4035
Judy.Castellanos@hotmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

PABLO A. CASTELLANOS AND JUDITH
T. CASTELLANOS, Husband and Wife,

        Plaintiff,

v.

ENCORE CREDIT CORPORATION;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, AKA
"MERS;"
BANK OF AMERICA, NATIONAL
ASSOCIATION AS SUCCESSOR BY
MERGER TO LASALE BANK
NATIONAL ASSOCIATION, AS
TRUSTEE FOR CERTIFICATEHOLDERS
OF BEAR STEARNS ASSET BACKED
SECURITIES ILLC, ASSET-BACKED
CERTIFICATES, SERIES 2007-HE3;
JPMORGAN CHASE BANK, N.A.;
SELECT PORTFOLIO, SERVICING,
INC.;QUALITY LOAN SERVICE CORP;
CALIFORNIA RECONEYANCE CO.

        Defendant.

CASE NO: CV-17-02428-PHX-SPL

**FIRST AMENDED COMPLAINT**

2

**COMES NOW** the Plaintiffs Pablo A. Castellanos and Judith T. Castellanos ("Plaintiff"), and for their First Amendment Complaint against the Defendants as names above, and each of them, as follows:

## PARTIES, JURISDICTION

1.  Plaintiffs Pablo A. and Judith T. Castellanos are husband and wife, and are residents of Maricopa County, Arizona. Plaintiffs bring this action for damages Castellanos' suffered for reason of the attempts of the defendants, their associates, and co-conspirators, to wrongfully eject the Plaintiffs from their home for more than a decade.

2.  Defendants, ENCORE CREDIT CORP (herein referred to as "ENCORE") was a National Non-Prime lender. It was the Originator of the loan. In 2007, ENCORE CREDIT CORPORATION was acquired by BEAR STEARNS RESIDENTIAL MORTGAGES CORPORATION. BEARNS STEARNS COMPANIES, INC., was a New York-based global investment bank, securities trading and brokerage firm that failed in 2008, and was acquired by JP Morgan Chase Bank NA.

3.  Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, aka MERS ("MERS"), Plaintiff is informed and believes, and thereon alleges that, Defendant is a wholly-owned subsidiary of MERSCORP Holdings. MERSCORP HOLDINGS, INC., owns and operates the MERS System, a national electronic registry system that tracks the changes in servicing rights and benefits; whose last known address is 1818 Library Street, Suite 300, Reston, Virginia 20190; website: http//www.mersinc.org.

4.  Defendant U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National

2

Association, as Trustee for Certificates of Bear Stearns Asset Backed Securities I LLC Asset-Backed Certificates 2007-HE3, Asset Backed Certificates Series 2007-HE3. The Castellanos' loan was purportedly sold into the 2007-HE3 Trust. According to the MERS ServiceID, JP Morgan Chase Bank NA fka WaMu is the "Servicer" and Bank of America, NA as the true "Investor" of the loan related to the property.

5.    Defendant JP Morgan Chase Bank NA is a multinational banking and financial services holding company headquarter in New York. JP Morgan Chase Bank was one of the purported servicer of the loan at issue in this action. Plaintiff is informed and believes, and thereon alleges that Defendant Chase is a Corporation doing business in the County of MARICOPA, State of ARIZONA. JP Morgan Chase Bank NA was one of the purported servicer of the loan at issue.

6.    Defendant Select Portfolio Servicing, is a nationally recognized mortgage servicer specializing in the servicing of single-family residential mortgages. Founded in 1989, its headquarters in Salt Lake City, Utah with an office in Jacksonville, Florida. Plaintiff is informed and believes, and thereon alleges that, Defendant Select Portfolio Servicing is a Corporation doing business in the County of MARICOPA, State of ARIZONA. Select Portfolio was one of the purported servicer of the loan at issue.

7.    Defendant Quality Loan Service Corporation offers non-judicial foreclosure processing. Quality Loan Service purportedly substituted as trustee under the Deed of Trust in October of 2015. Plaintiff is informed and believes, and thereon alleges that, Defendant Quality Loan Servicing is a Corporation doing business in the County of MARICOPA, State of ARIZONA.

3

8. .    Defendant is informed and believes and thereon alleges that, California Reconveyance Company is a Corporation doing business in the County of MARICOPA, State of ARIZONA.

9.    At all times relevant to this action, Plaintiffs had owned and occupied the single-family residential property commonly known as 16405 SOUTH 43RD PLACE, PHOENIX, AZ 85048 ("Property").

10.    Plaintiffs do not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, but will amend the Complaint when their identities have been ascertained. Plaintiffs allege upon information and belief, however, that each presently unknown Defendant has been the agent, servant or employee of each other, purporting to act within the scope of said agency, service or employment in performing the acts and/or omissions alleged herein.

## VENUE

11.    The Property is located within the County of MARICOPA, State of ARIZONA with an address of 16405 SOUTH 43rd PLACE PHOENIX, ARIZONA 85048 ("Property").

## ALLEGATIONS

12.    On January 19, 2007, the Castellanos' refinanced their property by a Deed of Trust, recorded at the Maricopa County Recorder's Office as Instrument #2007-0156567 on February 27, 2007. See a copy of the Deed of Trust, attached hereto as Exhibit 1.

13.    On January 19, 2007, the Castellanos' entered into the Adjustable Rate Note (the "Note") and the Deed of Trust (collectively, the "LOAN") with Encore Credit Corporation ("Encore"), as the Lender. The Note had a principle balance of $312,000.

4

14.     On January 22, 2007, the Castellanos' signed a Deed of Trust dated January 19, 2007, as trustors, and which listed Encore Credit Corporation ("Encore") as the Lender.

15.     The Deed of Trust (a) requires the Lender to give the Plaintiff notice of the default before accelerating the loan balance; (b) requires that the Lender provide the Plaintiff the action required to cure the default; (c) requires the Lender to give the Plaintiff 30 days from the date of default before accelerating the loan balance; (d) Lender to provide notice to Plaintiff that failure to cure the default on or before the date specified in the notice may result in acceleration of the sum secured by the Security Instrument and sale of the property. The notice shall further inform the Plaintiff of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense Plaintiff to acceleration and sale. The Deed of Trust further states if the Lender invokes the power of sale, Lender shall give notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold.   See Deed of Trust, recorded on February 7, 2007, at Doc. No. 20070156567, an official copy of which is attached as Exhibit 1.

16.     Although the Deed of Trust list Mortgage Electronic Registration Systems, ("MERS") as beneficiary under the Deed of Trust, MERS was only a nominee for the Lender under the Deed of Trust solely for the purpose of avoiding recording an assignment of the Deed of Trust each time the Loan was purportedly sold/assigned/transferred.

17.     MERS indicated at www.merinc.org that "MERS Systems is not a vehicle for creating and transferring beneficial ownership in mortgage loans" MERS, Inc. further indicates that it does not have beneficial interest in mortgage notes. It states, "That it has no rights whatsoever for creating or transferring beneficial interest in the mortgage loans." MERS specifically states in Defining the Mortgage Electronic Registration System, once in MERS

System, MERS becomes the Mortgagee of record for its members, but the original lender or subsequent party who purchased the note retains physical possession of the note. MERS cannot act independently in its own right and on its own behalf; and it cannot take any action on behalf of a non-MERS member without explicit direction and authorization from the owner of the Mortgage Loan who, presently, is unknown.  MERS is not the agent of the Lender.

18.     MERS was never the true Beneficiary under the Deed of Trust. A.R.S. § 33-801 (1) defines beneficiary as the person names or otherwise designated in a Trust Deed as the person for those benefits a Trust Deed is given or the person's successor in interest.

19.     MERS requires those which are officers of member companies, are authorized to be certifying officers of MERS. Only certifying officers of MERS may sign documents on behalf of MERS.

20.     As of July 19, 2017, the MERS ServiceID system shows the service of this Loan as JP Morgan Chase Bank NA fka WaMu, and Bank of America, NA as the Investor. The MERS indicates that the present status of the Mortgage Loan registered in the MERS System as MIN# 100180100003887294 is "Inactive."  As stipulated in the MERS Procedure Manual, when a loan is transferred to a Non-MERS Member, the MIN status is changed to Inactive and the Servicer or Subservicer forward the assignment to the county recorder for recording. See MERS Procedure Rell9_2010 Pages 114-115. A copy of the MERS ServiceID system page pertaining to this Loan is attached hereto as Exhibit 2.

## TRANFER OF THE LAONS INTO THE BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2007-HE3, ASSET-BACKED CERTIFICATE SERIES 2007-HE3

21. According to correspondence from Select Portfolio Servicing, dated September 10, 2013, the owner of the Loan is U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Series 2007-HE3, but is being serviced by Select Portfolio. A copy of this September 10, 2013 correspondence from Select Portfolio is attached hereto as Exhibit 3.

22. The September 10, 2013, correspondence contains false information as is fully alleged and acknowledged by U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Series 2007-HE3 does not own the loan, and U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Series 2007-HE3 is not the creditor or Lender on the Loan.

23. The Trust was created by a Trust Agreement dated March 30, 2007, between Bear Stearns Asset Backed Securities I LLC, (the "Depositor"), EMC Mortgage Corporation (the "Master Servicer"), and LaSalle Bank National Association (the "Trust"). This Trust Agreement was filed with the Securities and Exchange Commission on April 13, 2006.

24. According to the Securities and Exchange Commission, Bear Stearns Asset Backed Securities I Trust 2007-HE3 was dissolved effective January 29, 2008. See a copy of Securities and Exchange Commission Form 15D-Exhibit 4.

25. The Trust Agreement states that the Depositor is the owner of the Trust Fund that is hereby conveyed to the Trustee in return for the Certificates. See Exhibit 5.

26. The Depositor, concurrently with the execution and delivery hereof, hereby sells, transfers, assigns, sets over and otherwise conveys to the Trustee for the use and benefits of

7

the Certificateholders, without recourse, all the rights, title and interest of the Depositor in and to the Trust Fund.

27.     In connection with the sale, the Depositor has delivered to, and deposited with, or caused to be delivered to and deposited with, the Trustee or the Custodian, as its agent, the following documents or instruments with respect to each Mortgage Loan so assigned: (i) the original Mortgage Note, including any riders thereto, endorsed without recourse (A) in blank or to the order of "LaSalle Bank National Association, As Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LL C.

28.     The transfer and assignments of the Mortgage Loans was to occur on or before the Closing Date of March 30, 2007. See Exhibit 6.

29.     "Certificate holder or Holder" is defined in the Trust as the person in whose name a Certificate is registered in the Certificate Register (initially, Cede & Co., as nominee for the Depository, in the case of any Book-Entry Certificate).  See Exhibit 7.

30.     "Certificate Owner" is defined in the Trust with respect to a Book-Entry Certificate, the Person that is the beneficial owner of such Book-Entry Certificate. Exhibit 7.

31.     "Mortgage Loan" is define in the Trust as the Mortgage Loans transferred and assigned to the Trustee pursuant to the provisions hereof, as from time to time are held as part of the Trust Fund (including any REO Property), the mortgage loans so held being identified in the Mortgage Loans Schedule, notwithstanding foreclosure or other acquisition of title of the related Mortgage Property. See Exhibit 8.

32.     "Trustee" is defined as LaSalle Bank National Association, for the benefit of the Certificateholders under this agreement, a nationally banking association and any successor thereto, and any corporation or national banking association resulting from surviving any

consolidation or merger to which it or is successors may be party and any successor trustee as may from time to time be servicing as successor trustee hereunder. See Exhibit 9.

33.     The Trust Agreement is governed by and construed in accordance with the laws of the state of New York, See Exhibit 10, Section 11.03.

34.     Under New York law, every sale, conveyance or other act of the Trustee in contravention of the Trust, is void EPTL§ 7-2.4

35.     The Trust only list the Master Servicer as EMC Mortgage Corporation.

36.     JP Morgan Chase Bank N.A. or Select Portfolio are not listed anywhere in the Trust Agreement.

## SERVICING TRANSFERS OF THE LOANS

37.     On May 15, 2013, JP Morgan Chase Bank N.A. sent a letter to the Castellanos' informing them that servicing of their Loan was being transferred from JP Morgan Chase Bank, N.A. (Chase) to Select Portfolio Servicing effective June 1, 2013. See Exhibit 11

38.     On May 23, 2013, Select Portfolio sent a letter to the Castellanos informing them that the servicing of their Loan was being transferred from JP Morgan Chase Bank N.A. to Select Portfolio effective June 1, 2013. See Exhibit 12

## UNLAWFUL FORECLOSURE ACTIONS

39.     On January 19, 2011, Assistant Secretary, of California Reconveyance Corporation Colleen Irby, claiming to be Assistant Secretary for Mortgage Electronic Registration Systems, Inc., signed (the "First Assignment"). Mortgage Electronic Registration Systems, Inc., purports to grants assign and transfer to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset

9

Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3; with the Note and said
Deed of Trust. The First Assignment was notarized in Los Angeles County, California, where
California Reconveyance Company is located and where Colleen Irby worked. In addition, the
Assignment appears to be requested by California Reconveyance Company and to be returned
to California Reconveyance Company, 9200 Oakdale Avenue, Chatsworth, CA 91311. See a
certified copy recorded of the First Assignment, recorded on January 20, 2011 at Doc. No.
20110053802 is attached hereto as Exhibit 13.

40.     Bank of America, NA officially took over LaSalle Bank on October 1, 2007. There
are no assignment located in the County Recorder's Office indicating the subject Mortgage
Loan was transferred to the Trust. See: https://en.wikipedia.org/wiki/LaSalle_Bank

41.     The First Assignment of Deed of Trust purports to be assigning the subject Deed
of Trust and Note directly from Mortgage Electronic Registration System, Inc. in January 19,
2011; however, the legal Security Exchange Commission filings of the subject Trust cites the
Castellanos Mortgage Loan purportedly included in a pool of loans transferred from Encore
Credit, Originator, to EMC Mortgage Corporation, the Sponsor, to Bear Stearns Asset
Backed Securities I LL, the Depositor, to Bear Stearns Asset Backed Securities I Trust 2007-
HE3 on or about March 30, 2007. Pursuant to the Trust's legal document filed with the
Security Exchange Commission, Encore Credit Corp sold the Castellanos mortgage loan
about 4 years earlier. See:

**https://www.sec.gov/Archives/edgar/data/1392407/000088237707001158/d650522x4_1.ht**
**m**

42.     The named entity on the First Assignment does not appear to be the legal name of the Trust pursuant to the legal Security Exchange Commission filings. The name of the Trust appears to be Bear Stearns Asset Backed Securities I Trust 2007-HE3. See Exhibit 16.

43.     On information and belief, Ms. Irby is not an authorized Certifying Officer of MERS nor is she an employee of MERS; therefore, Ms. Irby had no authority to sign on behalf of MERS, and the First Assignment is invalid and void.

44.     The transfer as recorded in the Maricopa County Recorder's Office are void because the effective date of the transfer needed to occur in 2007 and not in 2011, in violation of both REMIC trust's Pooling and Servicing Agreements.

45.     Ms. Irby claiming to be Assistant Secretary of MERS as a standalone Assignor (not as a nominee) for any specific lender; only listing Bank of America, National Association as successor by merger to LaSalle Bank National Bank Association as the original lender and not the real party in interest; but obviously under the direction of California Reconveyance Company purports to transfer the Castellanos' note and Deed of Trust to a closed and dissolved, Bear Stearns Asset Backed Securities I Trust 2007-HE3. See Exhibit 4.

46.     There are no Assignments of Deed of Trust found recorded in the Maricopa County Public records indicating that Encore Credit Corporation assigned the Castellanos Mortgage Loan to any other entity before the closing date or within 90 days of March 30, 2007 of the subject Trust.

47.     In the alternative, if Ms. Irby is a MERS employee, then the First Assignment is invalid; MERS is located in Virginia, where the First Assignment was signed on May 18, 2011, and on the same day, Carla Dodd claims that Colleen Irby acknowledges before her Ms. Irby's signature, in California. This makes the document invalid under Arizona law. See Gardener v

Nationstar Mortgage, LLC No. 2:13-cv-1641-HRH: [Consolidated with No. 2:13-cv-2478-HRH] H. Russel Holland, United States Judge states, "Plaintiffs have stated a plausible claim that the person who signed the First Assignment was not authorized to do so on behalf of MERS."

48.     The Castellanos' Loan could have not been sold by Encore Credit Corp to other entities and transferred to the Trust in 2007 and also have been transferred by Mortgage Electronic Registration Systems, Inc. in 2011.

49.     The First Assignment is invalid and void, as a matter of fact, for the reasons alleged above. In addition, as sophisticated financial service providers, all Defendants knew or should have known of the information as to the true Note Holder/Lender and beneficiary; was knowingly false.

50.     On January 19, 2011, the exact date, Colleen Irby was the Assistant Secretary of MERS, when she signed the First Assignment, now Ms. Irby is the Vice President of California Reconveyance Company. Ms. Irby claims to be Vice President of Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholder of Bear Stearns Asset Backed Securities I LL, Asset-Backed Certificates, Series 2007-HE3 by EMC Mortgage Corporation As Attorney in Fact signed a Substitution of Trustee (the "First Substitution") substituting California Reconveyance Company as trustee under the Deed of Trust. The First Substitution was allegedly signed and notarized in Los Angeles California and was recorded on January 20, 2011 at Doc. No. 20110053803. A copy of the First Substitution is attached hereto as Exhibit 14.

51.     Under A.R.S. § 33-804 (D), the Substitution must be signed by "all beneficiaries under the trust deed or their agents as authorizing in writing..." Bank of America, National

12

Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LL, Asset-Backed Certificates, Series 2007-HE3 <u>by EMC Mortgage Corporation</u> is not the true beneficiary under the Deed of Trust, because Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholder of Bear Stearns Asset Backed Securities I LL, Asset-Backed Certificates, Series 2007-HE3 <u>by EMC Mortgage Corporation</u> is not the Lender. Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholder of Bear Stearns Asset Backed Securities I LL, Asset-Backed Certificates, Series 2007-HE3 <u>by EMC Mortgage Corporation</u> did not have the authority from the true beneficiaries to sign the Notice of Substitution. The recorded Notice of Substitution is therefore void.

52.     The First Notice of Substitution is also void because it depends, for its legality, on the validity of the First Assignment, which is void.

53.     The failure of California Reconveyance Company to confirm a default through the only entity which can declare, the Note/Holder/Lender, and the failure to provide the identity of the true beneficiary and the beneficiary's address, violates A.R. S. §33-807 (A); 33-808 (C) (5); which is a Arizona Revised Statute

54.     On January 19, 2011, California Reconveyance Company, through Petra Vasquez, Assistant Secretary, signed the First Notice of Trustee's Sale on behalf of the California Reconveyance Company. The First Notice of Trustee's Sale recorded on January 20, 2011 at Doc 20110053804, is attached hereto as Exhibit 15.

55.     Under A.R.S. § 33-808 (c) (5), the First Notice of Trustee's Sale must contain the name and address of the beneficiary. The Notice of Trustee's Sale prepared and recorded by

13

California Reconveyance Company, and according to Defendants the sought to foreclose on Plaintiffs' home, claimed that Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LL, Asset-Backed Certificates, Series 2007-HE3 <u>c/o JP Morgan Chase Bank, National Association.</u> The Defendants knew or should have known that Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholder of Bear Stearns Asset Backed Securities I LL, Asset-Backed Certificates, Series 2007-HE3 c/o <u>JP Morgan Chase Bank, National Association</u> could not be the true beneficiary as Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholder of Bear Stearns Asset Backed Securities I LL, Asset-Backed Certificates, Series 2007-HE3 <u>c/o JP Morgan Chase Bank National Association</u> had no legal relation to the Loan. To be a true beneficiary, that entity must also be the Note Holder and Lender, only that entity can be secured by the Deed of Trust.

56.     The Substitution indicates it's <u>by EMC Mortgage Corporation;</u> and the Notice of Trustee's Sale indicates c/o <u>JP Morgan Chase Bank, National Association;</u> which is misleading as EMC or JP Morgan cannot be true beneficiary and when it was not the Note Holder/Lender was false.

57.     All Defendants, as sophisticated financial service providers, knew or should have known of the conflicting information as to the true beneficiary, the representation that Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC,

14

Asset-Backed Certificate, Series 2007-HE3 c/o JP Morgan Chase Bank, National Association was the beneficiary, placed in the recorded Notice of Trustee Sale was knowingly false.

58.     The Lender never notified California in writing of an alleged default and of the Lender's election to foreclose on the Property, which is required under the Deed of Trust. California Reconveyance Company was therefore, not the agent of the Lender.  The Notice of Trustee's Sale is void.

59.     Since the First Assignment is invalid, the First Notice of Trustee's Sale which depends on the validity of the First Assignment is invalid as a matter of fact, the Notice of Trustee's Sale, which depends on the validity of the First Assignment and First Substitution, is also invalid.

60.     On information and belief, the Defendants lacked the authority to conduct the trustee's sale base on the First Assignment being invalid.

61.     In addition, the failure of California Reconveyance Company to confirm a default through the only entity which can declare, the Note Holder/Lender, and the failure to provide the identity of the true beneficiary and the beneficiary's address, violates, Arizona A. R. S. § 33-807(A); 33-808(C)(5).

62.     California Reconveyance Company in that Statement of Breach represents to the Castellanos that the debt/Loan was owed to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3 by JP Morgan Chase Bank, National Association. U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National

15

Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3 by JP Morgan Chase Bank, National Association was not then, or ever the true beneficiary or the Note/Holder/Lender. See Exhibit 14.

63.    On May 18, 2011, Assistant Secretary, of California Reconveyance Corporation Colleen Irby, claiming to be Assistant Secretary for Mortgage Electronic Registration Systems, Inc., signed (the "Second Assignment").  This assignment states the Assignment of Deed of Trust is being recorded to amend the grantee from the Assignment of Deed of Trust recorded on January 20, 2011, with the instrument number 201110053802.   Mortgage Electronic Registration Systems, Inc. purports to assign and transfers to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates Series 2007-HE3 together with the Deed of Trust and Note. The Second Assignment was notarized in Los Angeles County, California, where California Reconveyance Company is located and where Colleen Irby worked.

64.    In addition, the Second Assignment appears to be requested by California Reconveyance Company and to be returned to California Reconveyance Company, 9200 Oakdale Avenue, Chatsworth, CA 91311. See a certified copy recorded on May 19, 2011, at Do. No. 20110421683 is attached hereto as Exhibit 16.

65.    The name entity of the Assignment does not appear the legal name of the Trust pursuant to the legal SEC filings. The legal name of the Trust appears to be Bear Stearns Asset Backed Securities I Trust 2007-HE3.

66.     Ms. Irby claiming to be Assistant Secretary of MERS  as a standalone Assignor (not as a nominee) for any specific lender; only listing Bank of America, National Association as successor by merger to LaSalle Bank National Bank Association as the original lender and not the real party in interest; but obviously under the direction of California Reconveyance Company purports to transfer the Castellanos' note and Deed of Trust to a closed and dissolved, Bear Stearns Asset Backed Securities I Trust 2007-HE3. See Exhibit 4.

67.     On information and belief, Ms. Irby is not an authorized Certifying Officer of MERS nor is she an employee of MERS; therefore, she had no authority to sign on behalf of MERS, and because the First Assignment is invalid and void.

68.     If Ms. Irby is a MERS employee, then the Second Assignment is invalid; MERS is located in Virginia, where the Second Assignment was signed on May 18, 2011, and on the same day, Zelma Thorpe claims that Ms. Irby acknowledges before her Ms. Irby's signature, in California. This makes the document invalid The Second Assignment is invalid and void, for the reasons alleged above. Further, as sophisticated financial service providers, all Defendants knew or should have known of the information as to the true Lender.

69.     The Second Assignment is invalid and void, as a matter of fact, for the reasons alleged above, and since the First Assignment is invalid and void. Therefore, MERS had nothing to assign.

70.     On May 18, 2011, Colleen Irby, signed a Statement of Breach or Non-Performance (the Third Statement of Non-Performance). On the same day she signed the Second Assignment as Assistant Secretary.  Ms. Irby is an Officer for California Reconveyance Company, claiming to be the Attorney-in-fact for U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as

successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3 by JP Morgan Chase Bank, National Association, signed a Statement of Breach or Non-Performance (the Third Statement of Non-Performance).

71.     Under A.R.S. §33-809 (C), the Statement of Breach or Non-Performance must be signed by the beneficiary or its agent. The Statement of Breach of Non-Performance is signed by Colleen Irby of California Reconveyance Company. California Reconveyance Company claimed that the beneficiary under the Deed of Trust is U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3 by JP Morgan Chase Bank, National Association and California Reconveyance Company is the "agent" of U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3 by JP Morgan Chase Bank, National Association. California Reconveyance Company claims that there was a breach of the Deed of Trust, consisting of payment default in installments of principle and interest, and other amounts. California Reconveyance claimed that the beneficiary has "elects to sell or cause to be sold such property under the Deed of Trust." This Statement of Breach (the Third Statement of Breach of Non-Performance is void and invalid, as California Reconveyance Company was not the agent of the true beneficiary, which must also be the Note/Holder/Lender, the only

entity which can declare a default. A copy of the Statement of Breach or Non-Performance issued by California Reconveyance Company is attached hereto as Exhibit 20.

72.     California Reconveyance Company in that said Statement of Breach represents to the Plaintiffs that the debt/Loan was owed to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset-Backed Securities I LL, Asset-Backed Certificates, Series 2007-HE3 by JPMorgan Chase Bank, National Association.  U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset-Backed Securities I LL, Asset-Backed Certificates, Series 2007-HE3 by JPMorgan Chase Bank, National Association was not then, or ever the true beneficiary or the Note Holder/Lender. See Exhibit 17.

73.     On May 18, 2011, California Reconveyance Company, through Petra Vazquez, signed the Notice of Trustee's Sale (the "Second Notice of Trustee's Sale) on behalf of California Reconveyance. The Second Notice of Trustee's Sale claims that U.S. Bank National Association, As Trustee successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3 c/o JPMorgan Chase Bank, National Association is the beneficiary. A copy of the Second Notice of Trustee's Sale, recorded on May 19, 2011, at Doc. No. 20110421685, is attached hereto as Exhibit 18.

74.     Under A.R.S. § 33-808 (C) (5), the Notice of Trustee's Sale must contain the address of the beneficiary.  The Notice of Trustee's Sale prepared and recorded by California Reconveyance, and pursuant to which Defendants then sought to foreclose on Castellanos' home, claimed that U.S. Bank National Association, As Trustee successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3 c/o JPMorgan Chase Bank, National Association was the true beneficiary. The Defendants knew or should have known that U.S. Bank National Association, as Trustee successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3 c/o JPMorgan Chase Bank, National Association could not be the true beneficiary as U.S. Bank National Association, As Trustee successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3 c/o JPMorgan Chase Bank, National Association had no legal relation to the Loan. To be a true beneficiary, that entity must also be the Note Holder and Lender; only that entity can be secured by the Deed of Trust.

75.     The Lender never notified California in writing of an alleged default and of the Lender's election to foreclose on the Property, which is required under the Deed of Trust. California Reconveyance Company was therefore, not the agent of the Lender.  The Notice of Trustee's Sale is void

76.     Since the First Assignment is invalid, the Second Notice of Trustee's Sale which depends on the validity of the First Assignment is invalid as a matter of fact, the Notice of Trustee's Sale, which depends on the validity of the First Assignment and First Substitution, is also invalid.

77.     All Defendants, as sophisticated financial service providers, knew or should have known of the conflicting information as to the true beneficiary; the representation that U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3 by JP Morgan Chase Bank, National Association was the beneficiary, placed in the recorded in the Notice of Trustee Sale, was knowingly false.

78.     On May 19, 2011, California Reconveyance Company cancelled the First Notice of Trustee's Sale by recording a Cancellation of Trustee's Sale on January 20, 2011, at Doc. No. 20110421682. See Exhibit 19.

79.     On  January 30, 2012, Vice President of JP Morgan Bank, NA Natasha Price, claiming to be Vice President of MERS, signed an Assignment (the "Third Assignment") as nominee for Encore Credit., its successors and assigns,  transfers any rights due become thereon to U.S. Bank National Association, as Trustee, Successor in interest to Bank of America, National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LL, Asset-Backed Certificates Series 2007-HE3, together with Deed of Trust and Note. The Third Assignment was notarized in Florida, where JP Morgan Chase Bank, NA is located and where Natasha Price works for JP Morgan Chase Bank NA. The Third Assignment was

21

recorded on February 10, 2012, at Doc. No. 0111453. A certified copy of the Second

Assignment is attached hereto as Exhibit 20.

80.     On information and belief, Natasha Price is not an authorized Certifying Officer

of MERS nor is she an employee of MERS; therefore, she had no authority to sign on behalf

of MERS, and the Third Assignment is invalid and void.

81.     The Third Assignment of Deed of Trust is in direct conflict with legal Security

Exchange Commission for filings for the Bear Stearns Asset Backed Securities I Trust 2007-

HE3 in which the Castellanos mortgage loan was purportedly included in a pool that was

transferred to the Trust on or about March 30, 2007.

82.     At the time the Third Assignment was purportedly executed, Encore Credit Corp

was no longer in business.  In 2007, Encore Credit Corporation was acquired by Bear Stearns

Residential Mortgage Corporation. The Bear Stearns Companies, Inc., was a New York-

based global investment bank, securities trading and brokerage firm that failed in 2008 and

was subsequently sold to JP Morgan Chase Bank, National Associate. See email from FDIC

responding to Plaintiff-Exhibit 21.

83.     In the alternative, if Natasha Price is a MERS employee, then the Assignment is

invalid; MERS is located in Virginia, where the Assignment was signed January 30, 2012.

On the same day, Miranda Avila claims that Natasha Price acknowledges before her, Natasha

Price signature in Florida. This renders the document invalid under the Arizona Law.

84.     On information and belief, the Third Assignment was prepared by E. Lance from

Nationwide Title Clearing. In the deposition of Erika Lance, Senior Vice President for

Administration for Nationwide Title Clearing, Lance stated under oath that signors did not

research any of the information in the Assignment and that they would sign a couple

22

thousand documents a day. Erica Lance stated that they would use the address of the
company that the signer was signing for even though the signer was physically located in
Florida at the office of Nationwide Title Clearing. Nationwide Title Clearing employed many
known Robo-signers such as Bryan Bly and Crystal Moore.

http://stopforeclosurefraud.com/wp-content/uploads/2010/09/WM_FULL-DEPOSITION-
TRANSCRIPT-ON-NATIONWIDE-TITLE-CLEARING ERICALANCE-BRYAN-BLY.pdf

85.     The Third Assignment is invalid and void, as matter of fact, for the reasons
alleged above, and since the First Assignment and Second Assignment is invalid and void.
Therefore, Encore had nothing to assign.

86.     As sophisticated financial service providers, all Defendants knew or should have
known that none of them were the true Note Holder/Lender, and the representation in the
Third Assignment that as nominee for Encore Credit., its successors and assigns,  transfers
and any rights due become thereon to U.S. Bank National Association, as Trustee, Successor
in interest to Bank of America, National Association as Successor by Merger to LaSalle
Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed
Securities I LL, Asset-Backed Certificates Series 2007-HE3, together with Deed of Trust and
Note transferred the Deed of Trust when it was not the Note Holder/Lender, was knowingly
false.

87.     On February 16, 2012, California Reconveyance Company cancelled the Second
Notice of Trustee's Sale by recording a Cancellation of Trustee's Sale on May 2011, at Doc.
No. 20120130438.

88.     On February 16, 2012, California Reconveyance Company, through Petra
Vazquez Assistant Secretary, signed the Notice of Trustee's Sale (the "Second Notice of

Trustee's Sale) on behalf of California Reconveyance. The Second Notice of Trustee's Sale

claims that U.S. Bank National Association, As Trustee successor in interest to Bank of

America, National Association as successor by merger to LaSalle Bank National Association,

as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-

Backed Certificates, Series 2007-HE3 c/o JPMorgan Chase Bank, National Association is the

beneficiary. A copy of the Second Notice of Trustee's Sale, recorded on February 16, 2012,

at Doc. No. 20120130439, is attached hereto as Exhibit 22.

89.      Under A.R.S. § 33-808 (C) (5), the Notice of Trustee's Sale must contain the

address of the beneficiary.  The Notice of Trustee's Sale prepared and recorded by California

Reconveyance, and pursuant to which Defendants then sought to foreclose on Castellanos'

home, claimed that U.S. Bank National Association, As Trustee successor in interest to Bank

of America, National Association as successor by merger to LaSalle Bank National

Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC,

Asset-Backed Certificates, Series 2007-HE3 c/o JPMorgan Chase Bank, National

Association was the beneficiary. The Defendants knew and should have known that U.S.

Bank National Association, As Trustee successor in interest to Bank of America, National

Association as successor by merger to LaSalle Bank National Association, as Trustee for

Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates,

Series 2007-HE3 c/o JPMorgan Chase Bank, National Association could not be the true

beneficiary as U.S. Bank National Association, As Trustee successor in interest to Bank of

America, National Association as successor by merger to LaSalle Bank National Association,

as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-

Backed Certificates, Series 2007-HE3 c/o JPMorgan Chase Bank, National Association had

24

no legal relation to the Loan. To be a true beneficiary, that entity must also be the Note/Holder and Lender; only that entity can be secured by the Deed of Trust.

90.    Under A.R.S. § 33-809 (C), the Statement of Breach of Non-Performance must be signed by the beneficiary or its agent. The Statement of Breach or Non-Performance is signed by Collen Irby, Vice President for California Reconveyance Company, as attorney in fact for U.S. Bank, National Association, As Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, As Trustee for Certificateholders of Bear Stearns Asset-Backed Securities I LLC, Asset-Backed Certificate, Series 2007-HE3, by JP Morgan Chase Bank, National Association. The document fails to name the true beneficiary. To be a true beneficiary, that entity must be also be the Note Holder and Lender; one whose benefits the trust deed was given. Only the Lender can secure by the Deed of Trust. See Exhibit 23.

91.    Since the First Assignment is invalid, the Second Notice of Trustee's Sale which depends on the validity of the First Assignment is invalid as a matter of face, the Notice of Trustee's Sale, which depends on the validity of the First Assignment.

92.    On October 8, 2012, California Reconveyance Company cancelled the Third Notice of Trustee's Sale by recording a Cancellation of Trustee's Sale on February 16, 2016, Doc. No. 20120911536.

93.    On May 15, 2013, JP Morgan Chase Bank N.A. sent a letter to the Castellanos' informing them that servicing of their Loan was being transferred from JP Morgan Chase Bank, N.A. (Chase) to Select Portfolio Servicing effective June 1, 2013. See Exhibit 11

94.    On May 23, 2013, Select Portfolio Servicing sent a letter to the Castellanos informing them that the servicing of their Loan was being transferred.

25

95.     Under Section 131 of the Truth in Lending Act (15 U.S.C. 1641) is amended by adding: NOTICE OF NEW CREDITOR---"(1) IN GENERAL.---In addition to other disclosures required by this title, not later than 30 days on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including--- (A) the identity, address, telephone number of the new creditor (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor. On information and belief, Select Portfolio Servicing and JP Morgan Chase Bank N.A. failed to identify the creditor, its  address,  and telephone number, and where the location of the place where the transfer of ownership of the debt is recorded; which is required Under Section 131 of the Truth in Lending Act (15 U.S. C 1641). A copy of the letter sent by Select Portfolio is attached hereto as Exhibit 12.

96.     On August 8, 2013, Select Portfolio Servicing sent the Castellanos' a 30-day notice of default right to cure letter. This letter acknowledges that Select Portfolio is the servicer of the Loan. The letter informs the Castellanos', falsely that their debt is owed to "U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3. A copy of the August 8, 2013, letter from Select Portfolio (the "30-Day Notice of Default Right to Cure') is attached hereto as Exhibit 24.

97.     The 30-Day Notice of Default Right to Cure told the Castellanos that they were in default for failure to make payments when due, and that they had 30 days to bring the default current. The letter states, "Select Portfolio Servicing may initiate foreclosure and require

immediate payments in full of the entire outstanding unpaid amount on the account. In other words, Select Portfolio may accelerate all payments owing and sums secured by the Security Instrument." See exhibit 25.

98.     Under the Deed of Trust, only the Lender can declare a default and write to the borrower giving 30-days' notice to cure. Under the Deed of Trust, only the Lender can accelerate the balance of the Note, and elect to foreclose. Select Portfolio was not and has not been the Lender, nor is Select Portfolio the agent of the Lender.

99.     The Lender's rights and duties under the Deed of Trust are non-delegable unless the Deed of Trust expressly states otherwise.

100.    On October 24, 2013, Select Portfolio Servicing sent the Castellanos' a 30-day notice of default right to cure letter. This letter acknowledges that Select Portfolio is the servicer of the Loan. The letter informs the Castellanos', falsely that their debt is owed to "U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3. A copy of the August 8, 2013, letter from Select Portfolio (the "30-Day Notice of Default Right to Cure') is attached hereto as Exhibit 25.

101.    The 30-Day Notice of Default Right to Cure told the Castellanos that they were in default for failure to make payments when due, and that they had 30 days to bring the default current. The letter states, "Select Portfolio may initiate foreclosure and require immediate payments in full of the entire outstanding unpaid amount on the account. In other words, Select Portfolio may accelerate all payments owing and sums secured by the Security Instrument." See exhibit 26.

102.     Under the Deed of Trust, only the Lender can declare a default and write to the borrower giving 30-days' notice to cure. Under the Deed of Trust, only the Lender can accelerate the balance of the Note, and elect to foreclose. Select Portfolio was not and has not been the Lender, nor is Select Portfolio the agent of the Lender.

103.     The Lender's rights and duties under the Deed of Trust are non-delegable unless the Deed of Trust expressly states otherwise.

104.     On April 8, 2014, Quality Loan Service Corporation recorded a Substitution of Trustee (the "Third Substitution), substituting Quality Loan Service Corporation under the Deed of Trust. Quality Loan Service purports to have authority to sign the Third Notice of Substitution of Trustee in its alleged role as the beneficiary under the Deed of Trust. Jaime Gilson Document Control Officer for Quality Loans Service, claiming to be Select Portfolio, Inc., as Attorney in Fact for U.S. Bank N.A., successor Trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificateholders Series 2007-HE3 signed the Third Notice of Substitution of Trustee on March 27, 2014; his signature was notarized in Utah that day. A copy of the Third Substitution is attached hereto as Exhibit 26.

105.     Under A.R.S. § 33-804 (D), the Third Substitution must be signed by "all beneficiaries under the trust deed or their agents as authorized in writing..." Quality Loan Service Corporation is not the true beneficiary under the Deed of Trust, since Quality Loan Servicing is not the Lender. Quality Loan Service Corporation did not have the authority from the true beneficiary or beneficiaries, to sign the Third Notice of Substitution of Trustee. The recorded Third Notice of Substitution of Trustee is therefore void.

106.     As sophisticated financial service providers, all Defendants knew or should have known of the conflicting information as the true beneficiary and the law defining the beneficiary as the one whose benefit the trust deed is given. The representation that Quality Loans Service Corporation was the beneficiary, placed in the Third Notice of Substitution of Trustee, was knowingly false.

107.     The Third Notice of Substitution of Trustee is invalid and void since it depends on the void and invalid of the First, Second, and Third Assignments for its own validity. It is also void and invalid since Quality Loans Service is not the true beneficiary under the Deed of Trust, and Quality Loans Service Corporation is not the Lender.

108.     In addition, On April 14, 2014, Quality Loans Service Corporation  recorded a Notice of Trustee's Sale (the "Third Notice of Trustee Sale), setting a sale date of July 21, 2014 on the Castellanos' Property. The Third Notice of Trustee's Sale that Quality Loans in San Diego, California is the beneficiary. The Third Notice of Trustee's Sale is signed by Dorian Bradley, Assistant Secretary for Quality Loan Service Corporation, and her signature was notarized by Ashley Maxwell in San Diego County. A copy of the Third Notice of Trustee's Sale is attached hereto as Exhibit 27.

109.     Under A.R.S. § 33-808 (C) (5), the Notice of Trustee's Sale must contain the name and address of the beneficiary. The Third Notice of Trustee's Sale prepared and recorded by Quality Loan Service Corporation and pursuant to which Defendants seek to foreclose on Castellanos' home, claims that Quality Loan Service Corporation is the beneficiary. The Defendants knew or should have known that Quality Loan Service Corporation cannot be the true beneficiary as Quality Loan Service is a Corporation which officers  non-judicial foreclosure processing. To be a true beneficiary, that entity must also be

29

the Note Holder and Lender; the one for whose benefits the trust deed was given. Only the Lender can be secured by the Deed of Trust.

110.     Under A.R.S. § 33-809 (C), the Statement of Breach of Non-Performance must be signed by the beneficiary or its agent. The Statement of Breach or Non-Performance is signed by Dorian Bradley, Assistance Secretary for Quality Loans, and it indicated U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed-Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007- HE3, by Quality Loan Service Corp., as agent. The document fails to name the true beneficiary. To be a true beneficiary, that entity must be also be the Note Holder and Lender; one whose benefits the trust deed was given. Only the Lender can secure by the Deed of Trust. See Exhibit 2.

111.     Under A.R.S. § 33-809 (E), the Statement of Breach of Non-Performance must indicated the unpaid principal balance of the note or other obligation which is secured by the deed of trust. The Statement of Breach of Non-Performance failed to indicate the principal balance of the note or other obligation which is secured by the deed of trust. See Exhibit 30.

112.     This Statement of Breach of Non-Performance is void and invalid since Quality Loan Service Corporation was not the agent of the true beneficiary, which must also be the Note Holder/Lender, the only entity which can declare a default.

113.     All Defendants, as sophisticated financial service providers, knew or should have known of the conflicting information as the true beneficiary; the representation that Quality Loan Service Corporation was the beneficiary, placed in the recorded Third Notice of Trustee Sale, was knowingly false.

114.     The Lender never notified Quality Loan Service Corporation in writing of an alleged default and of the Lender's election to foreclose on the Castellanos' Property, which is required under the Deed of Trust. Quality Loan Service Corporation violated Arizona Statue in failing to confirm a default through the only entity which can declare a default, the Note Holder/Lender, before initiating a trustee's sale. A.R. S. § 33-807 (A).

115.     Quality Loan Service Corporation was not properly appointed Trustee under the Deed of Trust, and has not received any written instruction from the Lender regarding default or election to foreclose. Quality Loan Service Corporation is; therefore, not the agent of the Lender.

116.     Quality Loan Service Corporation violated the Deed of Trust and A.R.S. § 33-807 (A) by declaring default. Quality Loan Service Corporation was not acting as the agent of the true Note Holder/Lender.

117.     The Third Notice of Trustee's Sale is void, as a matter of fact. The Third Notice of Trustee's Sale was initiated in breach of the contract and statutes, including but not limited to A.R.S. § 807 (A), A.R.S. § 808 (C) (5), and A.R.S. § 809 (C).

118.     Since the First, Second, and Third Assignments are invalid, the Third Notice of Substitution of Trustee which depends on the validity of the First, Second, and Third Assignment is also invalid. In addition, the Third Notice of Trustee's Sale, which depends on the validity of the First, Second, and Third Assignments is also invalid.

119.     Quality Loan Service Corporation did not comply with its duties required by the Deed of Trust set forth in the statues. Quality Loan Service Corporation breached its duties and obligations under the Deed of Trust by initiating foreclosure without a written declaration of default, acceleration, and election to foreclose, from the Lender. Quality Loan

Service Corporation knew or should have known that the true beneficiary was not U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed-Securities I Trust 2007- HE3, Asset-Backed Certificates Series 2007-HE3., did not receive authority from the true beneficiary, to sign the Statement of Breach.

120.    Quality Loan Service Corporation, violated without limitation, the term of the Deed of Trust and A.R. S. § 33-807 (A) and (E); A.R.S. § 33-808 (C) (5); A.R.S. § 33-809 (C); & A.R.S. § 33-801 (10).

121.    Since there are multiple breaches of the Note and Deed of Trust by the Defendants, as well as the numerous defects with the Notice of Trustee's Sale documents under the statute, the Notice of Trustee's Sale is irreparable defective.

122.    The foreclosure sale was improperly initiated by Select Portfolio, Quality Loan, and U.S. Bank, N.A., successor to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3, without being the Note Holder/Lender or the agent of the Note Holder/Lender, in breach of the Note and Deed of Trust, and the statutes.

123.    On November 24, 2014, Select Portfolio Servicing sent the Castellanos' a 30-day notice of default right to cure letter. This letter acknowledges that Select Portfolio is the servicer of the Loan. The letter informs the Castellanos', falsely that their debt is owed to "U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3. A copy of the August 8, 2013, letter from Select Portfolio (the "30-Day Notice of Default Right to Cure') is attached hereto as Exhibit 29.

32

124.     The 30-Day Notice of Default Right to Cure told the Castellanos that they were in default for failure to make payments when due, and that they had 30 days to bring the default current. The letter states, "Select Portfolio may initiate foreclosure and require immediate payments in full of the entire outstanding unpaid amount on the account. In other words, Select Portfolio may accelerate all payments owing and sums secured by the Security Instrument." See exhibit 29.

125.     Under the Deed of Trust, only the Lender can declare a default and write to the borrower giving 30-days' notice to cure. Under the Deed of Trust, only the Lender can accelerate the balance of the Note, and elect to foreclose. Select Portfolio was not and has not been the Lender, nor is Select Portfolio the agent of the Lender.

126.     The Lender's rights and duties under the Deed of Trust are non-delegable unless the Deed of Trust expressly states otherwise.

127.     On October 30, 2015, Quality Loan Service Corporation recorded a Substitution of Trustee (the "Fourth Substitution), substituting Quality Loan Service Corporation under the Deed of Trust. Quality Loan Service purports to have authority to sign the Fourth Notice of Substitution of Trustee in its alleged role as the beneficiary under the Deed of Trust. Stephanie Stoddard signed as Document Control Officer for Quality Loans Service, claiming to be Select Portfolio, Inc., As Attorney in Fact for U.S. Bank N.A., successor Trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificateholders Series 2007-HE3. The Fourth Notice of Substitution of Trustee on March October 20, 2014; her signature was notarized in Utah that day. A copy of the Fourth Substitution is attached hereto as Exhibit 30.

128.     Under A.R.S. § 33-804 (D), the Fourth Substitution must be signed by "all beneficiaries under the trust deed or their agents as authorized in writing…" Quality Loan Service Corporation is not the true beneficiary under the Deed of Trust, since Quality Loan Servicing is not the Lender. Quality Loan Service Corporation did not have the authority from the true beneficiary or beneficiaries, to sign the Fourth Notice of Substitution of Trustee. The recorded Fourth Notice of Substitution of Trustee is therefore void.

129.     As sophisticated financial service providers, all Defendants knew or should have known of the conflicting information as the true beneficiary and the law defining the beneficiary as the one whose benefit the trust deed is given. The representation that Quality Loans Service Corporation was the beneficiary, placed in the Fourth Notice of Substitution of Trustee, was knowingly false.

130.     The Fourth Notice of Substitution of Trustee is invalid and void since it depends on the void and invalid of the First, Second, and Third Assignments for its own validity. It is also void and invalid since Quality Loans Service is not the true beneficiary under the Deed of Trust, and Quality Loans Service Corporation is not the Lender.

131.     In addition, on October 30, 2015, Quality Loans Service Corporation  recorded a Notice of Trustee's Sale (the "Fourth Notice of Trustee Sale), setting a sale date of February 8, 2016 on the Castellanos' Property. The Fourth Notice of Trustee's Sale states that Quality Loans in San Diego, California is the beneficiary. The Fourth Notice of Trustee's Sale is signed by Dorian Bradley, Assistant Secretary for Quality Loan Service Corporation, and her signature was notarized by Courtney Patania in San Diego County. A copy of the Fourth Notice of Trustee's Sale is attached hereto as Exhibit 31.

34

132.    Under A.R.S. § 33-808 (C) (5), the Notice of Trustee's Sale must contain the name and address of the beneficiary. The Fourth Notice of Trustee's Sale prepared and recorded by Quality Loan Service Corporation and pursuant to which Defendants seek to foreclose on Castellanos' home, claims that Quality Loan Service Corporation is the beneficiary. The Defendants knew or should have known that Quality Loan Service Corporation cannot be the true beneficiary as Quality Loan Service is a Corporation which offers non-judicial foreclosure processing. To be a true beneficiary, that entity must also be the Note Holder and Lender; the one for whose benefits the trust deed was given. Only the Lender can be secured by the Deed of Trust.

133.    Under A.R.S. § 33-809 (C), the Statement of Breach of Non-Performance must be signed by the beneficiary or its agent. The Statement of Breach or Non-Performance is signed by Dorian Bradley, Assistance Secretary for Quality Loans, and it indicated U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed-Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007- HE3, by Quality Loan Service Corp., as agent. The document fails to name the true beneficiary. To be a true beneficiary, that entity must be also be the Note Holder and Lender; one whose benefits the trust deed was given. Only the Lender can secure by the Deed of Trust. See Exhibit 32

134.    Under A.R.S. § 33-809 (E), the Statement of Breach of Non-Performance must indicate the unpaid principal balance of the note or other obligation which is secured by the deed of trust. The Statement of Breach of Non-Performance failed to indicate the principle balance of the note or other obligation which is secured by the deed of trust. See Exhibit 34.

135.    This Statement of Breach of Non-Performance is void and invalid since Quality Loan Service Corporation was not the agent of the true beneficiary, which must also be the Note Holder/Lender, the only entity which can declare a default.

136.    All Defendants, as sophisticated financial service providers, knew or should have known of the conflicting information as the true beneficiary; the representation that Quality Loan Service Corporation was the beneficiary, placed in the recorded Fourth Notice of Trustee Sale, was knowingly false.

137.    The Lender never notified Quality Loan Service Corporation in writing of an alleged default and of the Lender's election to foreclose on the Castellanos' Property, which is required under the Deed of Trust. Quality Loan Service Corporation violated Arizona Statutes in failing to confirm a default through the only entity which can declare a default, the Note Holder/Lender, before initiating a trustee's sale. A.R. S. § 33-807 (A).

138.    Quality Loan Service Corporation was not properly appointed Trustee under the Deed of Trust, and has not received any written instruction from the Lender regarding default or election to foreclose. Quality Loan Service Corporation is; therefore, not the agent of the Lender.

139.    Quality Loan Service Corporation violated the Deed of Trust and A.R.S. § 33-807 (A) by declaring default. Quality Loan Service Corporation was not acting as the agent of the true Note Holder/Lender.

140.    Also this makes the Fourth Notice of Trustee's Sale void. The Fourth Notice of Trustee's Sale was initiated in breach of the contract and statutes, including but not limited to A.R.S. § 807 (A), A.R.S. § 808 (C) (5), and A.R.S. § 809 (C).

36

141.    Since the First, Second, and Third Assignments are invalid, the Fourth Notice of Substitution of Trustee which depends on the validity of the First, Second, and Third Assignment is also invalid. In addition, the Fourth Notice of Trustee's Sale, which depends on the validity of the First, Second, and Third Assignments is also invalid.

142.    Quality Loan Service Corporation did not comply with its duties required by the Deed of Trust set forth in the statutes. Quality Loan Service Corporation breached its duties and obligations under the Deed of Trust by initiating foreclosure without a written declaration of default, acceleration, and election to foreclose, from the Lender. Quality Loan Service Corporation knew or should have known that the true beneficiary was not U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed-Securities I Trust 2007- HE3, Asset-Backed Certificates Series 2007-HE3., did not receive authority from the true beneficiary, to sign the Statement of Breach.

143.    Quality Loan Service Corporation, violated without limitation, the term of the Deed of Trust and A.R. S. § 33-807 (A) and (E); A.R.S. § 33-808 (C) (5); A.R.S. § 33-809 (C); & A.R.S. § 33-801 (10).

144.    Since there are multiple breaches of the Note and Deed of Trust by the Defendants, as well as the numerous defects with the Notice of Trustee's Sale documents under the statute, the Notice of Trustee's Sale is irreparable defective.

145.    The foreclosure sale was improperly initiated by Select Portfolio, Quality Loan, and U.S. Bank, N.A., successor to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed

Certificates Series 2007-HE3, without being the Note Holder/Lender or the agent of the Note
Holder/Lender, in breach of the Note and Deed of Trust, and the statutes.

146.     On January 12, 2016, California Reconveyance Company cancelled the Third
Notice of Trustee's Sale by recording a Cancellation of Trustee's Sale on October 30, 2015,
Doc. No. 20120911536. See Exhibit 33.

147.     On October 30, 2015, Quality Loan Service Corporation recorded a Substitution
of Trustee (the "Fifth Substitution), substituting Quality Loan Service Corporation under the
Deed of Trust. Quality Loan Service purports to have authority to sign the Fourth Notice of
Substitution of Trustee in its alleged role as the beneficiary under the Deed of Trust.
Stephanie Stoddard Document Control Offer for Quality Select Portfolio, claiming, As
Attorney in Fact for U.S. Bank N.A., successor Trustee to LaSalle Bank National
Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-
HE3, Asset-Backed Certificateholders Series 2007-HE3 signed the Fifth Notice of
Substitution of Trustee on October 20, 2015; her signature was notarized in Utah that day. A
copy of the Fourth Substitution is attached hereto as Exhibit 34.

148.     Under A.R.S. § 33-804 (D), the Fifth Substitution must be signed by "all
beneficiaries under the trust deed or their agents as authorized in writing..." Quality Loan
Service Corporation is not the true beneficiary under the Deed of Trust, since Quality Loan
Servicing is not the Lender. Quality Loan Service Corporation did not have the authority
from the true beneficiary or beneficiaries, to sign the Fifth Notice of Substitution of Trustee.
The recorded Fourth Notice of Substitution of Trustee is therefore void.

149.     As sophisticated financial service providers, all Defendants knew or should have
known of the conflicting information as the true beneficiary and the law defining the

38

beneficiary as the one whose benefit the trust deed is given. The representation that Quality

Loans Service Corporation was the beneficiary, placed in the Fifth Notice of Substitution of

Trustee, was knowingly false.

150.     The Fifth Notice of Substitution of Trustee is invalid and void since it depends on

the void and invalid of the First, Second, and Third Assignments for its own validity. It is

also void and invalid since Quality Loans Service is not the true beneficiary under the Deed

of Trust, and Quality Loans Service Corporation is not the Lender.

151.     In addition, On January 15, 2016, Quality Loans Service Corporation  recorded a

Notice of Trustee's Sale (the "Fifth Notice of Trustee Sale), setting a sale date of April 19,

2016 on the Castellanos' Property. The Fourth Notice of Trustee's Sale states that Quality

Loans in San Diego, California is the beneficiary. The Fourth Notice of Trustee's Sale is

signed by Michelle Brodowitz, Assistant Secretary for Quality Loan Service Corporation,

and her signature was notarized by Courtney Patania in San Diego County. A copy of the

Fifth Notice of Trustee's Sale is attached hereto as Exhibit 35.

152.     Under A.R.S. § 33-808 (C) (5), the Notice of Trustee's Sale must contain the

name and address of the beneficiary. The Fifth Notice of Trustee's Sale prepared and

recorded by Quality Loan Service Corporation and pursuant to which Defendants seek to

foreclose on Castellanos' home, claims that Quality Loan Service Corporation is the

beneficiary. The Defendants knew or should have known that Quality Loan Service

Corporation cannot be the true beneficiary as Quality Loan Service is a Corporation which

offers non-judicial foreclosure processing. To be a true beneficiary, that entity must also be

the Note Holder and Lender; the one for whose benefits the trust deed was given. Only the

Lender can be secured by the Deed of Trust.

153.     Under A.R.S. § 33-809 (C), the Statement of Breach of Non-Performance must be signed by the beneficiary or its agent. The Statement of Breach or Non-Performance is signed by Dorian Bradley, Assistance Secretary for Quality Loans, and it indicated U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed-Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007- HE3, by Quality Loan Service Corp., as agent. The document fails to name the true beneficiary. To be a true beneficiary, that entity must be also be the Note Holder and Lender; one whose benefits the trust deed was given. Only the Lender can secure by the Deed of Trust. See Exhibit 36.

154.     Under A.R.S. § 33-809 (E), the Statement of Breach of Non-Performance must indicate the unpaid principal balance of the note or other obligation which is secured by the deed of trust. The Statement of Breach of Non-Performance failed to indicate the principal balance of the note or other obligation which is secured by the deed of trust. See Exhibit 38.

155.     This Statement of Breach of Non-Performance is void and invalid since Quality Loan Service Corporation was not the agent of the true beneficiary, which must also be the Note Holder/Lender, the only entity which can declare a default.

156.     All Defendants, as sophisticated financial service providers, knew or should have known of the conflicting information as the true beneficiary; the representation that Quality Loan Service Corporation was the beneficiary, placed in the recorded Fifth Notice of Trustee Sale, was knowingly false.

157.     The Lender never notified Quality Loan Service Corporation in writing of an alleged default and of the Lender's election to foreclose on the Castellanos' Property, which is required under the Deed of Trust. Quality Loan Service Corporation violated Arizona

Statutes in failing to confirm a default through the only entity which can declare a default, the Note Holder/Lender, before initiating a trustee's sale. A.R. S. § 33-807 (A).

158.      Quality Loan Service Corporation was not properly appointed Trustee under the Deed of Trust, and has not received any written instruction from the Lender regarding default or election to foreclose. Quality Loan Service Corporation is; therefore, not the agent of the Lender.

159.      Quality Loan Service Corporation violated the Deed of Trust and A.R.S. § 33-807 (A) by declaring default. Quality Loan Service Corporation was not acting as the agent of the true Note Holder/Lender

160.      The Fifth Notice of Trustee's Sale is void, as a matter of fact. The Fifth Notice of Trustee's Sale was initiated in breach of the contract and statutes, including but not limited to A.R.S. § 807 (A), A.R.S. § 808 (C) (5), and A.R.S. § 809 (C).

161.      Since the First, Second, and Third Assignments are invalid, the Fifth Notice of Substitution of Trustee which depends on the validity of the First, Second, and Third Assignment is also invalid. In addition, the Fifth Notice of Trustee's Sale, which depends on the validity of the First, Second, and Third Assignments is also invalid.

162.      On April 10, 2016 Plaintiff submitted an Affidavit of Truth and Notice of Unlawful foreclosure Actions to Select Portfolio, Quality Loan Servicing Corporation, U.S. Department of Housing & Urban Development, Department of Justice, Office of the Comptroller of Currency, and Arizona Attorney General. In that Affidavit, Plaintiff make reference to a recorded Deed of Release which has been released by the Deed of Release. See Exhibit 37.

163.     On May 4, 2016, Jamin, S. Neil, Attorney of Wright Finlay & Zak representing Select Portfolio responded to the Affidavit stating Deed of Trust recorded on February 7, 2007 as Instrument No. 2007-0156567 was not released. In addition, Ms. Neil states, Select Portfolio foreclosure may proceed. See Exhibit 38.

### PROPER NOTICE OF PENDING FORELCOSURE WAS NOT PROVIDED

164.     Plaintiffs contend that Defendants did not have the right to foreclosure on the Property because Defendants, failed to provide proper notice.

165.     Arizona Law requires very specific notice to be provided before foreclosing on a property

166.     Defendants did not follow these requirements, As such, an actual and justifiable controversy has arisen

167.     On July 21, 2016, a sign was posted on Plaintiffs front door. That notice indicated, "Property was now under the management of JM Realty LLC 4902 E. McDowell Road # 103Z/Phoenix, AZ 85008. It further stated to call Joseph Mahoney at 480.785.5612 for more information or invent of Emergency. Please respond within 7 days from this date_____. See Exhibit 39.

168.     The Castellanos were informed by JM Realty LLC that their home had been sold on July 20, 2016. Yet; the Plaintiffs were never aware of this pending sale. They were deprived of their rights.  Furthermore, the Plaintiffs were not aware where the notification of the pending sale was mailed to.

169.     Plaintiff became aware that the postponement letter was sent to California after they filed a complaint with the Arizona Attorney General.

170.    Under A.R.S. § 33-809 (C) The trustee, within five business days after the recordation of a notice of sale, shall mail by certified or registered mail, with postage prepaid, a copy of the notice of sale to each of the persons who were parties to the trust deed except the trustee.  The copy of the notice mailed to the parties need not show the recording date of the notice. The notice sent pursuant to this subsection shall be addressed to the mailing address specified in the trust deed. Defendant, Select Portfolio and Defendant Quality Loans failed to notify Plaintiffs of postponement of pending sale of property. Especially when all other correspondence had been mailed to Plaintiffs address 16405 S. 43rd Place Phoenix, AZ 85048; except the postponement letter of pending sale of Plaintiffs home. Plaintiffs were deprived of their due process and were ejected from their home. As noted on all the exhibits, all documents were sent to Plaintiffs address 16405 S. 43rd Place Phoenix, AZ 85048.

171.    Defendants did not follow these requirements under A.R.S. § 33-809 (C).

172.    On January 9, 2017, at the time of the Emergency Motion to Writ of Restitution, Plaintiff did not have the information from the Office of the District Attorney Orange County, California.  Plaintiffs received it on March 23, 2017. Such letter indicates, "The Orange County District Attorney's Office investigated a fraudulent loan modification company by the Name of National Preservation Center.........On March 16, 2016, the Orange County District Attorney's Office served a search warrant upon the location... As a result of the investigation, NPC was dismantled and no longer operating as of this date." Therefore the letter Select Portfolio Servicing sent on July 1, 2016 was not accepted at that location. The letter from the Office of the District Attorney further states, "I was made aware by the UPS center management that they were no longer maintaining correspondence on

NPC's behalf. Defendants continue to intentionally mislead the court in an effort to unjustly enrich themselves in taking Plaintiff's home when they knew, or should have known, at the inception of the sale that the First, Second, and Third Assignments are invalid, the Fifth Notice of Substitution of Trustee which depends on the validity of the First, Second, and Third Assignment is also invalid. In addition, the Fifth Notice of Trustee's Sale, which depends on the validity of the First, Second, and Third Assignments is also invalid. And, also where Defendants mailed the notice of pending postponement of sale was not Plaintiff's address. See Exhibit 40-Emergency Motion of Writ Restitution; See Exhibit 41 Letter form Office of District Attorney; See Letter Sent to 13217 Jamboree Road, Suite 540, California 92782-Exhibit 42

173.    As sophisticated financial service providers, all Defendants knew or should have known Plaintiffs were not going to receive the postponement of the sale if it was mailed to California a place where Plaintiffs have never resided. Defendants were aware that all prior correspondence had been mailed to Plaintiffs address at 16405 S. 43rd Place, Phoenix, Arizona.

174.    The foreclosure sale was improperly initiated and conducted by Select Portfolio, Quality Loan, and U.S. Bank, N.A., successor to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3, without being the Note Holder/Lender or the agent of the Note Holder/Lender, in breach of the Note and Deed of Trust, and the statutes.

175.    Defendants intentionally participated in unlawful activities by conducting Foreclosure and theft on Plaintiffs property at 16405 S. 43rd Place, Phoenix, AZ 85048.

176.    Plaintiffs believe that Defendants, California Reconveyance Company, Select Portfolio, Quality Loan Servicing have a policy and or practice of:

a.    Proceeding on a foreclosure without legal standing to do so based on, including but not limited to : (MERS) and U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed-Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007- HE3 purporting to transfer and accept, as applicable, the Deed of Trust as beneficiary when none of them are the Note/Holder/Lender and therefore cannot be true beneficiary;

b.    Knowingly knowing that Bear Stearns Backed Securities I Trust 2207-HE3 was dissolved effective January 29, 2008. See Exhibit 4.

c.    Making knowingly false representation to borrowers, including the Castellanos', regarding the identity of the Note Holder/Lender whom the debt is owed;

d.    No Defendant's being the Note Holder/Lender entitled to payment, secured by the Deed of Trust;

e.    Declaring default, accelerating the Note, and initiating and conducting foreclosure, without being the Lender, and without written instructions from the Lender to do so;

f.    MERS, U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed-Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007- HE3, proceeding as beneficiary under the Deed to Trust when to claim that status is a violation of the Arizona statues as set forth above, as well as the A.R.S. §39-161 and A.R.S. §33-420;

45

g.  knowingly initiating and conducting a Trustee's Sale on false documents which are signed by unauthorized individuals and entities, setting forth false information about the beneficiary, and improperly declaring default, acceleration and election to foreclose, while knowing that the Note, the identity of the true beneficiary, the identity of the Note Holder, and the identity of the Lender, are all not as represented in the recorded documents; 7

h.  creating, signing, recording, and being names in false, groundless foreclosure documents containing material misstatements, without actual authority to do so, leading trustors to reasonable belief c that the documents are accurate and made according to and pursuant to the law;

i.  sending the 30 Day Default letter and other notices to Plaintiffs,

j.  JP Morgan Chase Bank NA and Select Portfolio failing to obtain written declaration of default from the Lender and instructing California Reconveyance Company to initiate and conduct the foreclosure

177.     Defendant U.S. Bank as Trustee, appears to have a policy and or practice of consenting in, or instructing others to, proceed on a foreclosure without standing to do so on, including but the limited to:

a.  Trust Agreement terms which state that U.S. Bank as Trustee is not the Lender, and holds the Trust Fund in trust for the benefit of the Certificateholders;

b.  Violation of the Trust Agreement which required the placement of the Note and Deed of Trust into the Trust on or before the Trust closed on March 30, 2007;

c.  U.S. Bank Role of Corporation Trustee document, US Bank states the at http://www.usbank.com/pdf/community/Role-of-Trustee-Sept2013.pdf that it does not own the loans in the Trust but, its interest is solely for the benefits of investors, yet allows

46

servicers and trustees under the deed of trust to tell borrowers, including the Castellanos that U.S. Bank as Trustee "own" their Note and their debt is owed by U. S. Bank as Trustee and agreed in the Agreement.

        d.    Knowingly allowing the co-Defendants to proceed with a trustee on false documents which are signed by unauthorized individuals and entities which clearly show that the location of the Note, the identity of the beneficiary, the identity of the Note Holder, and the identity of the Lender, are all **unknown** under applicable principles.

178.    Documents demonstrate countless inconsistencies with the signature of Colleen Irby who has multiple tiles as, Assistant Secretary, Vice President, As Attorney in Fact, and Officer for the same entity and on the same day.

179.    Plaintiffs believe that Defendants, California Reconveyance Company, Select Portfolio, Quality Loan Servicing have a policy and or practice of:

180.    Proceeding with foreclosure without a good faith, and let to believe the U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed-Securities I Trust 2007-HE3, was the true beneficiary and without knowing the true beneficiary, and the Note Holder/Lender and without being its agent.

181.    The identity of the true Note Holder/Lender with entities to enforce the Note and Deed of Trust, if any, is **unknown** as the Bear Stearns Asset Backed Securities I Trust 2007-HE3 was dissolved effective January 29, 2008. See a copy of Securities and Exchange Commission Form 15D-Exhibit 5.

182.    None of the Defendants had authority to enforce the Note. Defendants did not possesses the Note or were **entitled to payment**, as required by the clear contractual terms of

the Note. Nor any of the Defendants was an agent for an entity with authority to enforce both the Note and the Deed of Trust together.

183.    At the Loan initiation, the Lender, Encore Credit Corporation shortly after in 2007 was acquired by Bear Stearns Residential Mortgages Corporations. Bear Stearns Companies, Inc., was a New York-based global investment bank, securities trading and brokerage firm that failed in 2008, and was acquired by JP Morgan Chase Bank NA. However, there are no assignments recorded in the Maricopa County to substantiate such transfer to JP Morgan by Encore.

184.    No Defendant is the true beneficiary and the Note Holder/Lender, or an authorized agent of the true beneficiary and the Note Holder/Lender; therefore, the Trustee Sale is void and invalid and must be cancelled.

### COUNT ONE

### DECLARATORY JUDGMENT, LACK OF STANDING TO ENFORCE NOTE AND DEED OF TRUST/VOID ASSIGNMENT OF DEED OF TRUST, SUBSTITUIO OF TRUSTEE, AND NOTICES OF TRUSTEE'S SALE

### ALL DEFENDTS

185.    Plaintiffs re-alleges and incorporates and every allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

186.    Pursuant to the Declaratory Judgement Act, 28 U.S. C. §2201, Plaintiff seek a declaratory judgment from this Court regarding the standing of the Defendants and the rights of the parties with respect to the Note, Deed of Trust, and the validity and enforceability of the Assignments, Substitution, and the Notice of Trustee Sale. Plaintiffs seek an order that

the Defendants lack standing to enforce the Note and Deed of Trust, and that all recording against the property since 2007 are void and invalid.

187.     The Note specifically states that in order to be the Note Holder one must have taken the Note by transfer and be entitled to payment. Only the Note Holder/Lender may demand payment, accelerate the balance under the Note, elect to foreclose, and tell the borrower and trustee of the default and its election to foreclose. Only the Note Holder/lender may enforce the rights under the Note, and only the Note Holder is governed by losses of the Deed of Trust

188.     The Deed of Trust states only the Lender may send written notices to the trustee of an event of default, and of election to cause the property to be sold.  See Exhibit 1

189.     In the aforementioned above,  paragraphs the documents(s) prepared, signed and recorded by the Defendants, to take Castellanos' home, and the letters addressed to Plaintiffs, do not comply with the terms of the Note and the Deed of Trust, the applicable statues, or the law.  The Assignments, Substitution and the five Notice of Trustee Sale contain defects which render the documents void and invalid and unenforceable.

190.     Under the Note and Deed of Trust and the applicable law, any attempt to foreclose on Plaintiffs home without proving status as the Note Holder/Lender and true beneficiary, and otherwise in compliance with all contract terms, is invalid.

191.     No Defendant is both the true beneficiary/Lender under the Deed of Trust and the Note Holder, nor is any Defendant an agent of the true beneficiary/Lender under the Deed of Trust and the Note Holder, together.

192.     Under the applicable law, the Defendants could have not foreclosed without complying with the statutory requirements to do so.

193.     If any Defendant(s) are found to be parties to the Note or Deed of Trust, those
Defendant(s) have breached the contracts and failed to follow applicable statutes and laws, as
set forth above.

194.     If the Defendant are found not be parties or agents of parties to the Note or Deed
of Trust, as alleges above, Defendants have no standing to enforce the Loan or initiate or
conduct a foreclosure of the Property.

195.     Plaintiffs seek declaratory judgment or an Order from this Court that is pursuant
to the Note and the Deed of Trust, only the Note Holder/Lender and true beneficiary may
pursue foreclosure, and the Defendants must, therefore, prove their status as Note
Holder/Lender and true beneficiary, to justify the foreclosure.

196.     Plaintiff seeks declaratory judgment or an Order from this Court, that no
Defendant is the Note Holder/Lender, nor any Defendants who sought foreclosure as the
legal agent of the Note Holder/Lender, under the written direction from the Note
Holder/Lender as requested from the Note and Deed of Trust.

197.     The First Assignment signed on January 19, 2011, recorded January 20, 2011,
shows MERS  granting, assigning and transferring to  Bank of America, National
Association as successor by merger to LaSalle Bank National Association, as Trustee for
Certificate of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series
2007-HE-3 all beneficial interest, under the Deed of Trust.

198.     The First Assignment is signed by Colleen Irby, Assistant Secretary an employee
of California Reconveyance Corporation. On information and belief that Ms. Irby is not an
authorized Certifying Officer or employee of MERS, she had no authority to sign the First
Assignment.

199.    Documents demonstrated countless inconsistencies with the signature of Ms. Irby who acts variously as an Assistant Secretary and on the same day a Vice President, As Attorney in Fact, and later as an Officer.

200.    The named entity on the First Assignment does not appear to be the legal name of the Trust pursuant to the legal Security Exchange Commission filings. The name of the Trust appears to be Bear Stearns Asset Backed Securities I Trust 2007-HE3. See Exhibit 4.

201.    Ms. Irby claiming to be Assistant Secretary of MERS  as a standalone Assignor (not as a nominee for any specific lender; only listing Bank of America, National Association as successor by merger to LaSalle Bank National Bank Association as the original lender and not the real party in interest; but obviously under the direction of California Reconveyance Company purports to transfer the Castellanos' note and Deed of Trust to a closed and dissolved, Bear Stearns Asset Backed Securities I Trust 2007-HE3. See Exhibit 4.

202.    Accordingly, the First Assignment is invalid and void.

203.    The First Substitution is void and invalid since to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificate of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE-3 was not the Lender and did not have the authority from the true Note Holder/Lender to sign the first Substitution. It is also void and invalid because the First Assignment is void and invalid.

204.    The First Notice of Trustee's Sale is  void and invalid since the First Assignment and Substitution are void, because the Note Holder/Lender never notified California Reconveyance Company in writing of the intent to foreclose, and because Bank of America, National Association as successor by merger to LaSalle Bank National Association, as

Trustee for Certificate of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE-3 was not the true beneficiary or Note Holder/Lender.

205.    The Second Assignment is void and invalid since the First Assignment is void and invalid; and Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificate of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE-3 is not the true beneficiary under the Deed of Trust.

206.    Under the Note and Deed of Trust and applicable law, any attempt to assign the beneficial interest in the Deed of Trust to another, or to enforce the Deed of Trust without simultaneously being the Note/Holder/Lender is void.

207.    At no time, has any Defendant been both the Note Holder/Lender and the true beneficiary of the Deed of Trust simultaneously.

208.    The Second Notice of Trustee's Sale is void U.S. Bank National Association, As Trustee successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3 c/o JPMorgan Chase Bank, National Association is not the true beneficiary, the Note Holder/Lender. The Second Notice of Trustee's Sale is based on the void Assignments.

209.    The Third Assignment is invalid and void, since the First Assignment and Second Assignment is invalid and void. Therefore, Encore had nothing to assign.

210.    At the time the Third Assignment was purportedly executed, Encore Credit Corp was no longer in business.  In 2007, Encore Credit Corporation was acquired by Bear Stearns Residential Mortgage Corporation. The Bear Stearns Companies, Inc., was a New York-

based global investment bank, securities trading and brokerage firm that failed in 2008 and was subsequently sold to JP Morgan Chase Bank, National Associate. See email from FDIC responding to Plaintiff-Exhibit 24.

211.    The Third Notice of Substitution of Trustee is invalid and void since it depends on the void and invalid of the First, Second, and Third Assignments for its own validity. It is also void and invalid since Quality Loans Service is not the true beneficiary under the Deed of Trust, and Quality Loans Service Corporation is not the Lender.

212.    The Third Substitution of Trustee is void.  U.S. Bank N.A., successor Trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificateholders Series 2007-HE3 is not the true beneficiary because it is not the Note Holder/Lender and true beneficiary.

213.    The Third Notice of Substitution of Trustee is invalid and void since it depends on the void and invalid of the First, Second, and Third Assignments for its own validity. It is also void and invalid since Quality Loans Service is not the true beneficiary under the Deed of Trust, and Quality Loans Service Corporation is not the Lender.

214.    The Third Notice of Trustee's Sale is void, as a matter of fact. The Third Notice of Trustee's Sale was initiated in breach of the contract and statutes.

215.    Since the First, Second, and Third Assignments are invalid, the Third Notice of Substitution of Trustee which depends on the validity of the First, Second, and Third Assignment is also invalid. In addition, the Third Notice of Trustee's Sale, which depends on the validity of the First, Second, and Third Assignments is also invalid.

216.    The Fifth Notice of Substitution of Trustee is invalid and void since it depends on the void and invalid of the First, Second, and Third Assignments for its own validity. It is

also void and invalid since Quality Loans Service is not the true beneficiary under the Deed of Trust, and Quality Loans Service Corporation is not the Lender.

217.    Since the First, Second, and Third Assignments are invalid, the Fifth Notice of Substitution of Trustee which depends on the validity of the First, Second, and Third Assignment is also invalid. In addition, the Fifth Notice of Trustee's Sale, which depends on the validity of the First, Second, and Third Assignments is also invalid.

218.    The four Statement of Breach or Non-Performance are void. They are not from the true beneficiary or an agent of the true beneficiary; the Note Holder/Lender has not sent a writing declaring a default and electing to foreclose to the borrower and the foreclosure trustee.

219.    Plaintiffs seek declaratory judgement or Order from this Court that the First , Second, and Third Assignments, the First, Third, Fourth, and Fifth Substitution and the First, Second, Third, Fourth and Fifth Notice of Trustee's Sale are void and unenforceable, and these recorded documents must be cancelled at the Maricopa County Recorder's Office.

220.    Plaintiffs further seek a declaratory judgment or Order from this Court that the Note and the Deed of Trust require that only the Note Holder/Lender may enforce the terms of the Note and accelerate the balance, that only the Note Holder/Lender is protected by the Deed of Trust as security, and only the Note Holder/Lender may initiate and conduct foreclosure of the Deed of Trust. Any other result subject Plaintiffs to the danger of multiply liabilities on the Note and an endless string of false beneficiaries initiating and conducting void and invalid Trustee's sale.

221.    Plaintiffs further seek declaratory judgement or Oder that no Defendant is the Note Holder/Lender and true beneficiary, that the Deed of Trust has been rendered nullity

54

and until an entity can prove its status as Note Holder/Lender, no entity may seek to enforce the Note.

222.    Plaintiffs have been jeopardized by multiple creditors to collect on their Note; and thus foreclosed by more than one entity.

223.    Plaintiffs are entitled to costs arising out of this claim pursuant to the Note and Deed of Trust.

224.    Plaintiff repeat and reallege every allegation above as it fully set forth herein.

225.    Defendant, as an alleged beneficiary, servicer trustee, or alleged successor assign or agent of a party to the Note and the Deed of Trust, are all bound in contractual privity with Plaintiffs.

226.    In pursuing and conducting the Trustee' Sale the Defendants were in violations of the terms of the Note and Deed of Trust, such and breached the contracts.

227.    In pursuing and conducting the Trustee's Sale the Defendants were in violations of the deed of trust statutes and laws as set forth above, which are part of every contract, the Defendants breached the contracts.

228.    In pursuing and conducting the Trustee's Sale the Defendants were in violation of the contract and applicable law, Defendants breached the duty of good faith and fair dealings implied in every contract.

229.    Defendants' breach of contract caused Plaintiffs damages in the form of the concrete and particularized injury for conducting the foreclosure without performing conditions precedent to a valid sale, multiple recordings against the Property and initiating and conducting the foreclosure; substantially damage to credit, attorney's fees (for the eviction) and other damages.

230.    As this matter arises out of contract, Plaintiffs are entitled to cost incurred, pursuant to the contracts.

## COUNT THREE

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

### ALL DEFENDANTS

231.    Plaintiffs repeat and re-allege every allegation above as if fully set forth herein

232.    Defendants are obligated under the Note and Deed of Trust, the Frist, Third, Fourth and Fifth Substitution, the First, Second, Third, Fourth, and Fifth Notice of Trustee's Sale if such documents are valid and legal, and the common law to act in good faith and to deal fairly with Plaintiffs.

233.    The purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed-upon expectations of the parties in their performance.

234.    The duty of good faith extends beyond the written words of the contracts.

235.    When a party to a contract manipulates bargaining power to its/their own advantage, injuring the party, the party with bargaining power breach its duty of good faith.

236.    Plaintiff reasonable expected that the entities which would seek to enforce their Loan contracts would be those legally entitled to do so.

237.    Defendants and their agents breached their duty of good faith and fair dealings without limitation to:

a.      hiding from Plaintiffs the identity of the true beneficiary by mispresenting to Plaintiff that the true beneficiary was U.S. Bank N.A., successor Trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificateholders Series 2007-HE3 and recording of false

documents, and California Reconveyance Company, Quality Loan Servicing and Select Portfolio posing as the party entitled to declare a default, and initiate and conduct foreclosure.

b.     Hiding the identity of the true Note Holder/Lender by is presenting the "owner" of the Loan to the Castellanos as U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Series 2007-HE3, when U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Series 2007-HE3 does not own the loan, and U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Series 2007-HE3 is not the creditor or Lender on the Loan.

c. The Trust was created by a Trust Agreement dated March 30, 2007, between Bear Stearns Asset Backed Securities I LLC, (the "Depositor"), EMC Mortgage Corporation (the "Master Servicer"), and LaSalle Bank National Association (the "Trust"). This Trust Agreement was filed with the Securities and Exchange Commission on April 13, 2006.

d.     According to the Securities and Exchange Commission, Bear Stearns Asset Backed Securities I Trust 2007-HE3 was dissolved effective January 29, 2008. See a copy of Securities and Exchange Commission Form 15D-Exhibit 4.

e. failing to comply with contractual obligations, including but not limited to allowing an entity, not the Note Holder/Lender to write to the Castellanos declaring a default and to initiate and conduct foreclosure.

f. Conducting a Trustee Sale on a clearly invalid document, the First, Second, and Third Assignment, the First, Third, Fourth, and Fifth Substitutions, the First, Second, Third, Fourth

and Fifth Notice of Trustee's Sale, the 30 Day default letter, and the three Statement of Breach or Non Performance as fully set in detail below;

g. Knowingly and purposely separating the Note from the Deed for Trust thereby the Note unsecured, but conducting foreclosure;

h. Defendants have exercised discretion retained under the Note, Deed of Trust and the foreclosure statues, in such a way as to deny Plaintiffs a reasonable expected benefit of their bargain. The Castellanos expected that enforcement of the Note and Deed of Trust would be authorized in writing by the Note Holder/Lender which did not occur here.

i. California Reconveyance Company, Quality Loans Servicing, Select Portfolio, JP Morgan Chase and their agents have abused the discretion granted to the Lender in the Deed of Trust and the beneficiary in the statues, which allows for the substitution of the trustee, declaring default and electing to foreclose. Defendants are not the Lender and have acted in a way inconsistent with the Castellanos' reasonable expectations that their Lender and true beneficiary would be known to them, and control the rights and duties reserved to the Lender and the Note Holder;

j. Plaintiffs also expected that non-existent entities would not be allowed to sign important documents which would be recorded against their title;

k. Defendants' actions bear adversely on Plaintiffs' reasonable expected benefit of their bargain made with their Lender;

l. As a result of Defendants' failure to act in good faith and fair dealings, Defendants have caused Plaintiffs concrete and particular injury, in the form of foreclosure by the Defendants but not asserted by the Note Holder/Lender; multiple groundless filings containing misstatement; costs paid to trying to stop eviction; while Defendants had no

58

standing to foreclosure and without the Defendants' having performed conditions precedent to a valid sale, as fully stated above.

238.    As this claims arises out of contracts between the parties, Plaintiffs are entitled to their attorney's fees and costs incurred in having to bring this claim pursuant to the terms of the contracts.

239.    Violation of A.R.S. § 33-420(A) carries statutory dames of not less than $5,000 per recorded document or treble the actual damages, whichever is greater and costs.

240.    Plaintiffs seek damages against Defendants of not less than $5,000 per recorded document or treble the actual damages, whichever is greater, plus costs.

## COUNT FOUR

### CONDITIONS PRECEDENT-TRUTH IN LENDING

### NOTICE OF NEW CREDITOR

### JP MORGAN CHASE BANK N.A. & SELECT PORTFOLIO SERVICING

241.    Plaintiffs repeat and re-allege every allegation above as it fully set forth herein.

242.    Under Section 131 of the Truth in Lending (15 U.S.C. 1641) is amended by adding: NOTICE OF NEW CREDITOR---"(1)IN GENERAL—In addition to other disclosures required by this title, not later than 30 days on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—(A) the identity, address, telephone number of the new creditor (B) the date of transfer; (c) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant

information regarding the new creditor. On information and belief  JP Morgan Chase Bank NA and Select Portfolio failed to identify the creditor, its address, and telephone number where the locations of the place where the transfer of ownership of the debt is recorded; which is required under Section 131 of the Truth in Lending Act (15 U.S. C 1641).

243.    On May 15, 2013, JP Morgan Chase Bank N.A. sent a letter to the Castellanos' informing them that the servicing of their loan was being transferred from JP Morgan Chase Bank, N.A. (Chase) to Select Portfolio Serving effective June 1, 2013.

244.    On May 23, 2013, Select Portfolio sent a letter to the Castellanos informing them that the servicing of their Loan was being transferred from JP Morgan Chase Bank N.A. to Select Portfolio Servicing effective June 1, 2013.

245.    As a result of Defendants not complying with Section 131 of the Truth in Lending Act U.S.C. 1641; Plaintiff are entitled to amount of "equal to twice the amount of the finance charge imposed, but not less than $100.00 nor more than $1000.00 under 15 U.S.C. Section 1640 (2)(a).

## COUNT FIVE

### PROPER NOTICE OF PENDING FORELCOSURE WAS NOT PROVIDED

246.    Plaintiff re-allege and incorporate the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

247.    Defendant herein, names or unnamed, did knowingly derive some form of profit or benefit from the acts of failing to provide Plaintiffs proper notice of pending foreclosure. When they knowingly knew Plaintiff did not reside in the State of California. Especially when all prior notifications had been sent to Plaintiffs home at 16405 S. 43rd Place Phoenix, AZ 85048.

248.     On July 21, 2016, a sign was posted on Plaintiffs front door. That notice indicated, "Property was now under the management of JM Realty LLC 4902 E. McDowell Road #103Z, Phoenix, AZ 85008. It further stated to call Joseph Mahoney at 480.785.5612 for information or event of Emergency, Please call within 7 days from this date_____.

249.     Plaintiffs became aware that their home of 20 years had been sold without their knowledge via a complaint they filed with the Arizona Attorney General's office. Plaintiffs were deprived of their due process.

250.     Defendants failed to abide by A.R.S. §33-809 ( C) where the trustee within five business days, after the recordation of a notice of sale, shall mail by certified or registered mail with postage prepaid, a copy of sale to each of the persons who were parties to the trust deed except the trustee. The copy of the notice mailed to the parties need not show the recording date of the notice.   The notice sent pursuant to this subsection shall be addressed to the mailing address specified in the trust deed. Defendant, Defendants, Select Portfolio Servicing, Quality Loans,  and U.S. Bank N.A., successor Trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificateholders Series 2007-HE3, neglected and failed to notify Plaintiffs of postponement of pending sale of property. Defendants knowingly knew Plaintiff were not going to receive the notice.

251.     On January 9, 2017, at the time of the Emergency Motion to Writ of Restitution, Plaintiffs did not have the information from the Office of the District Attorney Orange County. Plaintiffs received notification from Office of the District Attorney Orange County District Attorney's Office on March 27, 2017. Such letter indicates, "The Orange County District Attorney's Office investigated a fraudulent loan modification company by the

Name of National Preservation Center…. On March 16, 2016, the Orange County District Attorney's Office served a search warrant upon the location… As a result of the investigation, NPC was dismantled and no longer operating as of this date." Therefore, the letter that Select Portfolio purportedly sent on July 1, 2016 was not accepted at that location. The letter from the Office of the District Attorney further states, "I was made aware by the UPS center management that they were no longer maintaining correspondence on NPC's behalf.

252.   A non-judicial foreclosure is an equitable proceeding.

253.   He who seeks equity must do equity

254.   Defendants had unclean hand in conducting the non-judicial foreclosure matter

255.    Defendants continue to intentionally mislead the court in an effort to unjustly enrich themselves in taking Plaintiffs home when they knew or should have known at inception of the sale that the First, Second and Third Assignments were invalid, the fifth Notice of Substitution of Trustee which depends on the validity of the First, Second, and Third Assignment is also invalid. In addition, The Fifth Notice of Trustee's Sale, which depends on the validity of the First, Second, and Third Assignment is also invalid.

256.   Defendants violated good faith and unclean hands in conducting the foreclosure of Plaintiffs home pursuant to documents which are void such as First, Second and Third Assignments were invalid, the fifth Notice of Substitution of Trustee which depends on the validity of the First, Second, and Third Assignment is also invalid. In addition, The Fifth Notice of Trustee's Sale, which depends on the validity of the First, Second, and Third Assignment is also invalid.

257.    Only the current, legally appointed trustee under the Deed of Trust may exercise the power of sale through the Notice of Trustee's Sale signed by the same trustee, by virtue of his/her position as the trustee of a trust deed. A.R. S. § 33-807 (A).

258.    The power of sale of trust property, conferred upon the trustee, cannot be exercised before the ninety-first day after the trustee records the notice of sale which must be signed by the trustee. A.R.S. § 33-807 (D); A.R.S. § 33-803.01 (A) (1) (a).

259.    The deed of trust status must be construed strictly and in favor of the borrowers.

260.    Defendants knew or should have known Plaintiffs were not going to receive the postponement of the sale of their home if it was mailed to California a place where Plaintiffs have never resided. Defendants were fully aware that all prior correspondence had been mailed to Plaintiffs address in Arizona-16405 S. 43rd Place Phoenix, AZ 85048.

261.    Plaintiffs are seeking an order from this Court, finding that the judgement of foreclosure was obtained in violation of Plaintiffs Constitutional rights; was obtained by means of fraud; and wants an order setting aside the judgement of foreclosure that was fraudulently obtained, and obtained in violation of the US and State Constitutional Rights of the Plaintiffs including, but not limited to 5th and 14th Amendment Due Process and Constitutional Violations. Plaintiff brings this under the Federal Rule of Civil Procedure Rule 60 (b) Grounds for Relief form a Final Judgement Order, (1) mistakes, inadvertence, surprises, or excusable neglect (2) newly discovered evidence that, that, with reasonable diligence could have not been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by opposing party; (any other reason that justifies relief.

262.     Violation of A.R.S. § 33-420(A) carries statutory damages of not less than $5,000 per recorded document or treble the actual damages, whichever is greater and costs.

263.     Plaintiffs seek damages against Defendants of not less than $5,000 per recorded document or treble the actual damages, whichever is greater, plus costs.

264.     Plaintiffs suffered and will continue to suffer damages for Defendant recording the groundless documents and misstatements on the Maricopa County Recorder's Office and causing Plaintiffs to be ejected from their home.

## COUNT SIX

### DAMAGES UNDER A.R.S. § 333-420 (A)

265.     Plaintiff re-allege and incorporate the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

266.     At the time the loan closed on January 19, 2007, the Note gave Encore Credit Corporation, then the Lender and originator, the right to payments.

267.     The Note makes it clear that the only one who takes the Note by transfer, and who is entitled to receive payments is the Note Holder.

268.     Several parties come forward, attempting to demonstrate an entitlement to the Property and foreclosed through a claimed interest as nominee on the Deed of Trust as beneficiary under the Deed of Trust, as a purported Note Holder, "owner" of the Note, creditor, agent of the servicer or beneficiary, or other undeclared, unspecified interests.

269.     As fully detailed above, those parties that claimed interest were/are MERS, California Reconveyance Company, JP Morgan Chase Bank N.A, Quality Loans, Select Portfolio Servicing   U.S. Bank as Trustee. The defective and void nature of each person and entity claim to the Property is defined above. Each Defendant and entity had actual

knowledge of the defects in the recorded chain of title. Each Defendant contributed to cloud currently existing on the title to the Property, represented by false, groundless, fraudulent and otherwise invalid documents recorded against the Property.

270.     Each Defendant's act against Plaintiffs title, whether as claimed Note Holder, Lender, owner, beneficiary, trustee or otherwise was malicious done from improper motives of profit and in an effort to wrongfully and illegally foreclose on Castellanos' without an actual true and legal relationship to the Plaintiffs and the Property. Each Defendant acted without a reasonable belief in the validity and ability of his/her claim.

271.     Each Defendant knew that the Assignments, Substitutions, and Notices of Trustee's Sale were actually false, either themselves or because the documents were dependent on false document for it validity.

272.     Plaintiff have been given conflicting information about the identity of the Note Holder. The MERS system reports JP Morgan Chase Bank NA fka WaMu is the Servicer and Bank of America NA as Investor.  The MERS indicates that the present status of the Mortgage Loan registered in the MERS System as MIN# 100180100003887294 is "Inactive." Select Portfolio has false informed the Castellanos that U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Series 2007-HE3. U.S. Bank indicates **at https://www.usbank.com/pdf/community/Roe-of-Trustee-Sept2013.pdf**  that it does not own the loans in the trust. And its interest is solely for the benefits of investors.

273.     Encore Credit Corp was the Originator of the loan. In 2007, Encore Credit Corporation was acquired by Bear Stearns Residential Mortgages Corporations. Bear Stearns companies, Inc., was a New York-based global investment bank, securities trading

65

and brokerage firm that failed in 2008, and was acquired by JP Morgan Chase Bank NA. However, there are no Assignments recorded in the Maricopa County Recorders Office.

274.     According to the Securities and Exchange Commission, Bear Stearns Asset Backed Securities I Trust 2007- HE3 was dissolved effective January 29, 2008. See a copy of the Securities and Exchange Commission Form 15 D. Exhibit 4.

275.     Plaintiffs have no knowledge of , and no way of determining outside of discovery in this lawsuit, who the legal Note Holder/Lender is, if any, who is entitled to payments if anyone; whether the Note still exists, and whether the Note has been paid through insurance.

276.     As is fully set forth allegations above, no Defendant is the true beneficiary under the Deed of Trust, as no Defendant is the Note Holder/Lender

277.     The assignments which purport to assign and transfer Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3; under the Deed of Trust are void as is fully set forth in allegations above.

278.     A note and a deed of trust are inseparable. If a note and deed of trust are purposely separated in the Note Holder/Lender and the beneficiary of the deed of trust are not the same individual or entity, the note becomes unsecured.

279.     The assignment of a deed of trust without legal transfer of the debt transfers nothing.

280.     No Defendant had standing to conduct a foreclosure, as no Defendant is both the beneficiary of the Deed of Trust.

281.     Pursuant to the terms of the Note, only the Note Holder can enforce the Note through foreclosure or otherwise.

282.     Several Defendants recorded void and invalid documents against the Property. Or are named in those documents without legal authority to do so or be so named. Those documents include, but not limited to three assignments, four Substitutions and five Notice of Trustee's Sale.

283.     Plaintiffs have suffered a distinct and palpable injury from the recorded documents which are groundless, contain misstatements and false claims against Plaintiffs former Property.

284.     Through payments from Plaintiffs or other Insurance coverage, government payments, credit default swaps or other methods, any party with a valid claim to payment under the note as Note Holder has on information and belief has already been paid off.

285.     Plaintiff seek the statutory sum of no less than $5,000 or treble their damages caused by recording, whichever is greater, plus costs.

**WHEREFORE,** Plaintiffs request the following relief:

A.  For a Declaratory Judgement and an Order that the Assignments , Substitutions and five Notice of Trustee's Sale as well as the Deed of Trust which is now nullity, are void and be cancelled/revoked with recordings at the Maricopa Count Recorders office;

B.  For a Declaratory Judgement and an Order that no Defendant is the Note Holder/Lender and true beneficiary, that no Defendant should have not initiated or conducted a Trustee's sale on Plaintiff's Property, and no Defendant had standing to enforce the Note of the Deed of Trust;

67

C.   For damages sustained by the Plaintiffs as a result of the Defendants breaches of contract and the breach of the duty of good faith and fair dealings;

D.   For damages Plaintiffs suffered and will continue to suffer damages for Defendant recording the groundless documents and misstatements on the Maricopa County Recorder's Office and causing Plaintiff to be ejected from their home as to the Defendants pursuant to A.R.S. § 33-420 (A) and for statutory damages of not less than $5,000 per recorded document.

E.   For judgement for Plaintiffs' legal fees and cost incurred, pursuant to A.R.S. § 12-341.01 and A.R.S. § 330420 (A).

F.   For Declaratory judgement and an order that the foreclosure was obtained in violation of Plaintiffs Constitutional rights; was obtained by means of fraud; and wants an order setting aside the judgement of foreclosure that was fraudulently obtained, and obtained in violation of the US and State Constitutional Rights of the Plaintiffs including, but not limited to 5th and 14th Amendment Due Process and Constitutional Violations. Plaintiff brings this under the Federal Rule of Civil Procedure Rule 60 (b) Grounds for Relief form a Final Judgement Order, (1) mistakes, inadvertence, surprises, or excusable neglect (2) newly discovered evidence that, that, with reasonable diligence could have not been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by opposing party; (any other reason that justifies relief.

G. For judgement against the Defendants for their intentional interference with the Plaintiffs' Note and Deed of Trust and conducting the foreclosure and for punitive damages to deter them from continuing their illegal practices with other homeowners.

H. For court costs, moving expenses, emotional distress, and other costs of collection at the highest legal rate from the date of entry of judgment herein until paid in full;

I. For other and further relief as to the Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury as a matter of right.

DATED this 3rd of August 2017.

By: _____

Judith Castellanos and Pablo Castellanos

Pro Se Plaintiffs

Pablo and Judith   Castellanos
16809 S. 44th Street
Phoenix,, Arizona 85048
480-205-4035

Judy.Castellanos@hotmail.com

69