
Paul M. Levine, Esq. (007202)
**McCARTHY HOLTHUS & LEVINE, P.C.**
8502 E. Via de Ventura, Suite 200
Scottsdale, Arizona 85258
Telephone: (480) 302-4102
plevine@mhlevine.com
*Attorneys for Defendant Quality Loan Service Corp.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PABLO A. CASTELLANOS and JUDITH T. CASTELLANOS, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ENCORE CREDIT CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AKA MERS; BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I, LLC, ASSET-BACKED CERTIFICATES, SERIES 2007-HE3; JPMORTGAGE CHASE BANK, N.A.; SELECT POERTFOLIO SERVICING, INC; QUALITY LOAN SERVICE CORP.; CALIFORNIA RECONVEYANCE CO.,<br><br>Defendants. | Case No.: 2:17-cv-02428-SPL<br><br>**DEFENDANT QUALITY LOAN SERVICE CORPORATION'S MOTION TO DISMISS** |

Defendant, Quality Loan Service Corporation ("Quality"), moves to dismiss Plaintiff's' First Amended Complaint ("FAC"), pursuant to Rule 12, Federal Rules of Civil Procedure. The FAC fails to set forth a claim upon which relief can be granted against Quality. This Motion is supported by the attached Memorandum of Points and Authorities and the record in this case.

**Memorandum of Points and Authorities**

**I.     Factual Background and Allegations**

This case concerns the real property located at 16405 S. 43rd Place in Phoenix, Arizona (the "Property"). (FAC, ¶ 11.) On or about January 19, 2007, Plaintiffs received a $312,000.00 loan, secured by a Deed of Trust ("DOT") encumbering the Property. (FAC, Exhibit 1.) Subsequently, on July 20, 2016, Quality, the then current trustee of the DOT, completed a trustee's sale of the Property and recorded a Trustee's Deed Upon Sale ("Trustee's Deed") with the Maricopa County Recorder, Recorder's No. 2016–0541587. U. S. Bank, N. A. is the Grantee pursuant to the Trustee's Deed. A copy of the Trustee's Deed is attached hereto as **Exhibit "A"**.[1]

The FAC alleges a total of 6 claims, although only 5 are alleged against Quality: **Count One**: "Declaratory Judgment, Lack of Standing to Enforce Note and Deed of Trust/Void Assignment of Deed of Trust, Substitutio [sic] of Trustee, and Notices of Trustee's Sale"; **Count Two**: Breach of Contract; **Count Three**: Breach of the Duty of Good Faith and Fair Dealing; **Count Five**: "Proper Notice of Pending Foreclosure Was Not Provided"; and **Count Six**: Damages under A.R.S. § 333 [sic]–420 (A).

**II.    A.R.S. § 33–811(C) Bars All of Plaintiffs' Claims Against Quality**

A.R.S. § 33–811(C) is an absolute bar to Plaintiffs' claims against Quality. Plaintiffs' failure to enjoin the trustee's sale constitutes a waiver of all defenses and objections to the sale. A.R.S. § 33–811(C) states as follows:

---

[1] Quality requests that the court take judicial notice of the Trustee's Deed pursuant to Rule 201, Federal Rules of Evidence. The Trustee's Deed can be accurately and readily determined from the Maricopa County Recorder's website, whose accuracy cannot reasonably be questioned. See, *Mulhall v. Wells Fargo Bank, N. A.*, 2017 WL 952951 (N. D. Cal. 2017), (Publicly- recorded real estate instruments and notices are the proper subject of judicial notice, unless their authenticity is subject to reasonable dispute.); *Collins v. Wells Fargo Bank*, 2013 WL 3808097 (D. Ariz. 2013), (A court must take judicial notice if a party requests it and the court is supplied with the necessary information. Taking judicial notice does not convert a motion to dismiss into one for summary judgment.)

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale. A copy of the order, the application for the order and the complaint shall be delivered to the trustee within twenty-four hours after entering the order.

This waiver provision has consistently been applied throughout Arizona in both state and federal courts. *Snyder v. HSBC Bank, USA, N. A.*, 913 F. Supp. 2d 755 (D. Ariz. 2012); *BT Capital, LLC v. TD Service Co. of Arizona*, 229 Ariz. 299, 275 P. 3d 598, 600 (Sup. Ct. 2012), ("Under this statute [A.R.S. § 33–811(C)], a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief.… Where, as here, a trustee's sale is completed, a person subject to § 33–811(C) cannot later challenge the sale based on pre-sale defenses or objections."); *Madison v. Groseth*, 230 Ariz. 8, 279 P. 3d 633, 638 (App. 2012), ("It is undisputed Madison did not obtain an injunction prior to the trustee's sale of the Property. By operation of § 33–811(C), therefore, she waived all defenses and objections to the sale.")

**III.     A.R.S. § 33–811(E) Operates As an Absolute Conveyance of the Property**

A.R.S. § 33–811(E) conveys the Property to U.S. Bank free and clear of any claims or interest of the Plaintiffs.

> The trustee's deed shall operate to convey to the purchaser the title, interest and claim of the trustee, the trustor, the beneficiary, their respective successors in interest and all persons claiming the trust property sold by or through them, including all interest or claim in the trust property acquired subsequent to the recording of the deed of trust and prior to delivery of the trustee's deed. That conveyance shall be absolute without right of redemption and clear of all liens, claims or interests that have a priority subordinate to the deed of trust and shall be subject to all liens, claims or interests that have a priority senior to the deed of trust.

### IV. Plaintiffs' Claims Should Be Dismissed

All of the claims against Quality should be dismissed. They are all barred by A.R.S. § 33–811(C).

#### A. Count One: Declaratory Judgment

In Count One, Plaintiffs seek an order "regarding the standing of the Defendants and the rights of the parties with respect to the Note, Deed of Trust, and the validity and enforceability of the Assignments, Substitution, and the Notice of Trustee Sale. Plaintiffs seek an order that the Defendants lack standing to enforce the Note and Deed of Trust, and that all recording against the property since 2007 are void and invalid." (FAC, ¶ 186.)

#### B. Count Two: Breach of Contract

In Count Two, Plaintiffs allege as follows: "In pursuing and conducting the Trustee' Sale the Defendants were in violation of the terms of the Note and Deed of Trust [and] of the deed of trust statutes and laws as set forth above, which are part of every contract. . . . (FAC, ¶'s 229, 230.)

#### C. Count Three: Breach of the Duty of Good Faith and Fair Dealing

In Count Three, Plaintiffs allege Quality breached the duty of good faith and fair dealing because it not "use good faith and deal fairly and declaring default and initiating and conducting the foreclosure." (FAC, ¶ 240.)

#### D. Count Five: Proper Notice of Pending Foreclosure Was Not Provided

In Count Five, Plaintiffs allege that Defendants failed "to provide Plaintiffs proper notice of pending foreclosure." (FAC, ¶ 249.)

#### E. Count Six: Damages under A.R.S. § 333 [sic]–420 (A)

In Count Six, Plaintiffs allege that Defendants "had actual knowledge of the defects in the recorded chain of title. Each Defendant contributed to cloud currently existing on the title [sic] to

the Prop, represented by false, groundless, fraudulent and otherwise invalid documents recorded against the Property." (FAC, ¶ 271.)

### V. Conclusion

Plaintiffs' failure to take obtain an injunction enjoining the trustee's sale is a complete bar to all of their claims. Accordingly, Plaintiffs FAC should be dismissed. Additionally, Quality requests that it be awarded its attorneys' fees pursuant to A.R.S. § 12–341.01 and A.R.S. § 33–807(E).

**RESPECTFULLY SUBMITTED** this 4th day of September, 2017.

**McCARTHY HOLTHUS & LEVINE, P.C.**

By: _/s/ Paul M. Levine_
Paul M. Levine
8502 E. Via de Ventura, Suite 200
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE:

This is to certify that a true and correct copy of the foregoing instrument has been electronically served on all parties/counsel of record on the 4th day of September, 2017 via CM/ECF filing system.

# EXHIBIT "A"

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
20160541587   07/29/2016   03:54
ELECTRONIC RECORDING

Recording requested by:

150246437TDUS-4-1-1--
Wadel

When recorded mail to:

Select Portfolio Servicing, Inc.
3217 S. Decker Lake Dr.
Salt Lake City, UT 84119

Forward tax statements to the address given above

TS No.: **AZ-15-687449-RY**
Title Order No.: **150246437-AZ-VOI**

Space above this line for recorders use

AFFIDAVIT OF VALUE EXEMPT PURSUANT TO A.R.S SECTION 11-1134 (B) (1).

# Trustee's Deed Upon Sale

APN No.: 301-69-627 5                                    Transfer Tax: $0.00

The Grantee Herein **IS** the Foreclosing Beneficiary
The amount of the unpaid debt together with costs was:      **$425,239.15**
The amount paid by the grantee at the trustee sale was:     **$225,250.00**

Said property is in the City of: PHOENIX, County of MARICOPA.

**QUALITY LOAN SERVICE CORPORATION**, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3**

(hereinafter "Grantee") but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of MARICOPA, State of ARIZONA, described as follows:

LOT THREE HUNDRED SIXTY EIGHT (368), PECOS WEST, ACCORDING TO THE PLATE OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, IN BOOK 294 OF MAPS, PAGE 31; AND AFFIDAVIT OF CORRECTION RECORDED MAY 2, 1986 IN DOCUMENT NO. 86-218044. TOGETHER WITH AN EASEMENT FOR SEWER LINE PURPOSES, AS SET FORTH IN INSTRUMENT RECORDED AUGUST 21, 1985 IN DOCUMENT NO. 85-396496.

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **PABLO A. CASTELLANOS AND JUDITH T. CASTELLANOS, HUSBAND AND WIFE, AS JOINT TENANTS WITH RIGHT OF SURVIVORSHIP**, as Trustor, dated **1/19/2007**, and recorded on **2/7/2007** as **Instrument No. 2007-0156567** and re-recorded on 6/28/2011 as Instrument Number 20110536116 of Official Records in the office of the Recorder of **MARICOPA, ARIZONA**, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Sale under the Deed of Trust recorded on 1/15/2016, instrument no 20160031431 of Official records. Trustee having complied with all applicable statutory requirements of the State of Arizona and

performed all duties required by the Deed of Trust including sending a Notice of Sale within five days by certified mail, postage pre-paid to each person entitled to notice in compliance with A.R.S. section 33-809.

All requirements per Arizona Statutes regarding the mailing, personal delivery and publication of copies of Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **7/20/2016**. The foreclosing beneficiary, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$225,250.00**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust, and instructed Trustee to vest this Trustee's Deed Upon Sale to said Grantee.

This conveyance is made without representations or warranties of any kind, expressed or implied. By recording this Trustee's Deed, Grantee understands, acknowledges and agrees that the Property was purchased in the context of a foreclosure, that the current Trustee made no representations to Grantee concerning the Property and that the current Trustee owed no duty to make disclosures to Grantee concerning the Property, Grantee relying solely upon his/her/their/its own due diligence investigation before electing to bid for the Property.

"This instrument is being recorded as an ACCOMMODATION ONLY, with no Representation as to its effect upon title"

In witness thereof, **QUALITY LOAN SERVICE CORPORATION**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

TS No.: AZ-15-687449-RY

Date: 7·28·16

**QUALITY LOAN SERVICE CORPORATION**

By: Yadira Jimenez, Assistant Secretary

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of: **California**)

County of: **San Diego**)

On JUL 2 8 2016 before me, **Brenda A. Gonzalez** a notary public, personally appeared Yadira Jimenez, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of **California** that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.   (Seal)

Signature **Brenda A. Gonzalez**

BRENDA A. GONZALEZ
Commission No. 2116627
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
Commission Expires June 21, 2019

TS No.: AZ-15-687449-RY

# Grantee Contact Information

Grantee is incorporated, organized, licensed, chartered, formed and/or registered in the State and Country reflected in the address block below:

U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3
c/o Select Portfolio Servicing, Inc.
3217 S. Decker Lake Dr. , ,
Salt Lake City, UT 84119
United States of America