Kim R. Lepore (SBN 019130)
klepore@wrightlegal.net
Jamin S. Neil (SBN 026655)
jneil@wrightlegal.net
**WRIGHT, FINLAY & ZAK, LLP**
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
Telephone: (602) 845-8898
Facsimile: (949) 608-9142

Attorneys for *Defendants*
U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3; Mortgage Electronic Registration Systems, Inc.; and Select Portfolio Servicing, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Pablo A. Castellanos and Judith T. Castellanos,<br><br>Plaintiffs,<br><br>vs.<br><br>Encore Credit Corporation; Mortgage Electronic Registration Systems, AKA "MERS"; Bank of America, National Association as Successor by Merger to LaSsale Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset-Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3; JPMorgan Chase Bank, N.A.; Select Portfolio Servicing, Inc.; Quality Loan Service Corp.; California Reconveyance Co.,<br><br>Defendants. | Case No. 2:17-cv-02428-SPL<br><br>**MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), *Defendants* U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3 ("U.S. Bank")(erroneously named herein as Bank of

America, National Association as Successor by Merger to LaSsale Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset-Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Select Portfolio Servicing, Inc. ("SPS"), by and through counsel undersigned, hereby respectfully requests that this Court dismiss *Plaintiffs* Pablo A. Castellanos and Judith T. Castellanos' (collectively "Plaintiffs") Complaint for failure to state a claim upon which relief can be granted. Specifically, Plaintiffs' claims relating to the subject foreclosure are waived under A.R.S. 33-811(C), the TILA claim is barred by the applicable statute of limitations, and Plaintiffs fail to demonstrate the materiality required to bring an A.R.S. § 33-420 claim.

This motion is supported by the following Memorandum of Points and Authorities, the Request for Judicial Notice filed concurrently herewith, and the entire record in this matter.

### CERTIFICATE OF CONFERRAL

Pursuant to this Court's Order dated July 27, 2017 (Doc. 5), undersigned counsel certifies that the parties spoke via telephone on September 27, 2017, regarding the viability of Plaintiffs' claims. The parties were unable to resolve the matter via amendment or other means.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL AND PROCEDURAL BACKGROUND.

On or about January 19, 2007, Plaintiffs executed a promissory note ("Note") in the amount of $312,000.00 in favor of Encore Credit Corp. The Note was secured by a Deed of Trust ("Deed of Trust") encumbering the real property located at 16405 South 43rd Place, Phoenix, Arizona 85048 (the "Property"). MERS was named as beneficiary under the Deed of Trust. *See* Deed of Trust attached as Exhibit 1 to the Request for Judicial Notice ("RJN") filed concurrently herewith and incorporated herein.[1]

On or about May 18, 2011, MERS assigned the beneficial interest in the Deed of Trust to U.S. Bank. *See* RJN Exhibit 2.

---

[1] The Note and Deed of Trust are collectively referred to herein as the "Loan."

On or about October 20, 2015, Quality Loan Service Corporation was appointed as substitute trustee under the Deed of Trust. *See* RJN, Exhibit 3.

Following Plaintiffs' default on the Loan, on January 15, 2016, a Notice of Trustee's Sale was recorded scheduling an auction of the Property for April 19, 2016. *See* RJN, Exhibit 4.

At the auction held on July 20, 2016 ("Trustee's Sale"), U.S. Bank was the highest bidder and became the purchaser of the Property. *See* RJN, Exhibit 5. Title to the Property was conveyed to U.S. Bank on July 28, 2016. *Id*.

On December 30, 2016, Plaintiffs commenced an action against U.S. Bank in the Maricopa County Superior Court, Case No. CV2016-011835, which was subsequently removed to this Court and assigned to the Hon. Diane J. Humetewa ("Prior Case"). The Prior Case (asserting similar causes of action) remains pending despite Plaintiffs' failure to contest U.S. Bank's Motion to Dismiss.

On July 20, 2017, Plaintiffs commenced the instant suit and filed their First Amended Complaint ("Complaint") on August 25, 2017.

## II.     ARGUMENT.

**A.     Legal Standard.**

The standard to be applied to a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to FRCP Rule 12(b)(6) is well-established: a complaint may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson* 355 U.S. 41, 45-46 (1957); see also *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980). Additionally, although a plaintiff needs to provide only a 'short and plain statement of the claim,' [pursuant to *FRCP* Rule 8]... where the claims in a Complaint are insufficiently supported by factual allegation, the claims may be disposed of by summary dismissal. *Balistreri v. Pacifica Police Department*, 855 F.2d 1421, 1424 (9th Cir. 1988). Although all well-pled facts in the complaint are deemed true in ruling on a motion to dismiss, conclusory allegations are disregarded. *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).

A complaint may be dismissed as a matter of law under FRCP Rule 12(b)(6) for (a) lack of a cognizable legal theory or (b) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-534 (9th Cir. 1984). In terms of the latter, "factual allegations must be enough to raise a right to relief above the speculative level" and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" must be alleged. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). **Courts should** dismiss any claim that "fails to plead sufficiently all required elements of a cause of action." *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). A plaintiff cannot avoid this bar by clothing legal conclusions in the guise of facts to take advantage of the liberality with which courts otherwise view pleadings. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Thus, the liberality with which courts view pleadings cannot salvage a conclusive claim unsubstantiated by transparent fact. *Id.* at 624. In fact, while Courts consider facts in the complaint as true on a motion to dismiss, they do no "assume the truth of legal conclusions merely because they are in the form of factual allegations." *Id.* In *Ashcroft v. Iqbal*, the United States Supreme Court admonished that the FRCP "demand[s] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 565 U.S. 662, 677 (2009). The Court made clear that **"threadbare recitals of a cause of action's elements supported by conclusory statements" are insufficient to overcome a motion to dismiss.** *Id*. at 678.

Finally, the court does not have to accept alleged facts as true, when they contradict matters subject to judicial notice. *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,* 245 F.2d 67, 70 (9th Cir. 1956). Moreover, "judicial notice may be taken of a fact to show that a Complaint does not state a cause of action." *Id. at* 70; *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).

**B.     Plaintiffs' Foreclosure-Related Claims Are Waived Under A.R.S. § 33-811.**

The underlying basis for Plaintiffs' claims relies on the misguided premise that

because the Note was improperly transferred, the Deed of Trust was a nullity and, therefore, U.S. Bank did not have the right to enforce the power of sale granted therein.[2] Notwithstanding these allegations, Arizona law provides that the conclusion of the Trustee's Sale bars Plaintiffs from pursuing any action regarding the propriety of such sale. Arizona's statutory scheme provides:

> (B) . . . The trustee's deed shall raise the presumption of compliance with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of notice of sale and the conduct of the sale. A trustee's deed shall constitute conclusive evidence of the meeting of those requirements in favor of purchasers or encumbrancers for value and without actual notice. Knowledge of the trustee shall not be imputed to the beneficiary.
>
> (C) The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of sale under a trust deed pursuant to section 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.
> . . . . A.R.S. § 33-811.

On July 20, 2016, the trustee under the Deed of Trust exercised the power of sale granted therein and sold the Property at the duly held and properly noticed Trustee's Sale. The Trustee's Deed Upon Sale reflecting such sale was recorded in the Maricopa County Recorder's Office on July 29, 2016. Plaintiffs did not pursue, let alone obtain, an injunctive order pursuant to Arizona Rule of Civil Procedure 65 in advance of the sale. Therefore, Plaintiffs waived all objections and defenses to the Trustee's Sale. See *Shrock v. U.S. Bank*, 2011 U.S. Dist. LEXIS 85765, *11-12, 18 (D. Ariz. August 3, 2011); A.R.S. § 33-811(C). Under A.R.S. § 33-811(C), a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief. . . . Where, as here, a trustee's sale is completed, a person subject to § 33-811(C) cannot later challenge the sale based on pre-sale defenses or objections. *BT Capital, LLC v. TD Service Co. of Arizona*, 229 Ariz. 299, 301, 275 P.3d 598, 600 (2012); See also *Madison v. Groseth*, 230 Ariz. 8, 279 P.3d 633 (App. 2012) (all defenses and objections are waived even if the trustee

---

[2] *See* Complaint ¶ 187.

failed to give the borrower proper notice and even if there is doubt as to whether there is a bona fide purchaser).

Plaintiffs waived all defenses and objections once the Trustee's Sale concluded, including all defenses and objections disguised as claims asserted in this Complaint. *See Id; see also Grady v. Tri-City Nat'l Bank*, 2013 U.S. Dist. LEXIS 69102, *3-5 (D. Ariz. May 15, 2013). Moreover, any alleged lack of notice or failure to comply with noticing requirements also does not survive the waiver under A.R.S. § 33-811(C). Because Plaintiffs failed to timely assert their rights, Arizona law compels dismissal of this action with prejudice.

**C.    The TILA Claim Is Barred by the Statute of Limitations.**

Plaintiffs allege that SPS violated 15 U.S.C. § 1641(g) when it purportedly failed to provide certain disclosures upon receipt of the servicing rights to the Loan on June 1, 2013. Plaintiffs' claims under this statute, however, are barred by the applicable statute of limitations. Indeed, 15 U.S.C. § 1640(e) provides that any claim brought under 15 U.S.C. § 1641 must be filed "within one year from the date of the occurrence of the violation…" Here, Plaintiffs allege that SPS violated the statute on May 23, 2013, but commenced this action on July 20, 2017. Because Plaintiffs failed to timely bring this claim, it must be dismissed.

**D.    Lack of Materiality is Fatal to Plaintiffs' A.R.S. § 33-420 Claim.**

Plaintiffs allege that Defendants violated A.R.S. § 33-420 when they recorded the requisite non-judicial foreclosure documents precipitating the Trustee's Sale.[3] Notably, Plaintiffs do not allege that the Loan was current when these documents were recorded. Nonetheless, Plaintiffs' claim for violation of A.R.S. § 33-420 fails as a matter of law as the Arizona Court of Appeals has concluded that the recording of these type of documents, whether groundless, false, misstated or not, does not provide borrowers (like Plaintiffs here) with a cause of action under A.R.S. § 33-420. For this reason, as discussed more thoroughly below, Plaintiffs' claim must be dismissed with prejudice.

   *1.    The Non-Judicial Foreclosure Documents Are Immaterial to Plaintiffs.*

Plaintiffs' Complaint fails to provide any factual or legal basis that the purportedly

---

[3] *See* Complaint ¶ 269.

-6-
**MOTION TO DISMISS**

false non-judicial foreclosure documents were material to Plaintiffs, which is an essential element to any claim under A.R.S. § 33-420. Indeed, Plaintiffs' allegations regarding the non-judicial foreclosure documents do not absolve Plaintiffs of their default on the Loan or change their available options, which are "to repay the money pursuant to the terms of the note, renegotiate the terms of the note, or default and cause foreclosure." *Sitton v. Deutsche Bank Nat. Trust Co.*, 233 Ariz. 215, 222, 311 P.3d 237, 244 (App. 2013). Because these documents are immaterial to Plaintiffs' choices, this cause of action must be dismissed.

The Arizona Court of Appeals explained the law on this point in *Sitton*. "[A] homeowner may not recover damages or unwind a trustee's sale when recorded documents concerning transfers of the lenders' interest contain immaterial errors." *Sitton*, 233 Ariz. at 216, ¶ 1, 311 P.3d at 238. Accordingly, Plaintiffs' A.R.S. § 33-420 claim against Defendants requires proof that the non-judicial foreclosure documents contained a *material* misstatement or false claim to sustain the cause of action. *Id.* at 222, ¶ 34, 311 P.3d at 244. As a matter of law, Plaintiffs have not and cannot provide this evidence.

      a.    <u>*Sitton* Is Binding Precedent</u>.

The *Sitton* decision first recognized the materiality requirement for § 33-420 claims. The relevant factual allegations of *Sitton* are <u>identical</u> to this case. Nancy Sitton filed a complaint seeking quiet title and damages under A.R.S. § 33-420 based on allegedly false assignments and notices that were recorded before the trustee's sale of her home. *Id.* at ¶ 2. In February 2007, she executed a promissory note secured by a deed of trust on her home. *Id.* at ¶ 3. As in this case, the deed of trust provided that the note and deed of trust could be sold one or more times without notice. *Sitton* at 222, ¶ 3.

Ms. Sitton defaulted on her debt. *Id.* at 217, ¶ 7, 311 P.3d at 239. In August 2010, the following documents were recorded: (1) an assignment of the note and deed of trust; (2) a notice of substitution of trustee; and (3) a notice of trustee's sale. *Id.* at ¶ 6. The trustee's sale did not take place because Ms. Sitton agreed to a loan modification, but she then failed to make payments pursuant to the loan modification. *Id.* at ¶ 7. In May 2011, the following documents were recorded: (1) a second assignment of the note and deed of trust; (2) a second

notice of substitution of trustee; and (3) a second notice of trustee's sale. *Id*.

Just as Plaintiffs did in this case, Ms. Sitton filed a complaint against her current lender under A.R.S. § 33-420 seeking damages. *Id*. at ¶ 8. She alleged misstatements in the deed of trust assignments and notices of substitution of trustee recorded in August 2010 and May 2011, and in the notice of trustee's sale recorded in May 2011. *Id.* Ms. Sitton argued that her original lender (SFG Mortgage) was not authorized to make these assignments because (1) SFG Mortgage was not actually the lender and (2) SFG Mortgage had filed for bankruptcy and was dissolved by the corporation commission years before the recorded assignments were executed. *Id*. at 220-21, ¶ 27, 311 P.3d at 242-43.

After the Superior Court entered summary judgment against Ms. Sitton, the Arizona Court of Appeals affirmed. The Court of Appeals held, as a matter of law, that Ms. Sitton could not prevail on her claims under A.R.S. § 33-420 because the misrepresentations in the assignments were not material to her. *Id.* at 222, ¶¶ 33-34, 311 P.3d at 244. The *Sitton* Court began with a basic proposition: "[t]he obligation to pay, and the right to foreclose upon a failure to pay, was created by the note and the deed of trust – not other documents associated with closing." *Id*. at 221, ¶ 28, 311 P.3d at 243.

Significantly, the Court of Appeals agreed with Ms. Sitton that there were undisputed misstatements in the recorded documents about the assignment dates and the assignor's identity, but it still found that Ms. Sitton failed to state a claim because the misrepresentations **were not material to her**. *Sitton* at 221-22, ¶¶ 29, 33, 311 P.3d at 243-44 (emphasis added). None of those misrepresentations mattered because A.R.S. § 33-420 requires a plaintiff to prove a recorded document "contains a *material* misstatement or false claim or is otherwise invalid.'" *Id*. at 221, ¶¶ 30-31, 311 P.3d at 243. The *Sitton* Court clarified that "[a] misrepresentation is material if a reasonable person would attach importance to its existence or nonexistence in determining [his or her] choice of action in the transaction in question." *Id*. at ¶ 31 (internal quotations omitted). Accordingly, the Court of Appeals concluded that while "both recorded assignments falsely represented the assignment dates and the identity of the assignor for whom MERS was acting as nominee," those

misrepresentations were immaterial because they "could have no effect on Sitton's choice of actions." *Id*. at 221, ¶ 32, 311 P.3d at 243. The homeowner's choices at that point are "to repay the money pursuant to the terms of the note, renegotiate the terms of the note, or default and cause foreclosure." *Id*. at 222, ¶ 33, 311 P.3d at 244. "[L]iability on the note remain[s] the same no matter who was assigned as beneficiary, or when." *Id.*

Here, Plaintiffs provide no basis for their assertion that the non-judicial foreclosure documents are "material" to them, nor can they. As *Sitton* explained, the non-judicial foreclosure documents are not "material" to borrowers like the Plaintiffs in this case. Indeed, as Plaintiffs signed the Deed of Trust, their obligation was to pay on the Loan otherwise foreclosure will result. As Plaintiffs were not a party to the non-judicial foreclosure documents nor were any obligations imposed on Plaintiffs by these documents, they are not material to Plaintiffs. Accordingly, as materiality is an essential element of Plaintiffs' A.R.S. § 33-420 claim, and binding precedent prohibits a finding of materiality under the facts of this case, this cause of action must be dismissed with prejudice.

### E.     The Complaint Should Be Dismissed With Prejudice.

When dismissing for failure to state a claim, the court should grant leave to amend unless amendment would be futile. In this case, given that the law is settled against Plaintiffs' theories, amendment would be futile. *Albritton v. Tiffany And Bosco, P.A.*, CV 12-924-TUC-HCE, 2013 WL 3153848, at *12 (D. Ariz. June 19, 2013), citing *Mortgage Electronic Registration Systems Litigation MDL,* 2012 WL 1931365, at *4 (D.Ariz. May 25, 2012) (denying leave to amend "[b]ecause Plaintiff's claims depend on legal theories that have repeatedly been rejected by this Court, and in light of the foregoing analysis, the Court finds that Plaintiff's Complaint could not be cured of allegations of other facts and, thus, allowing Plaintiff to amend her Complaint would be futile.").

Additionally, leave to amend need not be granted where there exist circumstances "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v.*

*Davis,* 371 U.S. 178, 182 (1962). Here, Plaintiffs have filed two nearly identical lawsuits in an attempt to harass Defendants. Plaintiffs' abuse of the judicial system should not be rewarded and, therefore, the Complaint should be dismissed with prejudice.

### III. CONCLUSION.

Based on the foregoing, Plaintiffs' Complaint must be dismissed as it fails to state any claim upon which relief can be granted.

**WHEREFORE**, for all of the foregoing reasons, U.S. Bank, MERS and SPS respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice and award U.S. Bank, MERS and SPS their attorneys' fees and costs incurred herein, pursuant to A.R.S. §§ 12-341, 12-341.01 and 12-349, and for such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 27th day of September 2017.

**WRIGHT, FINLAY & ZAK, LLP**

/s/ *Jamin S. Neil*
JAMIN S. NEIL
Attorneys for *Defendants* U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3; Mortgage Electronic Registration Systems, Inc.; and Select Portfolio Servicing, Inc.

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of September 2017, I electronically transmitted the foregoing document and any attachments to the Office of the Clerk of the United States District Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants

Pablo A. Castellanos
Judith T. Castellanos
16809 S. 44th Street
Phoenix, Arizona 85048
judy.castellanos@hotmail.com
Plaintiffs *In Propria Persona*

/s/ *Gretchen Grant*
GRETCHEN GRANT

**MOTION TO DISMISS**