Paul M. Levine, Esq. (007202)
**McCARTHY HOLTHUS & LEVINE, P.C.**
8502 E. Via de Ventura, Suite 200
Scottsdale, Arizona 85258
Telephone:  (480) 302-4102
plevine@mhlevine.com
*Attorneys for Defendant Quality Loan Service Corp.*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PABLO A. CASTELLANOS and JUDITH T. CASTELLANOS, husband and wife,<br><br>        Plaintiffs,<br><br>v.<br><br>ENCORE CREDIT CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AKA MERS; BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I, LLC, ASSET-BACKED CERTIFICATES, SERIES 2007-HE3;  JPMORTGAGE CHASE BANK, N.A.; SELECT POERTFOLIO SERVICING, INC; QUALITY LOAN SERVICE CORP.; CALIFORNIA RECONVEYANCE CO.,<br><br>        Defendants. | Case No.:   2:17-cv-02428-SPL<br><br><br>**DEFENDANT QUALITY LOAN SERVICE CORPORATION'S MOTION TO DISMISS** |

Defendant, Quality Loan Service Corporation ("Quality"), moves to dismiss Plaintiff's' First Amended Complaint ("FAC"), pursuant to Rule 12, Federal Rules of Civil Procedure. The FAC fails to set forth a claim upon which relief can be granted against Quality. This Motion is supported by the attached Memorandum of Points and Authorities and the record in this case.

1

AZ-17-780242-CV

**Certificate of Conferral**

Pursuant to this Court's Order dated July 27, 2017 (Doc. 5), undersigned counsel certifies that the parties spoke September 22, 2017, regarding the viability of Plaintiffs' claims.  The parties were unable to resolve the matter via amendment or other means.  Undersigned counsel certifies that a motion to dismiss is the only available alternative at this point.

**Memorandum of Points and Authorities**

### I.    Factual Background and Allegations

This case concerns the real property located at 16405 S. 43rd Place in Phoenix, Arizona (the "Property"). (FAC, ¶ 11.) On or about January 19, 2007, Plaintiffs received a $312,000.00 loan, secured by a Deed of Trust ("DOT") encumbering the Property. (FAC, Exhibit 1.) Subsequently, on July 20, 2016, Quality, the then current trustee of the DOT, completed a trustee's sale of the Property and recorded a Trustee's Deed Upon Sale ("Trustee's Deed") with the Maricopa County Recorder, Recorder's No. 2016–0541587. U. S. Bank, N. A. is the Grantee pursuant to the Trustee's Deed.  A copy of the Trustee's Deed is attached hereto as **Exhibit "A"**.[1]

The FAC alleges a total of 6 claims, although only 5 are alleged against Quality: **Count One**: "Declaratory Judgment, Lack of Standing to Enforce Note and Deed of Trust/Void Assignment of Deed of Trust, Substitutio [sic] of Trustee, and Notices of Trustee's Sale"; **Count Two**: Breach of Contract; **Count Three**: Breach of the Duty of Good Faith and Fair Dealing; **Count Five**: "Proper Notice of Pending Foreclosure Was Not Provided"; and **Count Six**: Damages under A.R.S. § 333 [sic]–420 (A).

---

[1] Quality requests that the court take judicial notice of the Trustee's Deed pursuant to Rule 201, Federal Rules of Evidence. The Trustee's Deed can be accurately and readily determined from the Maricopa County Recorder's website, whose accuracy cannot reasonably be questioned. See, *Mulhall v. Wells Fargo Bank, N. A*., 2017 WL 952951 (N. D. Cal. 2017), (Publicly- recorded real estate instruments and notices are the proper subject of judicial notice, unless their authenticity is subject to reasonable dispute.); *Collins v. Wells Fargo Bank*, 2013 WL 3808097 (D. Ariz. 2013), (A court must take judicial notice if a party requests it and the court is supplied with the necessary information. Taking judicial notice does not convert a motion to dismiss into one for summary judgment.)

AZ-17-780242-CV

## II.      A.R.S. § 33–811(C) Bars All of Plaintiffs' Claims Against Quality

A.R.S. § 33–811(C) is an absolute bar to Plaintiffs' claims against Quality. Plaintiffs' failure to enjoin the trustee's sale constitutes a waiver of all defenses and objections to the sale. A.R.S. § 33–811(C) states as follows:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale. A copy of the order, the application for the order and the complaint shall be delivered to the trustee within twenty-four hours after entering the order.

This waiver provision has consistently been applied throughout Arizona in both state and federal courts. *Snyder v. HSBC Bank, USA, N. A*., 913 F. Supp. 2d 755 (D. Ariz. 2012); *BT Capital, LLC v. TD Service Co. of Arizona*, 229 Ariz. 299, 275 P. 3d 598, 600 (Sup. Ct. 2012), ("Under this statute [A.R.S. § 33–811(C)], a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief…. Where, as here, a trustee's sale is completed, a person subject to § 33–811(C) cannot later challenge the sale based on pre-sale defenses or objections."); *Madison v. Groseth*, 230 Ariz. 8, 279 P. 3d 633, 638 (App. 2012), ("It is undisputed Madison did not obtain an injunction prior to the trustee's sale of the Property. By operation of § 33–811(C), therefore, she waived all defenses and objections to the sale.")

## III.      A.R.S. § 33–811(E) Operates As an Absolute Conveyance of the Property

A.R.S. § 33–811(E) conveys the Property to U.S. Bank free and clear of any claims or interest of the Plaintiffs.

3

The trustee's deed shall operate to convey to the purchaser the title, interest and claim of the trustee, the trustor, the beneficiary, their respective successors in interest and all persons claiming the trust property sold by or through them, including all interest or claim in the trust property acquired subsequent to the recording of the deed of trust and prior to delivery of the trustee's deed. That conveyance shall be absolute without right of redemption and clear of all liens, claims or interests that have a priority subordinate to the deed of trust and shall be subject to all liens, claims or interests that have a priority senior to the deed of trust.

## IV.    Plaintiffs' Claims Should Be Dismissed

All of the claims against Quality should be dismissed. They are all barred by A.R.S. § 33–811(C).

### A.    Count One: Declaratory Judgment

In Count One, Plaintiffs seek an order "regarding the standing of the Defendants and the rights of the parties with respect to the Note, Deed of Trust, and the validity and enforceability of the Assignments, Substitution, and the Notice of Trustee Sale. Plaintiffs seek an order that the Defendants lack standing to enforce the Note and Deed of Trust, and that all recording against the property since 2007 are void and invalid." (FAC, ¶ 186.)

### B.    Count Two: Breach of Contract

In Count Two, Plaintiffs allege as follows: "In pursuing and conducting the Trustee' Sale the Defendants were in violation of the terms of the Note and Deed of Trust [and] of the deed of trust statutes and laws as set forth above, which are part of every contract. . . . (FAC, ¶'s 229, 230.)

### C.    Count Three: Breach of the Duty of Good Faith and Fair Dealing

In Count Three, Plaintiffs allege Quality breached the duty of good faith and fair dealing because it not "use good faith and deal fairly and declaring default and initiating and conducting the foreclosure." (FAC, ¶ 240.)

4

AZ-17-780242-CV

#### D.    Count Five: Proper Notice of Pending Foreclosure Was Not Provided

In Count Five, Plaintiffs allege that Defendants failed "to provide Plaintiffs proper notice of pending foreclosure." (FAC, ¶ 249.)

#### E.    Count Six: Damages under A.R.S. § 333 [sic]–420 (A)

In Count Six, Plaintiffs allege that Defendants "had actual knowledge of the defects in the recorded chain of title. Each Defendant contributed to cloud currently existing on the title [sic] to the Prop, represented by false, groundless, fraudulent and otherwise invalid documents recorded against the Property." (FAC, ¶ 271.)

### V.    Conclusion

Plaintiffs' failure to take obtain an injunction enjoining the trustee's sale is a complete bar to all of their claims. Accordingly, Plaintiffs FAC should be dismissed. Additionally, Quality requests that it be awarded its attorneys' fees pursuant to A.R.S. § 12–341.01 and A.R.S. § 33–807(E).

**RESPECTFULLY SUBMITTED** this 25th day of October, 2017.

**McCARTHY HOLTHUS & LEVINE, P.C.**

By:    */s/ Paul M. Levine*
Paul M. Levine
8502 E. Via de Ventura, Suite 200
Scottsdale, Arizona 85258
*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE:

This is to certify that a true and correct copy of the foregoing instrument has been electronically served on all parties/counsel of record on the 25th day of October, 2017 via CM/ECF filing system.

AZ-17-780242-CV