PABLO A. CASTELLANOS
JUDITH T. CASTELLANOS
16809 S. 44TH STREET
PHOENIX, AZ 85048
480-205-4035
Judy.Castellanos@hotmail.com

FILED ___ LODGED
RECEIVED ___ COPY

OCT 30 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PABLO A. CASTELLANOS AND JUDITH T. CASTELLANOS, Husband and Wife, <br><br> Plaintiff, <br><br> v. <br> Encore Credit, et, al., <br><br><br> Defendant. | CASE No: CV-17-02428-PHX-SPL <br><br><br><br> **RESPONSE TO MOTION TO DISMISS FIRST AMENDANT COMPLAINT** |

## I.    INTRODUCTION

Plaintiffs ( the "Castellanos"), hereby file their response to the Motion to Dismiss First Amendment Complaint (the "Motion") filed by Defendant US Bank, NA, Successor Trustee to LaSalle of the Holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007- HE3. The motions fails to demonstrate that any of Castellanos should be dismissed.

## II.    FACTUAL BACKGROUND

Facts needed for the determination of the Motion are discussed throughout this Response. However, a few facts are set for here, for easy reference.

- 1-19-07 Deed of Trust with Encore Credit Corporation as the Lender, and the nominee as MERS, is signed, #12 on First Amendment Complaint (FAC). (key provisions)

- In 2007 Encore Credit Corporation was acquired by Bear Stearns Residential #2 FAC

- 1-19-11 Trust, into which the loan was alleged sold, closed #39 FAC

- 1-29-08 Trust, into which loan was alleged sold, dissolved #24 FAC

- Certificateholders of the Trust owner the Note/are the Lender #30 FAC

- Trustee of the Trust is supposed to possess the Note #27 FAC

- Arizona statute defines "beneficiary" as the person whose benefits the trust deed is given #18 FAC

- MERS was never the true beneficiary under the DOT because it never possessed the Note and was never the Lender secured by the DOT #18 Steinberg V McVey ex rel. County of Maricopa, 234 Ariz. 125, 318 P.3d 419, 427 n. 9 (Ct. App.2014)(rev. denied Sept. 23, 2014) (MERS does not originate or lend money for home loans.")

### III.   LEGAL ANALYIS

#### A.  <u>The Standard Which Must Be Followed in Deciding This Motion to Dismiss</u>

At the motion to dismiss state, "the Court assumes that all facts alleges in Plaintiff's Complaint are true. Assuming the veracity [of] Plaintiff's representations, the Court then asks whether the allegation contained in the Complaint are 'plausible' to the extent a sufficient legal claim has made out. Blau v. America's Servicing Co., 2009 WL 3174823 at * 3(D. Ariz Sept. 29, 2009). See also, Corvello v Wells Fargo Bank N.A. 728 F. 3d 878, 884-885 (9th Cir. 2013)(the court must assume the allegation in complain are true, and refuse to consider contradictory "facts" argued by the bank, as "such a defense presents a factual dispute that cannot be resolved [at the motion to dismissed state]."

Federal courts in diversity matters must follow state law, even if not from the highest court of the state, and even if the federal court does not agree with the decision. West v Amercian Tel, & Tel. Co., 311 U.S. 233, 236-37, 61 S. Ct. 179 (1940).

B. **CERTIFICATE OF CONFERRAL**

a. Defendant claim that Plaintiffs failed to respond to undersigned counsel's email. Plaintiffs responded to Defendant on the following day. See Exhibit 1

C. **PLAINTIFFS FILED AN IDENTICAL LAWSUIT ON JULY 20, 2017**

Defendants assert in their motion that Plaintiffs filed an identical lawsuit on July 20, 2017, in this Court, and were assigned Case No. 2:17-cv-02428-DGC. Believe Defendants should have indicated Case No. 2: 17-cv- 02428-PHX-SPL. Plaintiffs will be filing a motion under pursuant to F.R. Civ P. 42 Consolidation; Separate Trials LRCiv 42.1. to combine the similar causes of action. As both cases have not been adjudicated.

Though Defendant alleges that both cases are identical they are not. The first complaints-list the First Cause of Action: Wrongful Foreclosure. Second Cause of Action: Quiet Title.

This Complaints alleges Declaratory Judgement, Lack of Standing to enforce note and deed of trust void assignment of deed of trust, substitution of trustee, and notices of trustee's sale, Breach of Contract, Breach of the Duty of Faith and Fair Dealings Precedent-Truth in Lending Notice of New Creditor, Proper Notice of Pending Foreclosure was not provided. and damages under A.R. S. 33-§ 420 (A). If there are any similarities Plaintiff's will be drafting motion pursuant to F.R. Civ P. 42 Consolidation; Separate Trials LRCiv 42.1.

D. **A.R. S. § 33-811 Bars all Plaintiffs' Claims**

Plaintiffs will be combining this action pursuant to F.R. Civ P.42 Consolidation; Separate Trials LRCiv 42.1. with Case No. 2: 17-cv- 02428-PHX-SPL. As both cases have not yet been adjudicated.

Defendant benefit from the acts of failing to provide Plaintiffs proper notice of pending foreclosure. When they knowingly knew Plaintiff did not reside in the State of California. Especially when all prior notifications had been sent to Plaintiffs home at 16405 S. 43rd Place Phoenix, AZ 85048.

On July 21, 2016, a sign was posted on Plaintiffs front door. That notice indicated, "Property was now under the management of JM Realty LLC 4902 E. McDowell Road #103Z, Phoenix, AZ 85008. It further stated to call Joseph Mahoney at 480.785.5612 for information or event of Emergency, Please call within 7 days from this date_____.

Plaintiffs became aware that their home of 20 years had been sold without their knowledge via a complaint they filed with the Arizona Attorney General's office. Plaintiffs were deprived of their due process. Curties V Richardson 212 Ariz. 308 (Ariz. Ct. App. 2006) "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaning full matter. Comeau v Ariz. State Bd of Dental Exam'rs, 1996 Ariz. 102, 106 X20, 993 P. 2d 1066, 1070-71 (App. 1999). Due Process also entitles a party to offer evidence and confront adverse witness. Application of Levine, 97 Ariz. 88, 91-92, 397 P. 2 D. 205, 207 (1964).

On January 9, 2017, at the time of the Emergency Motion to Writ of Restitution, Plaintiffs did not have the information from the Office of the District Attorney Orange County. Plaintiffs received notification from Office of the District Attorney Orange County District Attorney's Office on March 27, 2017. Such letter indicates, "The Orange County District Attorney's Office investigated a fraudulent loan modification company by the Name of National Preservation

Center.... On March 16, 2016, the Orange County District Attorney's Office served a search warrant upon the location.... As a result of the investigation, NPC was dismantled and no longer operating as of this date." Therefore, the letter that Select Portfolio purportedly sent on July 1, 2016 was not accepted at that location. The letter from the Office of the District Attorney further states, "I was made aware by the UPS center management that they were no longer maintaining correspondence on NPC's behalf.

Defendants knew or should have known Plaintiffs were not going to receive the postponement of the sale of their home if it was mailed to California a place where Plaintiffs have never resided. Defendants were fully aware that all prior correspondence had been mailed to Plaintiffs address in Arizona-16405 S. 43rd Place Phoenix, AZ 85048.

Plaintiffs are seeking an order from this Court, finding that the judgement of foreclosure was obtained in violation of Plaintiffs Constitutional rights; was obtained by means of fraud; and wants an order setting aside the judgement of foreclosure that was fraudulently obtained, and obtained in violation of the US and State Constitutional Rights of the Plaintiffs including, but not limited to 14th Amendment Due Process and Constitutional Violations. Plaintiff brings this under the Federal Rule of Civil Procedure Rule 60 (b) Grounds for Relief form a Final Judgement Order, (1) mistakes, inadvertence, surprises, or excusable neglect (2) newly discovered evidence that, with reasonable diligence could have not been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by opposing party; (any other reason that justifies relief.

Plaintiffs view A.R.S. § 33-811 (C) as unconstitutional because it deprive the Castellanos from thier due process. Roman Catholic Church of Anthony of Padua v Pennsylvania R. Co., F. 897, 907-08 (3rd Cir. 1913).

### E.   The TILA Claim is Barred by the Statute of Limitations.

Plaintiffs will be dismiss this cause of action.

### F.   LACK OF MATERIALITY IS FATAL TO PLAINTIFFS' A.R.S. §33-420 Claim.

Without the Note and DOT, there would be no loan and no controversy. The foundation upon which this lawsuit rests, is those two contracts; they must be enforced as written. "A valid contract must be given full force and effect even if its enforcement is harsh." Issak V Massachusetts Indem. Life Ins. Co. 101 Ariz 581, 584, 623 P.2d 11, 14 (in Banc 1981) (citing Goodman v Newzona Inv Co., 127 Ariz. 470, 421 P.2d 318 (1966)). A court may not "revise, modify, alter, extent, or remake; a contract. Id. It is interesting that the Moving Defendants now seek to escape the application of the terms of the very contracts which they alleged them the right to foreclose. Seeking to avoid application of contract terms, the Moving Defendants argue that those terms are somehow "unwarranted legal conclusions." Such an assertion is absolutely false, and the Steinberger Court easily recognized this. [O]nly the 'true', legally authorized trustee may by virtue of his position, exercise the power of sale." Steinberger, 318 P.3d at 429 n.13. The Moving Defendants continue to refuse to recognize the binding effect of Steinberg, directly on-point.:

Specifically, the complaint alleges that Respondents failed to quality as the "Note Holder" or "Lender under the note and deed of trust, and that they failed to comply with certain procedures that the note and the deed of trust required them to complete before they

could attempt to foreclose on her home. These requirements include sending a 30-day notice of default and giving notice of the default to the trustee.

Respondents attempt to characterize these allegation as "show-me-the note" argument. However, Steinberger does not argue that the true beneficiary must who the note prior to foreclose. Instead, she argues that prior to initiating foreclosure proceedings, the true beneficiary or trustee must at least follow the enforcement provisions contained in the note and deed of trust. Here, Steinberger contends that if Respondents are in fact the true beneficiaries or trustees of the deed of trust, their failure to comply with these provisions constitutes breach of the note and deed of trust. These allegations specially allege breach of the deed of trust and promissory note.

Moving Defendants arguments that these allegations are somehow legal conclusions, or that they do not state a claim, are contradicted by on-point law which this Court must follow. White v Aurora Loan Services, LLC, 2014 WL 5080904 at *4-6 (D.Ariz. Oct. 9, 2014)(holding, based on Steinberger, that claims for unconscionability and lack of authority to conduct a trustee's sale were well-pled and admonishing Nationstar and Aurora to research Arizona law before filling any dispositive motions, and to cite "on-point controlling legal authority like Steinberger.") (Emphasis supplied.)

According to the Defense, Plaintiffs cannot state any claim premised on allegations that the Defendants are not the proper parties to enforce the Note and Deed of Trust. In spite of the fact that several on-point Arizona cases clearly provide that a borrower can plead a valid cause of action to prevent/avoid a trustee's sale based on lack of authority to conduct such sale as Steinberger 318 P.3d at 429 q.38.

The Defendants would have to this Court believe that only the statutes need to be followed in order to conduct a valid foreclosure sale. A reading of the statute themselves, belies this position. A.R.S. §33-807 (A), requires a default under the contract before foreclosure can be initiated. Whether a default has occurred can be determined only by interpreting the Note and the Deed of Trust. Those contracts are clear: only the Lender can declare a default, only the Lender is secured by the Deed of Trust, only the Lender can notify the trustee that "deed of trust sale are conducted on a contract theory under the power of sale authority of the trustee." In re Krohn, 203 Ariz. 205, 208, 52 P.3d 774, 777 q8 (En Banc 2002) Conditions precedent to foreclosure found in the Deed of Trust must be followed as long as those terms do not contradict the deed of trust status. Krohn, 203, Ariz. At 212, 52 P.3 at 781.

That being said, the Castellanos find it telling that the Moving Defendants never reveal who allegedly possess the Note. In order to demonstrate that status of Lender, the only entity which can be clear default under this loan and tell the trustee to foreclose, that entity must show that it is the Note Holder as defined, and the DOT must be assigned to the same entity. The Moving Defendants claim that the loan is in that Trust. Under the terms of the Trust the note had to be turned over to the Trust by the closing date March 30, 2007.

The Moving Defendants claim that even though the DOT requires the Lender to send written default notice to the trustee of the deed of trust, that such notice can instead by sent by an agent of the Lender/Note Holder. Not so. The DOT does not mentions in certain places, that the Lender or its agent can perform an act. But when the Lender's duty to write to the trustee notifying the trustee occurrence of an event of default and of Lender's election to foreclosure on the property is described, the words "or its agent" don not appear. Under the doctrine of "expressi uni us exclusion alterius," the failure of Paragraph 22 to state an agent can perform

those acts, means an agent cannot perform those acts. Cent. Hous. Inv. Corp v Fed. Nat. Mortg. Ass'n, 74 Ariz. 308, 310-11, 248 P.2d 866, 867 (1952). Therefore lenders must strictly comply with the Deed of Trust status, and the statutes and the Deeds of Trust must strictly construed in favor of the borrower. Patton v First Fed. Sav. & Loans Ass'n, 118Ariz. 472, 477, 578 P.2d 152, 156 (in Banc 1978)

The Castellanos have plausibly alleged that no Defendant is the Lender/Note Holder, and no Defendant is secured by the DOT. Plaintiffs have alleged that the servicer cannot be an agent for U.S. Bank and U.S. Bank  as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3 by JP Morgan Chase Bank, National Association. U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3 is not the agent of the Lender. These well-pled allegation must be accepted as true.

In a recent Arizona Case Decision By H. Russel Holland United States District Judge for the case of Jay N. Gardner v Nationstar Mortgage, LLC, et 2:13 cv-1641-HRH consolidated with 2:13-cv-2478-HRH

**Allegations that Defendants are not the Lender on Note Holder**

**Plaintiffs have alleged that the person who signed the First Assignment was not authorized to do so. Plaintiffs have pled a plausible claim that the First Assignment was invalid.  It appears to the court that plaintiffs are challenging more than the MERS system. They are challenging the authority of the people who were actually signing documents for MERS.**

**The court concludes for purpose of the motions to dismiss that plaintiffs have stated a plausible claim that defendants laced authority to conduct the trustee's sale (presently noticed but held in abeyance) because the First Assignment was not valid.**

Under recent on-point Arizona state law, the Castellanos have stated claims under A.R.S. 33-420 as to invalidly recorded documents. See Stauffer v U.S. Bank NA., 233 Ariz 22, 308 P.3d 1173 (Ct. App 2013). Under Stauffer, recorded foreclosure documents including an assignment of deed of trust, a notice of substitution of trustee, and a notice of trustee's sale, are all documents covered by the statute. 308 P.3d at 1177-78q15. The court specifically found that even though the borrowers had not paid off their loan obligation, they were still "owners" of the property under the statute, and could therefore assert a claim. 308 P3d at 1179q22.

The Ninth Circuit has faithfully applied Stauffer, and reversed the Arizona District Court which had dismissed claims under A.R. S. 33-420 for recording of false assignments, notices of substitution of trustee, and notice of trustee's sale. In re Mortgage Elec. Registration Systems, Inc. 754 F.3d 772, 782-83 (9th Cir 2014). The Ninth Circuit found that plaintiffs alleged the documents were forged because they were "rob signed," that notices of trustee's sale were notarized in blank and later singed by individuals not named in the document, and for other reasons, the plaintiffs stated claims under the statute, Id at 783 The Ninth Circuit found these allegations "plausibly suggested an entitlement to relief, city Ashcroft v Iqbal, 556 U.S. 662, 681, 129 S. Ct 1937 (2009), Id at 784.

In re Kirland, 915 F. 2d 1236, 1238-39 (9th Cir. 1990) plaintiff must plead materiality to state a claim for recording of "forged," "groundless," or "otherwise invalid." Documents. In recent Arizona Court of Appeal cases and recent Ninth Circuit case found that defendants

recorded invalid documents without conducting any materiality analysis. See Williamson v PVOrbit, Inc., 236 P. 3d77, 80 (Ariz Ct. App 2011) (concluding that subcontractor's lien was "invalid" on the basis of A.R.S. § 33-1002's owner-occupant exception without any materiality analysis); Delmastro & Eells v Taco Bell Corp, 263 P. 3D 683, 691 (Ariz. Ct. App 2011) (mechanic's lien was invalid "because the description of the jobsite and labor and materials it had provided in its preliminary notices were legally inadequate" under A.R.S. §§ 33-981- (D), 33-992.01 (B), and summary judgement for plaintiff was proper under A.R.S. §33-420 (A) because defendant had reason to know if invalidity; no analysis of whether invalidity was "material"); In re Mortg. Elec Registration Sys., Inc.754 F. 3d 772, 783-84 (9th Cir 2014) (allegations that defendants' recorded documents were "invalid because they [we] re 'robo-signed (forged)'" sufficiently to state a claim under . § 33-420 (A) without any analysis of materiality).

In Sitton, 311 P 3d at 243 (citations and quotation mars omitted). In light of the three specific terms that precede "otherwise invalid" and the fact that "material" only modifies "misstatement or false claim," the phrase "otherwise invalid." Invalid, BLACK'S LAW DICTIONARY (10 ed 2014); see e.g. State v Taylor, 312 P. 2 162, 164 (Ariz 1957) (demonstrating that the use of word "otherwise" sometimes results in broadening, rather than narrowing, of the words that precede it, depending on the context in which it is used).

Invalid means "[n]ot legally binding." Invalid, BLACK'S LAW DISCTIONARY (10TH ED. 2014).

G.   The Moving Defendants make no argument regarding the well-pled claim for Breach of Contact and Breach of the Duty of Good Faith and Fair Dealing. Therefore, the Motion pertaining to Count 2 and Count 3 must be allowed to stand.

H. Amendments Should be Allowed if Any Claims Are Dismissed.

In the event this Court dismisses any Count of the FAC, Plaintiffs request leave to amend to rectify the deficiencies. Lopez v Smith, 203 F.3d 122, 1127 (9th Cir. 2000)(leave to amend should be granted unless the pleading could not possible be cured by the allegation of other facts).

IV.   CONCLUSION

Based on the foregoing, the Castellanos respectfully request that the Motion be denied in its entirety, and that they be allowed to move forward on the merits of all their claims and seek the declaratory and other relief requested. In the event any portion of the Motion is granted, Plaintiffs request leave to amend. Plaintiffs also seek to Consolidation pursuant to F.R. Civ P. 42 Consolidation; Separate Trials LR Civ 42.1 to combine the similar causes of action.

RESPECTFULLY SUBMITTED this 30 day of October, 2017.

By: _____

Judith Castellanos and Pablo Castellanos

Pro Se Plaintiffs


Pablo and Judith   Castellanos
16809 S. 44th Street
Phoenix,, Arizona 85048
480-205-4035
Judy.Castellanos@hotmail.com

**EXHIBIT 1**

# Re: Castellanos v. Encore Credit, et al., Case No. 2:17-cv-02428-SPL

Jamin S. Neil <jneil@wrightlegal.net>

Wed 9/27/2017 7:08 AM

To:Judy Castellanos <Judy.Castellanos@hotmail.com>;

Yes, that works.

Jamin S. Neil

On Sep 27, 2017, at 7:04 AM, Judy Castellanos <Judy.Castellanos@hotmail.com> wrote:

> Good Morning,
>
> I'm available today at 11:45 to speak to you. Let me know if this time works for you.
>
> Thank you,
>
> Judy

---

**From:** Jamin S. Neil <jneil@wrightlegal.net>
**Sent:** Tuesday, September 26, 2017 9:30 AM
**To:** 'Judy Castellanos'
**Subject:** RE: Castellanos v. Encore Credit, et al., Case No. 2:17-cv-02428-SPL

Ms. Castellanos,

I will be leaving the office at 3:00 p.m. on Wednesday. Do you have time today or earlier Wednesday?

Jamin

**Jamin S. Neil, Esq.**
Associate Attorney
*Licensed in Arizona*

**<image001.gif>**
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
(602) 842-3368 Direct
(949) 608-9142 Fax
(949) 477-5050 Main
**Wright, Finlay & Zak: Your Western Regional**
**Counsel for California, Nevada, Arizona,**
**Washington, Oregon, Utah and New Mexico**

PLEASE BE ADVISED THAT THIS FIRM IS A DEBT
COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY
INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE.

Confidentiality Note: The information contained in this email is
privileged and confidential and is intended only for the use of the
individual or entity named If the reader of this email is not the
intended recipient, you are hereby notified that any distribution or
copy of this email is strictly prohibited. If you have received this email
in error, please notify the sender by telephone immediately at (949)
477-5052 and arrangements will be made for the return of this
material. Thank You.

---

**From:** Judy Castellanos [mailto:Judy.Castellanos@hotmail.com]
**Sent:** Monday, September 25, 2017 6:53 PM
**To:** Jamin S. Neil
**Cc:** Kim R. Lepore
**Subject:** Re: Castellanos v. Encore Credit, et al., Case No. 2:17-cv-02428-SPL

Hello Jamin,

We are available to speak to you on Wednesday, September 27, 2017 at 6:15 p.m. Please let us know if this day and time works for you.

Thank you,

Judith & Pablo

---

**From:** Judy Castellanos
**Sent:** Friday, September 22, 2017 11:15 AM
**To:** Jamin S. Neil
**Cc:** Kim R. Lepore
**Subject:** Re: Castellanos v. Encore Credit, et al., Case No. 2:17-cv-02428-SPL

Hello Jamin,

We will check our schedule and get back to you on Monday, September 25th so see if we can speak to you on Wednesday, September 27, 2017.

Regards,

Judith & Pablo Castellanos

---

**From:** Jamin S. Neil <jneil@wrightlegal.net>
**Sent:** Wednesday, September 20, 2017 1:06 PM
**To:** 'Judy Castellanos'
**Cc:** Kim R. Lepore
**Subject:** RE: Castellanos v. Encore Credit, et al., Case No. 2:17-cv-02428-SPL

Hello,

Unfortunately, I will be out of the office next Thursday and Friday. I am, however, available earlier in the week.

Jamin

**Jamin S. Neil, Esq.**
Associate Attorney

*Licensed in Arizona*

<image001.gif>

16427 N. Scottsdale Road, Suite 300

Scottsdale, Arizona 85254

(602) 842-3368 Direct

(949) 608-9142 Fax
(949) 477-5050 Main

**Wright, Finlay & Zak: Your Western Regional
Counsel for California, Nevada, Arizona,
Washington, Oregon, Utah and New Mexico**

<image002.jpg>

PLEASE BE ADVISED THAT THIS FIRM IS A DEBT
COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY
INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE.

Confidentiality Note: The information contained in this email is privileged and confidential and is intended only for the use of the individual or entity named If the reader of this email is not the intended recipient, you are hereby notified that any distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify the sender by telephone immediately at (949) 477-5052 and arrangements will be made for the return of this material. Thank You.

**From:** Judy Castellanos [mailto:Judy.Castellanos@hotmail.com]
**Sent:** Tuesday, September 19, 2017 5:12 PM
**To:** Jamin S. Neil
**Cc:** Kim R. Lepore
**Subject:** Re: Castellanos v. Encore Credit, et al., Case No. 2:17-cv-02428-SPL

Hello Jamin,

We are in receipt of your email. We will respond to your email below, but would also like to speak to you next week. Are you available next Thursday, September 28th at 12:30? Please let us know if this date and time works for you.

Thank you,

Judith & Pablo

**From:** Jamin S. Neil <jneil@wrightlegal.net>
**Sent:** Tuesday, September 19, 2017 9:54 AM
**To:** 'judy.castellanos@hotmail.com'
**Cc:** Kim R. Lepore
**Subject:** RE: Castellanos v. Encore Credit, et al., Case No. 2:17-cv-02428-SPL

Hello,

Following up on my email below.

10/29/2017, 11:38 PM

Jamin

**Jamin S. Neil, Esq.**
Associate Attorney

*Licensed in Arizona*

**<image001.gif>**

16427 N. Scottsdale Road, Suite 300

Scottsdale, Arizona 85254

(602) 842-3368 Direct

(949) 608-9142 Fax
(949) 477-5050 Main

**Wright, Finlay & Zak: Your Western Regional Counsel for California, Nevada, Arizona, Washington, Oregon, Utah and New Mexico.**

**<image002.jpg>**

PLEASE BE ADVISED THAT THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Confidentiality Note: The information contained in this email is privileged and confidential and is intended only for the use of the individual or entity named If the reader of this email is not the intended recipient, you are hereby notified that any distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify the sender by telephone immediately at (949) 477-5052 and arrangements will be made for the return of this material. Thank You.

**From:** Jamin S. Neil
**Sent:** Monday, September 18, 2017 2:09 PM
**To:** 'judy.castellanos@hotmail.com'
**Cc:** Kim R. Lepore
**Subject:** Castellanos v. Encore Credit, et al., Case No. 2:17-cv-02428-SPL

Mr. and Mrs. Castellanos,

We represent U.S. Bank, MERS and SPS in the above-referenced matter. The purpose of this email is to advise of our intent to file a Motion to Dismiss this action for failure to state a claim upon which relief can be granted and to discuss whether such a motion can be avoided.

As you know, the subject real property foreclosed on July 20, 2016. Because you did not obtain a Court Order enjoining this sale, all of your foreclosure-related claims are waived under Arizona law (specifically A.R.S. § 33-811(C)). Accordingly, claims one, two, three and five of the First Amended Complaint fail as a matter of law.

Claim four of the First Amended Complaint alleges that SPS violated 15 U.S.C. § 1641(g) when it purportedly failed to provide certain disclosures upon receipt of the servicing rights to the Loan on June 1, 2013. However, 15 U.S.C. § 1640(e) provides that any claim under this statute must be brought within one year. Because you did not file this action until July 20, 2017, the claim is barred by the statute of limitations.

Finally, your claim for an alleged violation A.R.S. § 33-420 fails for lack of materiality. Indeed, the Arizona Court of Appeals affirmatively found that any misrepresentations in non-judicial foreclosure documents are immaterial to borrowers such as yourselves because you were not a party to these documents nor were any obligations imposed on you by these documents. *Sitton v. Deutsche Bank Nat. Trust Co.*, 233 Ariz. 215, 222, 311 P.3d 237, 244 (App. 2013).

We are hopeful that this matter can be resolved without filing the above-mentioned motion. However, we do not find any merit to your Complaint. Moreover, you appear to have abandoned a prior lawsuit (2:17-cv-00437-DJH), which we anticipate will also be dismissed shortly. The multiple lawsuits asserting similar claims surrounding U.S. Bank's foreclosure of the subject Deed of Trust allow us to request an award our clients' attorneys' fees and costs incurred in defending these actions pursuant to A.R.S. §§ 12-341, 12-341.01 and 12-349.

Please contact me if you feel further discussion of this matter is warranted.

Jamin

**Jamin S. Neil, Esq.**
Associate Attorney

*Licensed in Arizona*

<image001.gif>
16427 N. Scottsdale Road, Suite 300

Scottsdale, Arizona 85254

(602) 842-3368 Direct

(949) 608-9142 Fax

(949) 477-5050 Main

**Wright, Finlay & Zak: Your Western Regional Counsel for California, Nevada, Arizona, Washington, Oregon, Utah and New Mexico.**

**<image002.jpg>**

PLEASE BE ADVISED THAT THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Confidentiality Note: The information contained in this email is privileged and confidential and is intended only for the use of the individual or entity named If the reader of this email is not the intended recipient, you are hereby notified that any distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify the sender by telephone immediately at (949) 477-5052 and arrangements will be made for the return of this material. Thank You.