Jacob B. Maskovich, (No. 021920)
Daniel P. Crane, (No. 030623)
BRYAN CAVE LLP, #00145700
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Fax: (602) 364-70
jamaskovich@bryancave.com
dan.crane@bryancave.com

Attorneys for JPMorgan Chase Bank, N.A.
and California Reconveyance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pablo A. Castellanos and Judith T. Castellanos, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Encore Credit Corporation; Mortgage Electronic Registration Systems, aka "MERS"; Bank of America, National Association as Successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities ILLC, Asset-Backed Certificates, Series 2007-HE3; JPMorgan Chase Bank, N.A.; Select Portfolio Servicing, Inc.; Quality Loan Service Corp.; California Reconveyance Co.,<br><br>Defendants. | No. CV-17-02428-PHX-SPL<br><br>**JPMORGAN CHASE BANK, N.A. AND CALIFORNIA RECONVEYANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Plaintiffs' Response (Doc. 54) makes clear that Plaintiffs' claims against Defendant JPMorgan Chase Bank, N.A. ("Chase") and California Reconveyance Company ("CRC," and collectively with Chase, "Chase Defendants") fail for at least two

reasons: 1) the Chase Defendants did not record any documents against the property at issue after October 2012 and Chase transferred servicing rights in June 2013; and 2) the Chase Defendants did not have any interest in the loan after 2013 or any involvement in the trustee's sale that occurred in 2016.

Plaintiffs' first, third, and fifth counts all rely on impropriety in conducting the trustee's sale. With regard to the Chase Defendants, these claims fail. Plaintiffs do not allege – nor could they in good faith - that the Chase Defendants caused the trustee's sale to occur. Rather, Plaintiffs affirmatively admit that Chase transferred servicing rights as of June 1, 2013.

Plaintiffs' fourth cause of action asserts a TILA violation from the transferring of servicing in 2013. Plaintiffs were required to bring this claim, at the latest, by June 2014. 15 U.S.C. § 1640(e) Similarly, Plaintiffs' sixth cause of action seeks damages pursuant to A.R.S. § 33-420, which must be brought within four years of the recording at issue, and all claims for wrongful recording against the Chase Defendants expired by October 2016 at the latest.

The Chase Defendants respectfully request this Court dismiss Plaintiffs' claims with prejudice as to the Chase Defendants.

**I.  Statute of Limitations Bars Improper Recording Claims.**

Plaintiffs' concede in their Response that "Chase and CRC did not record any documents after October 2012 . . . ." [Doc. 54, p. 5] Claims under A.R.S. § 33-420 are subject to a four-year limitations period from the date of the recording. *Sitton v. Deutsche Bank Nat. Tr. Co.*, 233 Ariz. 215, 219, 311 P.3d 237, 241 (Ct. App. 2013); *Gonzalez v. BAC Home Loan Servicing L.P.*, No. CV15-0032, 2015 WL 12952699, at *4 (D. Ariz. Apr. 20, 2015). Plaintiffs' claims against the Chase Defendants based upon any alleged improper recording are barred by the statute of limitations.

Moreover, even if not time-barred, the Chase Defendants' recordings at issue are not material. Assignments of deeds of trust and noticed, but subsequently cancelled, trustee's sales are deemed not material under § 33-420(A). *Sitton*, 233 Ariz. at 219, 311

2

963912\0561429

P.3d at 241 (holding that alleged misrepresentations in assignments to a deed of trust are not material); *Gonzalez v. BAC Home Loan Servicing L.P.*, No. 2015 WL 12952699, at *4 (holding that alleged misrepresentations in recording a notice of trustee's sale and cancellation thereof are immaterial). Here, Chase recorded assignments of the Deed of Trust, and CRC recorded notices of trustee's sales that were each subsequently cancelled. Thus, the documents the Chase Defendants recorded are insufficient as a matter of law to support a wrongful recording claim under A.R.S. § 33-420(A).

Therefore, Plaintiffs' sixth count fails.

## II. Statute of Limitations Bars Plaintiffs' TILA Claim.

TILA claims have one-year statute of limitations. Plaintiffs admit that Chase transferred servicing on June 1, 2013. [Compl. ¶ 37] Plaintiffs were required to bring suit within one year. They did not. Therefore, Count four fails as a matter of law.

## III. The Chase Defendants did not Conduct the 2016 Trustee's Sale.

Plaintiffs' Response asserts that Plaintiffs were not "aware that their home of 20 years had been sold" and seek "an order from this Court, finding that the judgment of foreclosure" was improper. (Doc. 54 at 3-4) Plaintiffs also allege that "Defendant" benefitted from an alleged failure to give notice and that "Defendants" knew that Plaintiffs would not allegedly receive the notice provided. This group-style pleading is improper, but, regardless, these allegations cannot relate to the Chase Defendants because Plaintiffs concede the Chase Defendants no longer acted in any capacity with regards to the loan after June 1, 2013 – three years before the trustee's sale. All of Plaintiffs' claims related to the foreclosure sale are misplaced as against the Chase Defendants.

Even if the Chase Defendants did have any interest in the loan or deed of trust in 2016, which they did not, A.R.S. § 33-811(C) bars Plaintiffs' claims because Plaintiffs failed to raise their defenses by 5 p.m. the day before the sale. *Lehnerd v. Mortg. Elec. Registration Sys., Inc.*, 689 F. App'x 875 (9th Cir. 2017) (plaintiff "failed to obtain injunctive relief before the trustee's sale of the property, and he therefore waived any defenses and objections to the sale.").

3

Moreover, Plaintiffs' challenge to the constitutionality of A.R.S. § 33-811 on grounds of due process for lack of notice in 2016 not only lacks merit but also cannot possibly relate to the Chase Defendants because the Chase Defendants did not notice or conduct the trustee's sale.  Counts one, two, three and five all depend on an improper foreclosure and, as such, fail against the Chase Defendants.

**IV.   CONCLUSION.**

Plaintiffs' claims against the Chase Defendants are untimely and fail to state a claim for relief as a matter of law.  The Chase Defendants request this Court dismiss the Complaint with prejudice and without leave to amend.

DATED this 5th day of December, 2017.

BRYAN CAVE LLP


By *s/Daniel P. Crane*
   Jacob A. Maskovich
   Daniel P. Crane
   Two N. Central Avenue, Suite 2100
   Phoenix, AZ 85004-4406
   Attorneys for JPMorgan Chase Bank, N.A. and California Reconveyance Company

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

4

963912\0561429

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and sent a copy via U.S. mail to:

Pablo A. Castellanos
Judith T. Castellanos
16809 S. 44th Street
Phoenix, AZ 85048

s/*Cristina Daniels*

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

5

963912\0561429