IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pablo A Castellanos, et al.,<br><br>  Plaintiffs,<br>vs.<br><br>Encore Credit Corporation, et al.,<br><br>  Defendants. | No. CV-17-02428-PHX-SPL<br><br>**ORDER** |

Plaintiffs Pablo A. Castellanos and Judith T. Castellanos (together, the "Plaintiffs") filed suit against several defendants alleging multiple causes of action related to the foreclosure of the real property located at 16405 South 43rd Place, Phoenix, Arizona, 85048 (the "Property"). (Doc. 12 at 4)  Certain defendants, Mortgage Electronic Registration Systems, Select Portfolio Servicing Incorporated, U.S. Bank, N.A.[1], JPMorgan Chase Bank NA, and California Reconveyance Company (collectively, the "Defendants") have moved to dismiss the Plaintiffs' claims against them (the "Motion to Dismiss"). (Doc. 30; Doc. 37)  The Court's ruling is as follows.

**I.   Background**

On January 19, 2007, the Plaintiffs refinanced the Property by entering into an adjustable rate note and a deed of trust (together, the "Loan") for the amount of $312,000

---

[1] The Court notes that U.S. Bank, N.A. filed the Motion to Dismiss in conjunction with the other Defendants and states that it has been erroneously referred to as Bank of America, National Association in pleadings and on the Court's docket.

with Defendant Encore Credit Corporation. (Doc. 12 at 4)  Defendant Mortgage Electronic Registration Systems ("MERS") was originally named as beneficiary under Loan, but MERS reassigned its interest in the Loan over time to Defendant U.S. Bank and Defendant Quality Loan Service Corporation as substitute trustee. (Doc. 12 at 7, 28) At some point, the Plaintiffs defaulted on the Loan, and the defendant in possession of the Loan began the foreclosure process.  The Plaintiffs received at least four notices of pending trustee's sales on the Property between January 2011 and October 2015. (Doc. 12 at 13; Doc. 12-1 at 4)  On January 15, 2016, a fifth notice of trustee's sale was recorded, scheduling a sale of the Property on April 19, 2016. (Doc. 12-1 at 9)  The Plaintiffs allege that they did not receive notice of the sale, but Exhibit 37 to the Complaint is a sworn affidavit by Plaintiff Pablo Castellanos in which he acknowledges receipt of the notice. (Doc. 12-1 at 12; Doc. 1-1 at 131)  The Plaintiffs did not take any action to enjoin the trustee's sale.  The trustee's sale moved forward on July 20, 2016, and title to the property was conveyed to Defendant U.S. Bank, N.A. on July 28, 2016. (Doc. 12-1 at 12, Doc. 30 at 3)

In July 2017, the Plaintiffs filed this suit seeking declaratory judgment and damages (the "Complaint"), arguing that because the initial deed transfer from Defendant Encore Credit Corporation to MERS was improper, each subsequent deed transfer and the trustee's sale was invalid. (Doc. 12; Doc. 12-1)  On September 27, 2017, the Defendants filed the Motion to Dismiss on all of the Plaintiffs' claims. (Doc. 30)

**II.    Legal Standard**

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a

cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacificia Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In deciding a motion to dismiss, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.*; *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

## III. Analysis

The Defendants move to dismiss all of the Plaintiffs' claims because (i) the claims related to foreclosure of the Property are barred by A.R.S. §33-811, (ii) the Plaintiffs' fail to allege that the errors giving rise to their claim under A.R.S. § 33-420 were material, and (iii) the Truth in Lending Act claim is barred by the statute of limitations. The Court addresses each issue in turn.

### **Counts 1–3, 5 - Claims Related to Property Foreclosure**

The Defendants argue that all of the Plaintiffs' claims related to the foreclosure of the Property are barred by A.R.S. §33-811, which states that a trustor and all persons who receive a notice of a sale under a trust deed "waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale." (Doc. 49 at 2); Ariz. Rev. Stat. Ann. § 33-811. The Defendants argue that the notice of trustee's sale of the Property was recorded on January 15, 2016, and the Plaintiffs had actual notice of the sale based on correspondence in which the Plaintiffs admitted that they received notice of the sale on January 22, 2016. (Doc. 30 at 3; Doc. 49 at 2)

In the Complaint, the Plaintiffs argue that the notice of trustee's sale was not sent to the proper address, and therefore the Plaintiffs were not provided with proper notice of the trustee's sale. (Doc. 12-1 at 12)  The Plaintiffs mention that the notice of trustee's sale was filed on January 15, 2016. (Doc. 12 at 9)  However, the Plaintiffs also direct the Court's attention to Exhibit 37 of the Complaint, which is an affidavit by Plaintiff Pablo Castellanos in which he states that "[o]n January 22, 2016 [he] received Notice of Trustee's Sale in the mail." (Doc. 12-1 at 12; Doc. 1-1 at 131)

In interpreting A.R.S. § 33-811, courts have held that if a party fails to obtain injunctive relief to resolve its objection to a properly noticed trustee's sale, then the party has waived all pre-sale defenses or objections to the sale. *Hermosillo v. Caliber Home Loans Inc.*, 2017 WL 2653039, at 3–4 (D. Ariz. June 20, 2017).  Even construing facts in the light most favorable to the Plaintiffs, the exhibits to the Complaint demonstrate through Plaintiff Pablo Castellanos' sworn affidavit that the Plaintiffs received notice of the trustee's sale. (Doc. 1-1 at 131)  The Court finds that the Plaintiffs have demonstrated that they had notice of the trustee's sale, and it is clear that the Plaintiffs failed to obtain an injunction prior to the sale. (Doc. 12-1 at 12; Doc. 1-1 at 131)  Accordingly, the Court finds that each of the Plaintiffs' claims related to the foreclosure sale are all waived pursuant to A.R.S. § 33-811.  Accordingly, the Plaintiffs do not set forth facts sufficient to allege a cognizable legal cause of action.  The Defendants' Motion to Dismiss will be granted on Counts 1, 2, 3, and 5, and these claims will be dismissed with prejudice.

**Count 6 - Damages Pursuant to A.R.S. § 33-420**

The Plaintiffs allege that the Defendants violated A.R.S. § 33-420 when they recorded void or invalid documents, including notices of trustee sales and other assignment documents. (Doc. 12-1 at 35–38)  The Defendants argue that the Plaintiffs' claim alleging their violation of A.R.S. § 33-420 should be dismissed because the errors alleged by the Plaintiffs are immaterial and therefore do not provide the Plaintiffs with a cause of action. (Doc. 30 at 6)

A.R.S. § 33-420 states that a person claiming an interest in real property, who

4

causes a document asserting such interest to be recorded knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable for damages. Ariz. Rev. Stat. Ann. § 33-420. A claim for damages pursuant to § 33-420(A) is available if a plaintiff alleges that a notice of trustee sale, a notice of substitution of trustee, or an assignment of a deed of trust were falsely or fraudulently recorded. *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 782 (9th Cir. 2014).

In *Kester v. CitiMortgage Inc.*, the United States Court of Appeals for the Ninth Circuit addressed the issue of whether a plaintiff must allege a material error in a trustee's sale document in order to survive a motion to dismiss on a claim pursuant to A.R.S. § 33-420. *Kester v. CitiMortgage Inc.*, 709 F. App'x 869, 872 (9th Cir. 2017). In *Kester*, the court held that neither the *Sitton v. Deutsche Bank Nat. Trust Co.* case nor the *Stauffer v. Premier Service Mortgage* case held that materiality was a necessary element of a claim under A.R.S. § 33-420. *Id.* at 872 (stating that those cases do not clearly hold that a plaintiff must plead materiality to state a claim for recording of "forged," "groundless," or "otherwise invalid" documents); (referencing *Sitton v. Deutsche Bank Nat. Trust Co.*, 233 Ariz. 215, 311 P.3d 237 (2013); *Stauffer v. Premier Service Mortgage, LLC*, 240 Ariz. 575, 382 P.3d 790 (2016)). Instead, the *Kester* court held that a plaintiff need only plead materiality for claims alleging material misstatement or false claims. *Kester*, 709 F. App'x at 872. In the Complaint, the Plaintiffs allege that the Defendants' recorded false, groundless, fraudulent and invalid documents in violation of the statute. (Doc. 12-1 at 35, 38) The Court finds that the Plaintiffs alleged facts sufficient to show that the Defendants knew that the documents at issue were void and knowingly recorded the groundless documents, which is sufficient to establish a claim pursuant to A.R.S. § 33-420. (Doc. 12-1 at 36) Accordingly, the Court finds that the Plaintiffs' claim pursuant to A.R.S. § 33-420 was pleaded with sufficient particularity to survive the Defendants' Motion to Dismiss.

**Count 4 – Truth In Lending Act Claim**

The Defendants argue that the Plaintiffs' Truth in Lending Act claim is barred by the applicable statute of limitations. (Doc. 30 at 6)  The Plaintiffs agree that this cause of action should be dismissed. (Doc. 45 at 6)  Therefore, the Court finds that the Plaintiffs' claim under the Truth in Lending Act (15 U.S.C.A. § 1641) shall be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 30) is **granted in part** as to Counts 1, 2, 3, 4 and 5;

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 30) is **denied in part** as to Count 6; and

**IT IS FURTHER ORDERED** that Defendants shall have until **August 24, 2018** to file their Answer.

Dated this 9th day of August, 2018.

Honorable Steven P. Logan
United States District Judge