IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pablo A Castellanos, et al.,<br><br>              Plaintiffs,<br>vs.<br><br>Encore Credit Corporation, et al.,<br><br>              Defendants. | No. CV-17-02428-PHX-SPL<br><br>**ORDER** |

Plaintiffs Pablo A. Castellanos and Judith T. Castellanos (together, the "Plaintiffs") filed suit against several defendants alleging multiple causes of action related to the foreclosure of the real property located at 16405 South 43rd Place, Phoenix, Arizona, 85048 (the "Property"). (Doc. 12 at 4)  Certain defendants, JPMorgan Chase Bank NA ("JPM") and California Reconveyance Company ("CRC") (collectively, the "Defendants"), have moved to dismiss the Plaintiffs' claims against them (the "Motion to Dismiss"). (Doc. 35)  The Court's ruling is as follows.

**I.   Background**

On January 19, 2007, the Plaintiffs refinanced the Property by entering into an adjustable rate note and a deed of trust (together, the "Loan") for the amount of $312,000 with Defendant Encore Credit Corporation. (Doc. 12 at 4)  JPM serviced the Loan until June 2013, when the Loan was transferred to Defendant Select Portfolio Servicing Incorporated. (Doc. 12 at 9)  At some point, the Plaintiffs defaulted on the Loan, and the

defendant in possession of the Loan began the foreclosure process. The Plaintiffs received at least four notices of pending trustee's sales on the Property between January 2011 and October 2015. (Doc. 12 at 13; Doc. 12-1 at 4) On January 15, 2016, a fifth notice of trustee's sale was recorded, scheduling a sale of the Property on April 19, 2016. (Doc. 12-1 at 9) The Plaintiffs allege that they did not receive notice of the sale, but Exhibit 37 to the Complaint is a sworn affidavit by Plaintiff Pablo Castellanos in which he acknowledges receipt of the notice. (Doc. 12-1 at 12; Doc. 1-1 at 131) The Plaintiffs did not take any action to enjoin the trustee's sale. The trustee's sale moved forward on July 20, 2016, and title to the property was conveyed to Defendant U.S. Bank, N.A. on July 28, 2016. (Doc. 12-1 at 12, Doc. 30 at 3)

In July 2017, the Plaintiffs filed this suit seeking declaratory judgment and damages (the "Complaint"), arguing that because the initial deed transfer from Defendant Encore Credit Corporation to Defendant Mortgage Electronic Registration Systems was improper, each subsequent deed transfer and the trustee's sale was invalid. (Doc. 12; Doc. 12-1) On October 13, 2017, the Defendants filed the Motion to Dismiss on all of the Plaintiffs' claims. (Doc. 35)

**II.   Legal Standard**

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In deciding a motion to dismiss, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In

comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.*; *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

### III. Analysis

The Defendants move to dismiss all of the Plaintiffs' claims because (i) the claims related to foreclosure of the Property are barred by A.R.S. §33-811, and (ii) the Plaintiffs' claims against the Defendants under A.R.S. § 33-420 and the Truth in Lending Act (15 U.S.C.A. § 1641) are barred by the applicable statutes of limitations.

**Counts 1–3, 5 - Claims Related to Property Foreclosure**

The Defendants argue that (i) they did not participate in the trustee's sale at issue, and (ii) all of the Plaintiffs' claims related to the foreclosure of the Property are barred by A.R.S. §33-811. Per the Court's Order (Doc. 63), the Court grants the Defendants' Motion to Dismiss as it pertains to Counts 1, 2, 3, and 5.

A.R.S. §33-811 states that a trustor and all persons who receive a notice of a sale under a trust deed "waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale." Ariz. Rev. Stat. Ann. § 33-811. In interpreting A.R.S. § 33-811, courts have held that if a party fails to obtain injunctive relief to resolve its objection to a properly noticed trustee's sale, then the party has waived all pre-sale defenses or objections to the sale. *Hermosillo v. Caliber Home Loans Inc.*, 2017 WL 2653039, at 3–4 (D. Ariz. June 20, 2017). Even construing facts in the light most favorable to the Plaintiffs, the exhibits to the Complaint demonstrate through Plaintiff Pablo Castellanos' sworn affidavit that the Plaintiffs received notice of the trustee's sale. (Doc. 1-1 at 131) The Court finds that the Plaintiffs have demonstrated

that they had notice of the trustee's sale, and it is clear that the Plaintiffs failed to obtain an injunction prior to the sale. (Doc. 12-1 at 12; Doc. 1-1 at 131) Accordingly, the Court finds that each of the Plaintiffs' claims related to the foreclosure sale are all waived pursuant to A.R.S. § 33-811, and the Plaintiffs do not set forth facts sufficient to allege a cognizable legal cause of action. The Defendants' Motion to Dismiss will be granted on Counts 1, 2, 3, and 5, and these claims will be dismissed with prejudice.

**Count 6 - Damages Pursuant to A.R.S. § 33-420**

The Plaintiffs allege that the Defendants violated A.R.S. § 33-420 when they recorded void or invalid documents, including notices of trustee sales and other assignment documents. (Doc. 12-1 at 35–38) The Defendants argue that the Plaintiffs' claim under A.R.S. § 33-420 should be dismissed because JPM and CRC did not record any documents against the Property after October 2012, which is outside of the four-year statute of limitations for claims pursuant to A.R.S. § 33-420. (Doc. 35 at 6)

A.R.S. § 33-420 states that a person claiming an interest in real property, who causes a document asserting such interest to be recorded knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable for damages. Ariz. Rev. Stat. Ann. § 33-420. A claim for damages pursuant to § 33-420(A) is available if a plaintiff alleges that a notice of trustee sale, a notice of substitution of trustee, or an assignment of a deed of trust were falsely or fraudulently recorded. *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 782 (9th Cir. 2014). It is undisputed that the statute of limitations for § 33-420(A) claims is four years. *Kester v. CitiMortgage Inc.*, 709 F. App'x 869, 871 (9th Cir. 2017) (citing *Sitton v. Deutsche Bank Nat. Tr. Co.*, 233 Ariz. 215, 219 (Ct. App. 2013)). Liability arises when the document at issue purporting to claim an interest in real property is recorded. *Pryde v. BMO Fin. Grp.*, 2015 WL 13546448, at *3 (D. Ariz. Aug. 21, 2015).

In the Complaint, the Plaintiffs allege that CRC filed the documents at issue in October 2012, more than four years before the Plaintiffs initiated this suit against the Defendants in July 2017. (Doc. 12 at 25) The Complaint does not allege that JPM

recorded any documents in violation of A.R.S. § 33-420 prior to the expiration of the statute of limitations. Accordingly, the Court finds that the Plaintiffs' claim pursuant to A.R.S. § 33-420 is barred because it falls outside of the applicable statute of limitations.

**Count 4 – Truth In Lending Act Claim**

Per the Court's prior Order (Doc. 63), the Court grants the Defendants' Motion to Dismiss as it pertains to Count 4. Therefore, the Court finds that the Plaintiffs' claim under the Truth in Lending Act (15 U.S.C.A. § 1641) shall be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 35) is **granted** as to Counts 1, 2, 3, 4, 5 and 6; and

**IT IS FURTHER ORDERED** that the Plaintiffs' claims against Defendant JPMorgan Chase Bank NA and Defendant California Reconveyance Company are **dismissed with prejudice**.

Dated this 9th day of August, 2018.

Honorable Steven P. Logan
United States District Judge