PABLO A. CASTELLANOS
JUDITH T. CASTELLANOS
16809 S. 44TH STREET
PHOENIX, AZ 85048
480-205-4035
Judy.Castellanos@hotmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| PABLO A. CASTELLANOS AND JUDITH T. CASTELLANOS, Husband and Wife,<br><br>Plaintiff,<br><br>v.<br>Encore Credit, et, al.,<br><br><br><br>Defendant. | CASE No: CV-17-02428-PHX-SPL<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO VACATE JUDGMENT-DOCUMENT 63; SPECIFICALLY COUNT 1, 2, 3 & 5** |
|---|---|

I.   INTRODUCTION

Plaintiffs Pablo A. Castellanos and Judith T. Castellanos ("Plaintiff") respectfully files this MOTION FOR RECONSIDERATION AND MOTION TO VACATE SUMMARY JUDGEMENT on Count 1,2,3, and 5, pursuant to precedent case law, and in support thereof states as follows: <u>Pro se complaints are to be construed liberally and "may be dismissed for failure to state a claim only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"  Franklin v Murphy, 745 F. 2d 1221, 1228, 1230</u> (9th Cir. 1984) (quoting Haines v Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L.Ed.2D 652 (1972)). "Dismissal of a pro se complaint without leave to amend is proper only

1 | Page

if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment" Schucker v Rockwood, 846 F. 2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). The Supreme Court has instructed the federal courts to liberally construe the "inartful pleading" of pro se litigants. Boag v MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70L.Ed.2d551 (1982)(per curiam). "It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards then formal pleading drafted by lawyers....'" Hughes v Rowe, 449 U.S. 5,9,101 S. Ct. 173, 176, 66 L.Ed2d 163 (1980) (quoting Haines v Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 594, 30 Led.2d 652 (1972)); see also Noll, 809 F. 2d at 1448 ("Presumable unskilled in the law, the pro se litigant is far more prone to making error in pleading than the person who benefits from the representation of counsel."); Ashelam v Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (we hold [pro se pleading to less stringent standard than formal pleadings prepared by lawyers.") Moreover, before dismissing an action, a court should always be certain that other less drastic alternatives are not available. See Nevije, 651 F. 2d at 674. Elridge's status as a prisoner pro se plaintiff distinguishes his case from Jacobsen v Filler, 790 F. 2d 1362, 1364 (9th Cir. 1986).

## II.   STATEMENT OF FACTS

1. On January 15, 2016, Quality Loan Service Corporation recorded a Notice of Trustee's Sale, setting a sale date of April 19, 2016 on the Castellanos' Property; that notification was sent to the Castellanos then address of 16405 S. 43rd Place, Phoenix, AZ 85048; which the Plaintiffs state in the Case No: cv-17-02428-PHX-SPL (FAC 151)

2. On February 2016, Select Portfolio Servicing refused to release the name and number of the trust who owns the loan to the Castellanos as it was propriety. Plaintiff state in Case No. cv-17-02428-PHX-SPL (Response to Doc.35).

3. On April 10, 2016 Plaintiff submitted an Affidavit of Truth and Notice of Unlawful foreclosure Actions to Select Portfolio, Quality Loan Servicing Corporation, U.S. Department of Housing & Urban Development, Department of Justice, Office of the Comptroller of Currency, and Arizona Attorney General. In that Affidavit, Plaintiffs make reference to a recorded Deed of Release which has been released by the Deed of Release. See Exhibit 37. This statement and exhibit is in FAC Case No. cv-17-02428-PHX-SPL

4. On May 4, 2016, Jamin, S. Neil, Attorney of Wright Finlay & Zak representing Select Portfolio responded to the Affidavit stating Deed of Trust recorded on February 7, 2007 as Instrument No. 2007-0156567 was not released. In addition, Mr. Neil states, "Select Portfolio foreclosure **may** proceed". This reply was vague as to when the next sale date would be. See Exhibit 38. This statement and exhibit is in FAC Case No. cv-17-02428-PHX-SPL.

5. On July 21, 2016, a sign was posted on Plaintiffs front door. That notice indicated, "Property was now under the management of JM Realty LLC 4902 E. McDowell Road # 103Z/Phoenix, AZ 85008. It further stated to call Joseph Mahoney at 480.785.5612 for more information or invent of Emergency. Please respond within 7 days from this date_____. See Exhibit 39. This statement and exhibit is in FAC Case No. cv-17-02428-PHX-SPL

6. On July 21, 2016, the Castellanos were informed by JM Realty LLC that their home had been sold on July 20, 2016. Yet; the Plaintiff **were never aware of this pending sale**. They were deprived of their rights. Furthermore, the Plaintiffs were not aware where the notification of the pending sale was mailed to.

7. Plaintiffs' dismay became aware that their home of 20 years had been sold without their knowledge via a complaint they filed with the Arizona Attorney General's office on July 21, 2016. Plaintiffs received a copy of the postponement notification of trustee sale on August 12, 2016; which was the date the Attorney General responded to the Castellanos' complaint. Plaintiffs were deprived of their due process. Curties V Richardson 212 Ariz. 308 (Ariz. Ct. App. 2006) "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaning full matter. Comeau v Ariz. State Bd of Dental Exam'rs, <u>1996 Ariz, 102, 106 X20, 993 P. 2d 1066, 1070-71</u> (App. 1999). Due Process also entitles a party to offer evidence and confront adverse witness. Application of Levine, <u>97 Ariz, 88, 91-92, 397 P. 2 D. 205, 207 (1964).</u> Due process requires that deprivation of a significant property interest to be preceded by both adequate notice and a meaningful opportunity for a hearing. See Sniadach v Family Fin.. Corp.,395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d349 (1969) (hearing must be aimed at establishing the validity, or at least the probable validity, of the underlying claim) See exhibit A and B. This is stated in Case No. cv-17-02428-PHX-SPL (Response to Doc.35).

8. The July 1, 2016 critical letter that Select Portfolio sent to the Castellanos regarding the trustee sale with a sale date of July 20, 2016 of their then house was sent to 13217 Jamboree Road, Suite 540, California 92782; where Plaintiff have never lived. See Exhibit 41 in FAC Case No. cv-17-02428-PHX-SPL Letter from Office of District Attorney; See Letter Sent to 13217 Jamboree Road, Suite 540, California 92782-Exhibit 42; this is stated FAC Case No. cv-17-02428-PHX-SPL. A Complaint's exhibit, or public records regarding matters reference in a complaint, are not "outside the pleading," and courts may consider such documents without converting a Rule 12 (b) (6) motion into a

summary judgement motion. See Strategic Dev. & Constr., Inc., v 7th & Roosevelt Partners, LLC, 224 Arizona 60, 63, 10, 64, 13, 226 P. 3d1046, 1049-50 (App. 2010).

9. On March 27, 2017, Plaintiffs received notification from Office of the District Attorney Orange County District Attorney's Office stating that: "The Orange County District Attorney's Office investigated a fraudulent loan modification company by the Name of National Preservation Center.... On March 16, 2016, the Orange County District Attorney's Office served a search warrant upon the location... As a result of the investigation, NPC was dismantled and no longer operating as of this date." Therefore, the letter that Select Portfolio purportedly sent on July 1, 2016 was not accepted at that location. The letter from the Office of the District Attorney further states, "I was made aware by the UPS center management that they were no longer maintaining correspondence on NPC's behalf. See Exhibit 41 Letter form Office of District Attorney in FAC Case No. cv-17-02428-PHX-SPL; See Letter Sent to 13217 Jamboree Road, Suite 540, California 92782-Exhibit 42; this is stated FAC Case No. cv-17-02428-PHX-SPL- In reviewing whether the dismissal was appropriate under Rule 12(b)(6), we consider the complaint and written instruments attached to it. See Ariz R. Civ P 19(c) ("Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in a motion. A copy of a written instrument which is an exhibit to a pleading is a part thereof for all purpose *Cullen*, 218 Ariz. at 419 ¶ 7, 189 P.3d at 346

10. All prior notifications from Defendants were sent to Plaintiffs prior resident at 16405 S. 43rd Place, Phoenix, AZ 85048; except the most critical one dated 7/1/2016 with a sale date of 7/20/2016.

### III. ARGUMENT

11. Here a multitude of conflicts in material exist that should have precluded a ruling of dismissal. Nevijel v North Coast Life. Co., 651 F.2d 671, 674 (9th Cir. 1981) In Nevijel, the Court found the suit was properly dismissed because prior to dismissal, the plaintiff had amended the complaint, and the motion to alter or amend the judgement and to file a second amended complaint were heard.

12. To begin, the Plaintiffs object to **"The Plaintiffs allege that they did not receive notice of the sale, but Exhibit 37…"** Plaintiffs have substantiated in their Case No. cv-17-02428-PHX-SPL that they indeed were deprived of their due process for failure to provide notice of trustee sale that occurred on July 20, 2016. It is interesting that Defendants have not reference in their response why the most critical notice dated July 1, 2016 was mailed to 13217 Jamboree Road, Suite 540, California 92782; a place where Defendants have never resided. Instead of sending it to 16405 S. 43rd Place Phoenix, AZ 85048; where all prior notifications were sent. The doctrine may allow relief when, by fraud a party has prevent "a real contest before the court of the subject matter of the suit," id., or put differently, has committed "some intentional act or conduct…[the] has prevented the unsuccessful party from having a fair submission of the controversy." "Bases v Bates 1 Ariz.App. 165, 169, <u>400 P.2d 593, 597</u> (1965) The court has the power to set aside a judgement "[w]hen a party obtains a judgement by concealing material facts and suppressing the truth with the intent to mislead the court." Cypress on Sunland Homeowners Ass'n Orlandini 227 Ariz. 228, 229, 42, 257 P. 3d 1168, 1179 (App. 2011) (complaint contained false statements and material omissions, and counsel made false statements in ex parte hearing)

13. As if this was not enough, Defendants make reference that the Plaintiffs had notice of the sale date as early as January 22, 2016; yet the notice of the sale date of July 20, 2016 was purportedly mailed until July 1, 2016 to 13217 Jamboree Road, Suite 540, California 92782 a place where Plaintiffs had never lived. Let this court be known that the Defendants had mailed **ALL** prior correspondences to 16405 S. 43rd place, Phoenix, AZ 85048; where Plaintiffs were living then; except this notification dated July 1, 2016. Once a trustee's sale is complete, the only defense a person subject to § 33-811 ( C) may raise is lack of notice of sale. Steinberger V McVey ex rel, Cnty of Maricopa, 234 Ariz 125, 136 42, 318 P.3d 419, 430 (App. 2014). Rule 60 (C ) (4) permits the courts, upon motion, to set aside a void judgement. A motion based on this subsection may be filed at any time. Martin v Martin, <u>182 Ariz, 11, 14, 893 P.2d 1, 14</u> (App. 1994). Rule 60 (C) (6) permits the court to set aside a judgement "for any other reason justifying relief from the operation of the judgement." A motion based on this subsection must be filed "within a reasonable time."

14. While Defendants argue that the notice of trustee's sale of Property was recorded on January 15, 2016; that sale never occurred; that notice was indeed received by Plaintiffs as it was mailed to their then residence of 16405 S. 43rd Place. However, the trustee sale of July 20, 2016; that specific notice which was purportedly mailed on July 1, 2016 to 13217 Jamboree Road, Suite 540, California 92782 was never received by the Castellanos as they have never lived at 13217 Jamboree Road Suite 540, California 92782.  It was not until they filed a complaint with the Attorney General that they actual received a copy of the then Trustee Sale on August 12, 2016 almost a months after the sale has already occurred of their home See A-Exhibit 42; this is state in FAC Case No. cv-17-02428-PHX-SPL- In Sherryl Madison, Plaintiff/Appellant, v Cyler and Roxanne Groseth, Executive Trustee Services, LLC,

Residential Funding Company, LLC: Mortgage Electronic Registrations Systems, Inc,: GMAC Mortgage, LLC, Defendants/Appellees, No 1CA-CV 11-0222 Court of Appeals of Arizona, Division 1 Department A. June 5, 2012 Judge Timmer, states, "We recognize that, under other circumstances, § 33-811 ( C) may apply to deprive a trustor of due process if that trustor is not given sufficient notice of the trustee's sale to obtain an injunction of the sale. A foreclosure sale is void if there are grounds for equitable relief based on serious sale defects including deliberate notice failure, fraud, misrepresentation or concealment. Main I Ltd. Partnership V Venture Capital Const. & Dev. Corp., 154 Ariz. 256, 260, 741 P.2d 1234 (App. 1987). Not only did the Defendant sent the notice to 13217 Jamboree Road, Suite 540, California 92782; where Plaintiffs have never lived. Yet; all prior correspondence has previously been sent by Defendant to the Castellanos then address of 16405 S. 43rd place Phoenix, AZ 85048. And On March 27, 2017, the District Attorney Orange County District Attorney's Office stated that: "The Orange County District Attorney's Office investigated a fraudulent loan modification company by the Name of National Preservation Center.... On March 16, 2016, the Orange County District Attorney's Office served a search warrant upon the location... As a result of the investigation, NPC was dismantled and no longer operating as of this date." Therefore, the letter that Select Portfolio purportedly sent on July 1, 2016 was not accepted at that location. The letter from the Office of the District Attorney further states, "I was made aware by the UPS center management that they were no longer maintaining correspondence on NPC's behalf. Therefore these two cases are applicable to Plaintiffs as the critical notice of trustee sale was sent to a place where never resided; thus making it impossible for them to obtain an injunction of the sale; and the deliberate notice failure.

15. Even the response from , Jamin, S. Neil, Attorney of Wright Finlay & Zak who is representing Select Portfolio responded to the Affidavit on behalf of the Defendant (Select Portfolio) on May 4, 2016 was mailed to Plaintiff's prior home at 16405 S. 43rd Place, Phoenix, AZ 85048. . In addition, Mr. Neil states, "Select Portfolio foreclosure **may** proceed". This statement is a misleading statement; there was not affirmative date as to when the sale would proceed. This vague statement lead the Castellanos to believe that they would actually receive notice at 16405 S. 43rd Place, Phoenix, AZ 85048 of the exact date of the trustee sale. Due Process also entitles a party to offer evidence and confront adverse witness. Application of Levine, 97 Ariz, 88, 91-92, 397 P. 2 D. 205, 207 (1964). Due process requires that deprivation of a significant property interest to be preceded by both adequate notice and a meaningful opportunity for a hearing. See Sniadach v Family Fin.. Corp.,395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d349 (1969) (hearing must be aimed at establishing the validity, or at least the probable validity, of the underlying claim)

16. Had Plaintiffs received the notice, they would have taken steps to save their home; had they known the foreclosure was imminent, such contacting the defendants repeatedly to determine what options were available to them, consulting a lawyer to learn about their rights regarding foreclosure and to discuss bankruptcy and other legal options, insisting that defendants allow the Castellanos to resume an earlier loan modification, and investigation or short sale options.

**WHEREFORE,** based upon the foregoing, the Plaintiffs respectfully request this Court to grant its Motion for Reconsideration, for Count 1, 2, 3, and 5. And any other relief the Court deems just and proper.

RESPECTFULLY SUBMITTED this 12 day of August, 2018.

By: _____

Judith Castellanos and Pablo Castellanos

Pro Se Plaintiffs


Pablo and Judith   Castellanos
16809 S. 44th Street
Phoenix,, Arizona 85048
480-205-4035
Judy.Castellanos@hotmail.com