Jamin S. Neil (SBN 026655)
jneil@wrightlegal.net
**WRIGHT, FINLAY & ZAK, LLP**
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
Telephone: (602) 845-8898
Facsimile: (949) 608-9142

Attorneys for *Defendants*
U.S. Bank, N.A., successor trustee to LaSalle
Bank National Association, on behalf of the
holders of Bear Stearns Asset Backed
Securities I Trust 2007-HE3, Asset-Backed
Certificates Series 2007-HE3; Mortgage
Electronic Registration Systems, Inc.; and
Select Portfolio Servicing, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Pablo A. Castellanos and Judith T. Castellanos,<br><br>Plaintiffs,<br><br>vs.<br><br>Encore Credit Corporation; Mortgage Electronic Registration Systems, AKA "MERS"; Bank of America, National Association as Successor by Merger to LaSsale Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset-Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3; JPMorgan Chase Bank, N.A.; Select Portfolio Servicing, Inc.; Quality Loan Service Corp.; California Reconveyance Co.,<br><br>Defendants. | Case No. 2:17-cv-02428-SPL<br><br>**ANSWER** |

*Defendants* U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3 ("U.S. Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Select Portfolio Servicing, Inc. ("SPS"), by and through counsel undersigned, hereby respond to the First Amended Complaint (Doc. 12)

("Complaint") filed by *Plaintiffs* Pablo A. Castellanos and Judith T. Castellanos' (collectively "Plaintiffs") by admitting, denying or alleging as follows:

## PARTIES, JURISDICTION AND VENUE

1.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint and, therefore, deny the same.

2.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 2 of the Complaint and, therefore, deny the same.

3.     U.S. Bank, MERS and SPS admit that MERS is a wholly-owned subsidary of MERSCORP Holdings, Inc. U.S. Bank and SPS lack sufficient information to admit or deny the remaining allegations contained in Paragraph 3 of the Complaint and, therefore, deny the same.  MERS denies the remaining allegations in Paragraph 3 of the Complaint as phrased, but states that MERSCORP Holdings, Inc. owns and operates the MERS® System, a national electronic registry system that tracks the changes in servicing rights and beneficial ownership rights of loans registered in the MERS® System. MERS denies that its last known address is 1818 Library Street Suite 300, Reston, VA 20190, but states that its principal place of business is 1818 Library Street, Suite 300, Reston, VA 20190.

4.     U.S. Bank, MERS and SPS admit that U.S. Bank is a national banking association with its main office in Ohio. U.S. Bank, MERS and SPS deny the remaining allegations contained in Paragraph 4 of the Complaint.

5.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 5 of the Complaint and, therefore, deny the same.

6.     U.S. Bank, MERS and SPS admit that SPS is a corporation incorporated under the laws of the State of Utah and has its principal place of business in Utah. U.S. Bank, MERS and SPS lack sufficient information to admit or deny the remaining allegations contained in Paragraph 6 of the Complaint and, therefore, deny the same.

7.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint and, therefore, deny the same.

8.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the

1 | allegations contained in Paragraph 8 of the Complaint and, therefore, deny the same.

2 |      9.    U.S. Bank, MERS and SPS admit that the real property that is the subject of

3 | this dispute is located at 16405 South 43rd Place, Phoenix, Arizona 85048 ("<u>Property</u>"). U.S.

4 | Bank, MERS and SPS lack sufficient information to admit or deny the remaining allegations

5 | contained in Paragraph 9 of the Complaint and, therefore, deny the same.

6 |      10.    U.S. Bank, MERS and SPS lack sufficient information to admit or deny the

7 | allegations contained in Paragraph 10 of the Complaint and, therefore, deny the same.

8 |      11.    U.S. Bank, MERS and SPS admit that venue is proper.

9 | **FACTUAL ALLEGATIONS**

10 |      12.    U.S. Bank, MERS and SPS admit that the Deed of Trust recorded with the

11 | Mohave County Recorder on February 7, 2007, as Instrument No. 2007-0156567 ("<u>Deed of

12 | Trust</u>"), speaks for itself. U.S. Bank, MERS and SPS lack sufficient information to admit or

13 | deny the remaining allegations contained in Paragraph 12 of the Complaint and, therefore,

14 | deny the same.

15 |      13.    U.S. Bank, MERS and SPS admit the allegations contained in Paragraph 13 of

16 | the Complaint.

17 |      14.    U.S. Bank, MERS and SPS admit the allegations contained in Paragraph 14 of

18 | the Complaint.

19 |      15.    U.S. Bank, MERS and SPS admit that the Deed of Trust speaks for itself.

20 |      16.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 16 of

21 | the Complaint.

22 |      17.    U.S. Bank, MERS and SPS admit that www.mersinc.org speaks for itself. U.S.

23 | Bank, MERS and SPS deny the remaining allegations contained in Paragraph 17 of the

24 | Complaint.

25 |      18.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 18 of

26 | the Complaint.

27 |      19.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 19 of

28 | the Complaint.

**ANSWER**

20.     U.S. Bank, MERS and SPS state that the documents referenced in Paragraph 20 of the Complaint speak for themselves and deny any allegations inconsistent with the written documents.

21.     U.S. Bank and SPS admit the allegations contained in Paragraph 21 of the Complaint.  MERS lacks sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint and, therefore, denies the same.

22.     U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 22 of the Complaint.

23.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint and, therefore, deny the same.

24.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint and, therefore, deny the same.

25.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint and, therefore, deny the same.

26.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 26 of the Complaint and, therefore, deny the same.

27.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 27 of the Complaint and, therefore, deny the same.

28.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 28 of the Complaint and, therefore, deny the same.

29.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 29 of the Complaint and, therefore, deny the same.

30.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 30 of the Complaint and, therefore, deny the same.

31.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 31 of the Complaint and, therefore, deny the same.

32.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 32 of the Complaint and, therefore, deny the same.

**ANSWER**

33.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 33 of the Complaint and, therefore, deny the same.

34.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 34 of the Complaint and, therefore, deny the same.

35.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 35 of the Complaint and, therefore, deny the same.

36.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 36 of the Complaint and, therefore, deny the same.

37.     U.S. Bank and SPS admit the allegations contained in Paragraph 37 of the Complaint.  MERS lacks sufficient information to admit or deny the allegations in Paragraph 37 of the Complaint and, therefore, denies the same.

38.     U.S. Bank and SPS admit the allegations contained in Paragraph 38 of the Complaint.  MERS lacks sufficient information to admit or deny the allegations in Paragraph 38 of the Complaint.

39.     U.S. Bank, MERS and SPS state that the document referenced in Paragraph 39 of the Complaint speaks for itself, and deny any allegations inconsistent with the written document.

40.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 40 of the Complaint and, therefore, deny the same.

41.     U.S. Bank, MERS and SPS state that the document referenced in Paragraph 41 of the Complaint speaks for itself, and deny any allegations inconsistent with the written document.

42.     U.S. Bank, MERS and SPS state that the document referenced in Paragraph 42 of the Complaint speaks for itself, and deny any allegations inconsistent with the written document.

43.     U.S. Bank, MERS and SPS state that the document referenced in Paragraph 43 of the Complaint speaks for itself, and deny any allegations inconsistent with the written document.

**ANSWER**

44.     U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 44 of the Complaint.

45.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 45 of the Complaint and, therefore, deny the same.

46.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 46 of the Complaint and, therefore, deny the same.

47.     U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 47 of the Complaint.

48.     U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 48 of the Complaint and, therefore, deny the same.

49.     U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 49 of the Complaint.

50.     U.S. Bank, MERS and SPS state that the documents referenced in Paragraph 50 of the Complaint speak for themselves, and deny any allegations inconsistent with the written documents.

51.     Paragraph 51 of the Complaint is a legal conclusion that does not require a response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint is a legal conclusion that does not require a response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint is a legal conclusion that does not require a response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 53 of the Complaint.

54.     U.S. Bank, MERS and SPS admit that the Notice of Trustee's Sale recorded with the Maricopa County Recorder on January 20, 2011, as Instrument No. 20110053804, speaks for itself.

55.     Paragraph 55 of the Complaint is a legal conclusion that does not require a

response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 55 of the Complaint.

56.     U.S. Bank, MERS and SPS state that the document referenced in Paragraph 56 of the Complaint speaks for itself, and deny any allegations inconsistent with the written document.

57.     U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 57 of the Complaint and, therefore, deny the same.

58.     U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 58 of the Complaint.

59.     U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 59 of the Complaint.

60.     U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint is a legal conclusion that does not require a response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 61 of the Complaint.

62.     U.S. Bank, MERS and SPS state that the document referenced in Paragraph 62 of the Complaint speaks for itself, and deny any allegations inconsistent with the written document.

63.     U.S. Bank, MERS and SPS admit that the Assignment of Deed of Trust recorded with the Maricopa County Recorder on January 20, 2011, as Instrument No. 20110053802, speaks for itself.

64.     U.S. Bank, MERS and SPS admit that the Assignment of Deed of Trust recorded with the Maricopa County Recorder on January 20, 2011, as Instrument No. 20110053802, speaks for itself.

65.     U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 65 of the Complaint and, therefore, deny the same.

66.     U.S. Bank, MERS and SPS state that the document referenced in Paragraph 66

**ANSWER**

of the Complaint speaks for itself, and deny any allegations inconsistent with the written document.

67.     U.S. Bank, MERS and SPS state that the document referenced in Paragraph 67 of the Complaint speaks for itself, and deny any allegations inconsistent with the written document.

68.     U.S. Bank, MERS and SPS state that the document referenced in Paragraph 68 of the Complaint speaks for itself, and deny any allegations inconsistent with the written document. Moreover, Paragraph 68 of the Complaint is a legal conclusion that does not require a response.  To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint is a legal conclusion that does not require a response.  To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 69 of the Complaint.

70.     U.S. Bank, MERS and SPS state that the document referenced in Paragraph 70 of the Complaint speaks for itself, and deny any allegations inconsistent with the written document.

71.     Paragraph 71 of the Complaint is a legal conclusion that does not require a response.  To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 71 of the Complaint.

72.     U.S. Bank, MERS and SPS state that the document referenced in Paragraph 72 of the Complaint speaks for itself, and deny any allegations inconsistent with the written document.

73.     U.S. Bank, MERS and SPS admit that the Notice of Trustee's Sale recorded with the Maricopa County Recorder on May 19, 2011, as Instrument No. 20110421685, speaks for itself.

74.     Paragraph 74 of the Complaint is a legal conclusion that does not require a response.  To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 74 of the Complaint.

**ANSWER**

75. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint is a legal conclusion that does not require a response. To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 76 of the Complaint.

77. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 77 of the Complaint.

78. U.S. Bank, MERS and SPS admit that the Cancellation of Notice of Sale recorded with the Maricopa County Recorder on May 19, 2011, as Instrument No. 20110421682, speaks for itself.

79. U.S. Bank, MERS and SPS admit that the Assignment of Deed of Trust recorded with the Maricopa County Recorder on February 10, 2012, as Instrument No. 2012-0111453, speaks for itself.

80. U.S. Bank, MERS and SPS state that the document referenced in Paragraph 80 of the Complaint speaks for itself, and deny any allegations inconsistent with the written document.

81. U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 81 of the Complaint and, therefore, deny the same.

82. U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 82 of the Complaint and, therefore, deny the same.

83. U.S. Bank, MERS and SPS state that the document referenced in Paragraph 83 of the Complaint speaks for itself, and deny any allegations inconsistent with the written document. Moreover, Paragraph 83 of the Complaint is a legal conclusion that does not require a response. To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 83 of the Complaint.

84. U.S. Bank, MERS and SPS state that the document referenced in Paragraph 84 of the Complaint speaks for itself, and deny any allegations inconsistent with the written document.

**ANSWER**

1   85.   Paragraph 85 of the Complaint is a legal conclusion that does not require a
2   response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the
3   allegations contained in Paragraph 85 of the Complaint.

4   86.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 86 of
5   the Complaint.

6   87.   U.S. Bank, MERS and SPS admit that the Cancellation of Notice of Sale
7   recorded with the Maricopa County Recorder on February 16, 2012, as Instrument No.
8   20120130438, speaks for itself.

9   88.   U.S. Bank, MERS and SPS admit that the Notice of Trustee's Sale recorded
10  with the Maricopa County Recorder on February 16, 2012, as Instrument No. 20120130439,
11  speaks for itself.

12  89.   Paragraph 89 of the Complaint is a legal conclusion that does not require a
13  response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the
14  allegations contained in Paragraph 89 of the Complaint.

15  90.   Paragraph 90 of the Complaint is a legal conclusion that does not require a
16  response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the
17  allegations contained in Paragraph 90 of the Complaint.

18  91.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 91 of
19  the Complaint.

20  92.   U.S. Bank, MERS and SPS admit that the Cancellation of Notice of Sale
21  recorded with the Maricopa County Recorder on October 8, 2012, as Instrument No.
22  20120911536, speaks for itself.

23  93.   U.S. Bank and SPS admit the allegations contained in Paragraph 93 of the
24  Complaint. MERS lacks sufficient information to admit or deny the allegations contained in
25  Paragraph 93 of the Complaint and, therefore, denies the same.

26  94.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 94 of
27  the Complaint.

28  95.   Paragraph 95 of the Complaint is a legal conclusion that does not require a

**ANSWER**

response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 95 of the Complaint.

96.   U.S. Bank and SPS admit that the August 8, 2013 letter was sent. U.S. Bank and SPS deny the remaining allegations contained in Paragraph 96 of the Complaint. MERS lacks sufficient information to admit or deny the allegations contained in Paragraph 96 of the Complaint and, therefore, denies the same.

97.   U.S. Bank, MERS and SPS admit that the August 8, 2013 letter speaks for itself.

98.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 98 of the Complaint.

99.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 99 of the Complaint.

100.   U.S. Bank and SPS admit that the October 24, 2013 letter was sent. U.S. Bank and SPS deny the remaining allegations contained in Paragraph 100 of the Complaint. MERS lacks sufficient information to admit or deny the allegations contained in Paragraph 100 of the Complaint and, therefore, denies the same.

101.   U.S. Bank, MERS and SPS admit that the October 24, 2013 letter speaks for itself.

102.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 102 of the Complaint.

103.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 103 of the Complaint.

104.   U.S. Bank, MERS and SPS admit that the Notice of Substitution of Trustee recorded with the Maricopa County Recorder on April 8, 2014, as Instrument No. 20140224777, speaks for itself.

105.   Paragraph 105 of the Complaint is a legal conclusion that does not require a response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 105 of the Complaint.

**ANSWER**

106. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 106 of the Complaint.

107. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 107 of the Complaint.

108. U.S. Bank, MERS and SPS admit that the Notice of Trustee's Sale recorded with the Maricopa County Recorder on April 14, 2014, as Instrument No. 20140238076, speaks for itself.

109. Paragraph 109 of the Complaint is a legal conclusion that does not require a response. To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 109 of the Complaint.

110. Paragraph 110 of the Complaint is a legal conclusion that does not require a response. To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 110 of the Complaint.

111. Paragraph 111 of the Complaint is a legal conclusion that does not require a response. To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 111 of the Complaint.

112. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 112 of the Complaint.

113. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 113 of the Complaint.

114. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 114 of the Complaint.

115. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 115 of the Complaint.

116. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 116 of the Complaint.

117. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 117 of the Complaint.

**ANSWER**

118.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 118 of the Complaint.

119.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 119 of the Complaint.

120.    Paragraph 120 of the Complaint is a legal conclusion that does not require a response.    To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 120 of the Complaint.

121.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 121 of the Complaint.

122.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 122 of the Complaint.

123.    U.S. Bank and SPS admit that the November 24, 2014 letter was sent. U.S. Bank and SPS deny the remaining allegations contained in Paragraph 123 of the Complaint. MERS lacks sufficient information to admit or deny the allegations contained in Paragraph 123 of the Complaint and, therefore, denies the same.

124.    U.S. Bank and SPS admit that the November 24, 2014 letter speaks for itself. MERS lacks sufficient information to admit or deny the allegations contained in Paragraph 124 of the Complaint and, therefore, denies the same.

125.    Paragraph 125 of the Complaint is a legal conclusion that does not require a response.    To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 125 of the Complaint.

126.    Paragraph 126 of the Complaint is a legal conclusion that does not require a response.    To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 126 of the Complaint.

127.    U.S. Bank, MERS and SPS admit that the Notice of Substitution of Trustee recorded with the Maricopa County Recorder on October 30, 2015, as Instrument No. 20150785314, speaks for itself.

128.    Paragraph 128 of the Complaint is a legal conclusion that does not require a

**ANSWER**

response. To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 128 of the Complaint.

129. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 129 of the Complaint.

130. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 130 of the Complaint.

131. U.S. Bank, MERS and SPS admit that the Notice of Trustee's Sale recorded with the Maricopa County Recorder on October 30, 2015, as Instrument No. 20150785315, speaks for itself.

132. Paragraph 132 of the Complaint is a legal conclusion that does not require a response. To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 132 of the Complaint.

133. Paragraph 133 of the Complaint is a legal conclusion that does not require a response. To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 133 of the Complaint.

134. Paragraph 134 of the Complaint is a legal conclusion that does not require a response. To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 134 of the Complaint.

135. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 135 of the Complaint.

136. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 136 of the Complaint.

137. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 137 of the Complaint.

138. U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 138 of the Complaint.

139. Paragraph 139 of the Complaint is a legal conclusion that does not require a response. To the extent a response is required, U.S. Bank, MERS and SPS deny the

**ANSWER**

1  allegations contained in Paragraph 139 of the Complaint.

2      140.   Paragraph 140 of the Complaint is a legal conclusion that does not require a

3  response.  To the extent a response is required, U.S. Bank, MERS and SPS deny the

4  allegations contained in Paragraph 140 of the Complaint.

5      141.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 141 of

6  the Complaint.

7      142.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 142 of

8  the Complaint.

9      143.   Paragraph 143 of the Complaint is a legal conclusion that does not require a

10  response.  To the extent a response is required, U.S. Bank, MERS and SPS deny the

11  allegations contained in Paragraph 143 of the Complaint.

12      144.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 144 of

13  the Complaint.

14      145.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 145 of

15  the Complaint.

16      146.   U.S. Bank, MERS and SPS admit that the Cancellation of Trustee's Notice of

17  Sale recorded with the Maricopa County Recorder on January 1, 2016, as Instrument No.

18  20160021584, speaks for itself.

19      147.   U.S. Bank, MERS and SPS admit that the Notice of Substitution of Trustee

20  recorded with the Maricopa County Recorder on October 30, 2015, as Instrument No.

21  20150785314, speaks for itself.

22      148.   Paragraph 148 of the Complaint is a legal conclusion that does not require a

23  response.  To the extent a response is required, U.S. Bank, MERS and SPS deny the

24  allegations contained in Paragraph 148 of the Complaint.

25      149.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 149 of

26  the Complaint.

27      150.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 150 of

28  the Complaint.

**ANSWER**

151.   U.S. Bank, MERS and SPS admit that the Notice of Substitution of Trustee recorded with the Maricopa County Recorder on January 15, 2016, as Instrument No. 20160031431, speaks for itself.

152.   Paragraph 152 of the Complaint is a legal conclusion that does not require a response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 152 of the Complaint.

153.   Paragraph 153 of the Complaint is a legal conclusion that does not require a response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 153 of the Complaint.

154.   Paragraph 154 of the Complaint is a legal conclusion that does not require a response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 154 of the Complaint.

155.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 155 of the Complaint.

156.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 156 of the Complaint.

157.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 157 of the Complaint.

158.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 158 of the Complaint.

159.   Paragraph 159 of the Complaint is a legal conclusion that does not require a response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 159 of the Complaint.

160.   Paragraph 160 of the Complaint is a legal conclusion that does not require a response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 160 of the Complaint.

161.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 161 of the Complaint. Moreover, Paragraph 161 of the Complaint is a legal conclusion that does not

1   require a response.  To the extent a response is required, U.S. Bank, MERS and SPS deny the

2   allegations contained in Paragraph 161 of the Complaint.

3       162.   U.S. Bank, MERS and SPS lack sufficient information to admit or deny the

4   allegations contained in Paragraph 162 of the Complaint and, therefore, deny the same.

5       163.   U.S. Bank, MERS and SPS admit that the May 4, 2016 letter speaks for itself.

6       164.   U.S. Bank, MERS and SPS lack sufficient information to admit or deny the

7   allegations contained in Paragraph 164 of the Complaint and, therefore, deny the same.

8       165.   U.S. Bank, MERS and SPS lack sufficient information to admit or deny the

9   allegations contained in Paragraph 165 of the Complaint and, therefore, deny the same.

10      166.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 166 of

11  the Complaint.

12      167.   U.S. Bank, MERS and SPS lack sufficient information to admit or deny the

13  allegations contained in Paragraph 167 of the Complaint and, therefore, deny the same.

14      168.   U.S. Bank, MERS and SPS lack sufficient information to admit or deny the

15  allegations contained in Paragraph 168 of the Complaint and, therefore, deny the same.

16      169.   U.S. Bank, MERS and SPS lack sufficient information to admit or deny the

17  allegations contained in Paragraph 169 of the Complaint and, therefore, deny the same.

18      170.   Paragraph 170 of the Complaint is a legal conclusion that does not require a

19  response.  To the extent a response is required, U.S. Bank, MERS and SPS deny the

20  allegations contained in Paragraph 170 of the Complaint.

21      171.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 171 of

22  the Complaint.

23      172.   U.S. Bank, MERS and SPS lack sufficient information to admit or deny the

24  allegations contained in Paragraph 172 of the Complaint and, therefore, deny the same.

25      173.   U.S. Bank, MERS and SPS lack sufficient information to admit or deny the

26  allegations contained in Paragraph 173 of the Complaint and, therefore, deny the same.

27      174.   U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 174 of

28  the Complaint.

**ANSWER**

175.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 175 of the Complaint.

176.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 176 of the Complaint, including all sub-paragraphs.

177.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 177 of the Complaint, including all sub-paragraphs.

178.    U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 178 of the Complaint and, therefore, deny the same.

179.    U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 179 of the Complaint and, therefore, deny the same.

180.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 180 of the Complaint.

181.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 181 of the Complaint.

182.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 182 of the Complaint.

183.    U.S. Bank, MERS and SPS lack sufficient information to admit or deny the allegations contained in Paragraph 183 of the Complaint and, therefore, deny the same.

184.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 184 of the Complaint.

## <u>COUNT ONE</u>
**(Declaratory Judgment)**

185.    Count One of the Complaint was dismissed with prejudice on August 9, 2018 (Doc. 63). Accordingly, no response is required for Paragraphs 185 – 226 of the Complaint. To the extent these Paragraphs relate to the sole remaining Count Six, U.S. Bank, MERS and SPS deny the allegations therein.

/././

/././

## COUNT TWO
### (Breach of Contract)

227.    Count Two of the Complaint was dismissed with prejudice on August 9, 2018 (Doc. 63). Accordingly, no response is required for Paragraphs 227 – 233 of the Complaint. To the extent these Paragraphs relate to the sole remaining Count Six, U.S. Bank, MERS and SPS deny the allegations therein.

## COUNT THREE

### (Breach of the Duty of Good Faith and Fair Dealing)

234.    Count Three of the Complaint was dismissed with prejudice on August 9, 2018 (Doc. 63). Accordingly, no response is required for Paragraphs 234 – 242 of the Complaint. To the extent these Paragraphs relate to the sole remaining Count Six, U.S. Bank, MERS and SPS deny the allegations therein.

## COUNT FOUR
### (Truth-In-Lending)

243.    Count Four of the Complaint was dismissed with prejudice on August 9, 2018 (Doc. 63). Accordingly, no response is required for Paragraphs 243 – 247 of the Complaint. To the extent these Paragraphs relate to the sole remaining Count Six, U.S. Bank, MERS and SPS deny the allegations therein.

## COUNT FIVE
### (Notice of Pending Foreclosure)

248.    Count Five of the Complaint was dismissed with prejudice on August 9, 2018 (Doc. 63). Accordingly, no response is required for Paragraphs 248 – 266 of the Complaint. To the extent these Paragraphs relate to the sole remaining Count Six, U.S. Bank, MERS and SPS deny the allegations therein.

## COUNT SIX
### (A.R.S. § 33-420)

267.    In response to Paragraph 267 of the Complaint, U.S. Bank, MERS and SPS repeat, reallege, and reassert their answers to the foregoing as if specifically set forth herein.

1    268.    U.S. Bank, MERS and SPS admit that the Note speaks for itself.

2    269.    Paragraph 269 of the Complaint is a legal conclusion that does not require a

3    response.    To the extent a response is required, U.S. Bank, MERS and SPS deny the

4    allegations contained in Paragraph 269 of the Complaint.

5    270.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 270 of

6    the Complaint.

7    271.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 271 of

8    the Complaint.

9    272.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 272 of

10    the Complaint.

11    273.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 273 of

12    the Complaint.

13    274.    U.S. Bank, MERS and SPS =deny the allegations contained in Paragraph 274

14    of the Complaint.

15    275.    U.S. Bank, MERS and SPS lack sufficient information to admit or deny the

16    allegations contained in Paragraph 275 of the Complaint and, therefore, deny the same.

17    276.    U.S. Bank, MERS and SPS lack sufficient information to admit or deny the

18    allegations contained in Paragraph 276 of the Complaint and, therefore, deny the same.

19    277.    U.S. Bank, MERS and SPS lack sufficient information to admit or deny the

20    allegations contained in Paragraph 277 of the Complaint and, therefore, deny the same.

21    278.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 278 of

22    the Complaint.

23    279.    U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 279 of

24    the Complaint.

25    280.    Paragraph 280 of the Complaint is a legal conclusion that does not require a

26    response.    To the extent a response is required, U.S. Bank, MERS and SPS deny the

27    allegations contained in Paragraph 280 of the Complaint.

28    281.    Paragraph 281 of the Complaint is a legal conclusion that does not require a

**ANSWER**

1  response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the

2  allegations contained in Paragraph 281 of the Complaint.

3      282.  U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 282 of

4  the Complaint.

5      283.  Paragraph 283 of the Complaint is a legal conclusion that does not require a

6  response.   To the extent a response is required, U.S. Bank, MERS and SPS deny the

7  allegations contained in Paragraph 283 of the Complaint.

8      284.  U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 284 of

9  the Complaint.

10      285.  U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 285 of

11  the Complaint.

12      286.  U.S. Bank, MERS and SPS deny the allegations contained in Paragraph 286 of

13  the Complaint.

14      287.  Paragraph 287 of the Complaint is a prayer for relief to which no response is

15  required. To the extent this Paragraph requires a response, U.S. Bank, MERS and SPS deny

16  the allegations contained therein.

17      The section following Paragraph 287 of the Complaint is a prayer for relief to which

18  no response is required. To the extent this section requires a response, U.S. Bank, MERS and

19  SPS deny the allegations contained therein.

20  **<u>GENERAL DENIAL</u>**

21      U.S. Bank, MERS and SPS deny any and all allegations not expressly admitted herein.

22  **<u>AFFIRMATIVE DEFENSES</u>**

23      A.  **Lack of Materiality and Knowledge:** Plaintiffs' A.R.S. § 33-420 claim fails

24  due to lack of materiality and any knowledge on the part of U.S. Bank, MERS and SPS.

25      B.  **Estoppel:** Plaintiffs' claims are barred by estoppel.

26      C.  **Laches:** Plaintiffs' claims are barred by laches.

27      D.  **Unclean Hands:** Plaintiffs have "unclean hands."

28      E.  **Consent:** Consent bars Plaintiffs' claims.

1  F.   **Good Faith:** U.S. Bank, MERS and SPS's actions were reasonable and

2  necessary, and it acted in good faith at all times.

3  G.   **Miscellaneous:** To prevent the waiver of affirmative defenses, U.S. Bank,

4  MERS and SPS raise the following defenses, which through subsequent discovery may

5  indeed be supported by the facts of this case: accord and satisfaction; assumption of risk;

6  contributory negligence; duress; failure of consideration; failure to join indispensable parties;

7  failure to mitigate damages; illegality; insufficiency of service of process; lack of capacity;

8  lack of condition precedent; lack of jurisdiction of person; license; mistake; non-party at

9  fault; rescission; recoupment; release; repudiation; res judicata; standard of care; standing;

10  statute of frauds; statute of limitations; unjust enrichment; and all other defenses contained in

11  Rules 4, 8, 12 and 19 of the Federal Rules of Civil Procedure.

12  **WHEREFORE**, U.S. Bank, MERS and SPS respectfully pray for judgment as

13  follows:

14  A.   That Plaintiffs take nothing by way of their Complaint and that it be

15  dismissed with prejudice;

16  B.   That judgment be entered in favor of U.S. Bank, MERS and SPS;

17  C.   That U.S. Bank, MERS and SPS be awarded their reasonable attorneys'

18  fees and costs incurred, expended and accruing pursuant to A.R.S. §§

19  12-341, 12-341.01, 12-349, and any other statutory or common law and

20  as allowed and required by the contracts in this case; and

21  /./../

22  /./../

23  /./../

24  /./../

25  /./../

26  /./../

27  /./../

28  /./../

**ANSWER**

1

        D.      For such other and further relief as the Court deems just and proper.

2

**RESPECTFULLY SUBMITTED** this 15th day of August 2018.

3

                                **WRIGHT, FINLAY & ZAK, LLP**

4

5

                        /s/ *Jamin S. Neil*

6

                        JAMIN S. NEIL
                        Attorneys for *Defendants* U.S. Bank, N.A.,
                        successor trustee to LaSalle Bank National

7

                        Association, on behalf of the holders of Bear
                        Stearns Asset Backed Securities I Trust 2007-

8

                        HE3, Asset-Backed Certificates Series 2007-
                        HE3; Mortgage Electronic Registration

9

                        Systems, Inc.; and Select Portfolio Servicing,
                        Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER**

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

4

    I hereby certify that on the 15th day of August 2018, I electronically transmitted the foregoing document and any attachments to the Office of the Clerk of the United States District Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants

5

6

7

Pablo A. Castellanos
Judith T. Castellanos
16809 S. 44th Street
Phoenix, Arizona 85048
judy.castellanos@hotmail.com
Plaintiffs *In Propria Persona*

8

9

10

11

Brian Court Lake
Perkins Coie LLP
P.O. Box 400
Phoenix, AZ 85001-0400
BLake@perkinscoie.com
Attorneys for Encore Credit Corporation

12

13

14

15

16

Daniel Price Crane
Jacob Alexander Maskovich
Bryan Cave Leighton Paisner LLP
2 N Central Ave., Ste. 2100
Phoenix, AZ 85004-4406
dan.crane@bclplaw.com
jamaskovich@bclplaw.com
Attorneys for JPMorgan Chase Bank, N.A.
and California Reconveyance Company

17

18

19

Paul M Levine
McCarthy Holthus LLP
8502 E Via de Ventura Dr., Ste 200
Scottsdale, AZ 85258
paul.levine@azbar.org
Attorneys for Quality Loan Servicing

20

21

22

*/s/ Steve Bennett*
STEVE BENNETT

23

24

25

26

27

28

-24-

**ANSWER**