1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Pablo A. Castellanos, et al.,

                    Plaintiffs,

vs.

Encore Credit Corporation, et al.,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No.  CV-17-02428-PHX-SPL

**ORDER SETTING RULE 16
CASE MANAGEMENT CONFERENCE**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure,

**IT IS ORDERED**:

**I.      Case Management Conference**

A Case Management Conference is set for **November 29, 2018 at 3:00 p.m.**, before the Honorable Judge Steven P. Logan, United States District Judge, in Courtroom 501, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona 85003. Counsel who will be responsible for trial of the lawsuit for each party, and any party that is not represented by counsel, shall appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed.

///

///

///

///

**II.     Rule 26(f) Meeting**

The parties are directed to meet and confer no later than **fourteen (14) days** prior to the Case Management Conference as required by Rule 26(f) of the Federal Rules of Civil Procedure. It is the responsibility of Defendants to initiate the Rule 26(f) Meeting, and Defendants shall promptly and cooperatively participate in the Rule 26(f) Meeting.

At the Rule 26(f) Meeting, the parties shall *jointly* develop and file with the Clerk of Court no later than **November 19, 2018**, each of the following in the form outlined below: (1) a Joint Rule 26(f) Case Management Report, and (2) a Joint Proposed Rule 16 Case Management Order. Requests to continue the Case Management Conference or outstanding motions will not excuse the requirement to participate in a Rule 26(f) meeting and to submit the parties' joint report and proposed order.

**III.    Joint Rule 26(f) Case Management Report**

The parties' Joint Rule 26(f) Case Management Report shall contain the following information in separately numbered paragraphs:

**1.     Attendance**: The parties who attended the Rule 26(f) Meeting and assisted in developing the parties' joint submissions;

**2.     Service**: The parties, if any, which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;

**3.     Nature of Case**: The nature of the case, including a brief description – *three (3) pages or less* - of the principal factual disputes and legal basis of all claims and defenses;

**4.     Jurisdiction**: The jurisdictional basis for the case, citing specific statutes. *If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute*;[1]

---

[1]     The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *See* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Johnson v. Columbia*

**5.    Additions and Amendments**: Whether any party expects to add additional parties to the case or otherwise amend the pleadings;

**6.    Forthcoming Motions**: A listing of contemplated motions and a statement of the issues to be decided by these motions;

**7.    Related Cases**: The status of related cases pending before other courts or other judges of this District;

**8.    Mandatory Initial Discovery Pilot Project ("MIDP")**:[2]

*MIDP Certification*: Certification that each party has received and reviewed both the Preliminary Order issued in this case and the Attachments to that Order which concern the MIDP;

*MIDP Compliance*: The parties' compliance to date with the MIDP, including whether the parties have exchanged their MIDP Responses;

*MIDP Issues and Disputes*: Any issues that have arisen under the MIDP and a description of those issues. If the parties seek assistance of the Court in resolving a dispute with regard to MIDP Responses, the parties shall include a statement of the dispute they wish the Court to resolve, and attach copies of the disputed disclosures to the report;

**9.    Discovery Limitations**: Suggested changes, if any, in the limitations on discovery (including depositions) imposed by the Federal Rules of Civil Procedure and a discussion of why such changes are proportional to the needs of this case;

///

///

///

---

*Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The parties are further reminded that the use of fictitious parties (e.g., "John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

[2]    This case is subject to the MIDP. The General Order, as well as a Notice, Checklist, and Users' Manual are attached to this Court's Preliminary Order, and may also be found online at the District of Arizona's Website or the Federal Judicial Center's Website. It is the responsibility of the parties to carefully read the Court's Preliminary Order and the materials attached to it to ensure familiarity and full compliance with the requirements of the MIDP.

**10.** **Electronically Stored Information**: Any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced;

**11.** **Request for Jury Trial**: Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request for a jury trial is contested, the parties shall set forth the reasons why a trial by jury is in dispute;

**12.** **Trial**: The estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

**13.** **Expedited Trial Alternative**: Certification that counsel for each party has discussed with his or her client, or each *pro se* litigant has considered, the expedited trial alternative;[3]

**14.** **Consent to Magistrate Judge**: Whether the parties consent to the transfer of the case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c);

**15.** **Settlement**: The prospects for settlement, and whether the case is suitable for referral to a United States Magistrate Judge for the purpose of holding a settlement conference, or whether the case is suitable for an alternative method of dispute resolution;

**16.** **Modified Procedures**: Suggested modification of pretrial procedures due to the nature of the case, for example:

*ERISA Action*: If the parties jointly agree to resolve an action brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, through cross briefing, in lieu of filing the attached Joint Proposed Rule 16 Case Management Order, the parties shall propose a deadline for each of the following:

---

[3]    *Expedited Trial Alternative*: The parties may elect to take this case directly to trial, whether jury or bench trial. An expedited trial will be held in this case if *all* parties agree to such a trial. If the parties elect to proceed to an expedited trial, no formal discovery or motion practice will occur and a Final Pretrial Conference will be scheduled. Counsel for each party must discuss this expedited trial alternative with his or her client. As part of this discussion, counsel must provide his or her client with two good faith estimates of the costs (including attorneys' fees) of litigating this case to completion: (1) an estimate of the cost if an expedited trial is elected, and (2) an estimate of the cost if an expedited trial is not elected and typical discovery and motion practice occur.

(a)  Initial disclosures;

(b)  Completion of disclosure of materials that either party contends should be considered as part of the record on review;

(c)  Filing of the Administrative Record;

(d)  Filing of Plaintiff's Opening Brief;

(e)  Filing of Defendant's Response Brief;

(f)  Filing of Plaintiff's Reply Brief; and

(g)  Completion of Good Faith Settlement Talks;

*Class Action*: If either party is presenting their case as a class action, the parties shall propose a deadline for each of the following:

(a)  Completion of class certification discovery;

(b)  Filing of any motion for class certification and responsive briefing;

(c)  Filing of any motion for class decertification and responsive briefing;

*Patent Action*: If either party believes a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) will be necessary, the parties shall propose a deadline for each of the following:

(a)  Disclosure of asserted claims and infringement contentions;

(b)  Exchange of proposed claim constructions;

(c)  Filing of joint claim construction statement;

(d)  Disclosure of experts intended to be used at the *Markman* hearing;

(e)  Filing of Opening Claim Construction Brief;

(f)  Filing of Responsive Claim Construction Brief; and

**17.  Additional Matters**: Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

**IV.      Joint Proposed Rule 16 Case Management Order**

A fillable Joint Proposed Rule 16 Case Management Order has been attached to this Order. The parties shall carefully review, complete, and file the attached Order, providing the specific dates jointly proposed by the parties for the following deadlines (where

1   indicated): amendment of pleadings and joining parties; MIDP responses; production of

2   ESI; completion of discovery; completion of expert disclosures; completion of expert

3   depositions; filing of dispositive motions; and completion of good faith settlement talks. If

4   the parties are unable to agree regarding specific deadlines, both proposed dates shall be

5   included in the proposed order.[4]

6         Dated this 9th day of October, 2018.

7

8                                                   _____

9                                                   Honorable Steven P. Logan
                                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

---

28   [4]      *Example:* "Dispositive motions shall be filed no later than 1/1/18 (Plaintiffs), 1/2/18 (Defendants)."

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8                                    , )      No.  CV-
                                       )
9                                      )
                   Plaintiff(s),       )
10   vs.                               )    **RULE 16**
                                       )    **CASE MANAGEMENT ORDER**
11                                     )
                                       )
12                                  , )
                                       )
13              Defendant(s).          )
                                       )
14  ─────────────────────────────   )

15          The parties have met and prepared a Joint Rule 26(f) Case Management Report

16   and a Joint Proposed Rule 16 Case Management Order. On the basis of the parties'

17   submissions, and the Court's considered assessment of the time necessary to complete

18   discovery and all pretrial submissions,

19          **IT IS ORDERED**:

20   **I.       Governing Rules and Preliminary Order**

21          Both counsel and *pro se* litigants must abide by the Local Rules of Civil Procedure

22   ("LRCiv" or "Local Rules"), Rules of Practice of the U.S. District Court for the District

23   of Arizona, and the Federal Rules of Civil Procedure.

24          The Preliminary Order and its Attachments issued in this case are incorporated by

25   reference and remain in effect. To any extent the Preliminary Order differs from this

26   Order, this Order shall govern.

27   **II.      Joining Parties and Amending Pleadings**

28          The deadline for joining parties, amending pleadings, and filing supplemental

1   pleadings is _____.

2       Any motion for leave to amend or notice of amendment must be filed in

3   accordance with Rule 15.1 of the Local Rules of Civil Procedure. Any motion or notice

4   that does not comply with the local and federal rules may be stricken by the Court.

5   **III.    <u>Discovery</u>**

6       **Mandatory Initial Discovery Pilot Project ("MIDP")**: This case is subject to the

7   MIDP. Each party has certified that it has received and carefully reviewed the Court's

8   Preliminary Order and the materials attached to it to ensure familiarity and full

9   compliance with the requirements of the MIDP.[1]

10       **Mandatory Initial Discovery Responses ("MIDP Responses")**: MIDP

11   Responses were exchanged on -or- shall be exchanged no later than _____.

12   Unless the Court orders otherwise, the parties shall file with the Clerk of Court a notice

13   of service of initial responses, rather than copies of the actual disclosures.

14       **Supplemental MIDP Responses**: Supplemental MIDP Response shall be served

15   on the opposing party no later than **thirty (30) days** after the information is discovered or

16   revealed.  Unless the Court orders otherwise, the parties shall file with the Clerk of Court

17   a notice of service of supplemental responses, rather than copies of the actual disclosures.

18       **Electronically Stored Information ("ESI"):** ESI identified in the MIDP

19   Responses was produced – or shall be produced to the opposing party no later than

20   _____.

21       **Discovery Deadline**: Following service of MIDP Responses, broader discovery

22   under Federal Rules of Civil Procedure 26, 30, 31, 33, 34, 36, and 45 may commence. All

23   discovery, including supplementation of MIDP Responses, must be completed on or

24   before _____.[2]

25   [1]    The General Order, as well as a Notice, Checklist, and Users' Manual are attached

26   to this Court's Preliminary Order, and may also be found online at the District of Arizona's Website or the Federal Judicial Center's Website.

27   [2]    This supersedes the "30 days before trial" disclosure deadline. *See* Fed. R. Civ. P.

28   26(a)(3). The discovery deadline concludes the time to propound discovery, the time to answer all propounded discovery, the time to supplement disclosures and discovery, the

2

**Written Discovery Limitations**: Each side may propound up to 25 interrogatories, including subparts. The parties are also limited to 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts. All interrogatories, requests for production of documents, and requests for admissions shall be served at least **forty-five (45) days** before the discovery deadline.[3]

Responses to discovery requests must be stated with specificity; general or boilerplate objections are not permitted. If a party objects to providing relevant information, including an objection that providing the required information would involve disproportionate expense or burden, it must provide particularized information regarding the nature of the objection and its basis, and fairly describe the information being withheld. Where a party limits its response on the basis of privilege or work product, a privilege log is required unless the Court orders otherwise.

**Fact Depositions**: All depositions shall be scheduled to commence at least **five (5) working days** prior to the discovery deadline. A deposition commenced five (5) days prior to the deadline may continue up until the deadline, as necessary. Depositions shall be limited to seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure.

**Expert Disclosures**: Parties shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than _____. Rebuttal expert disclosures, if any, shall be made no later than _____. Rebuttal experts shall be limited to responding to opinions stated by initial experts. Absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.

---

time for discovery by subpoena, the time for the Court to resolve all discovery disputes, *and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes.*

[3]    The parties may mutually agree in writing, without Court approval, to increase the discovery limitations or extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon increases or extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

3

1
2
3

**Expert Depositions**: Expert depositions shall be completed no later than _____. Expert depositions shall be scheduled to commence at least **five (5) working days** before the deadline.

4
5
6
7
8
9
10
11
12
13

**Discovery Disputes**: Discovery disputes are *strongly discouraged*. Parties shall *not* present any discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j). In the event the parties cannot reach a resolution, they may jointly request assistance by contacting the Court to request a hearing on the dispute; the parties shall not file written discovery motions without leave of Court. The Court will seek to resolve the dispute during the hearing, and may enter appropriate orders on the basis of the hearing or may order written briefing. If the Court orders written submissions, the parties shall include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere efforts to do so in accordance with Local Rule 7.2(j).

14
15
16

Absent extraordinary circumstances, the Court will *not* entertain fact discovery disputes after the deadline for completion of fact discovery, and will *not* entertain expert discovery disputes after the deadline for completion of expert discovery.

17
18
19
20
21
22
23
24
25
26
27

**Protective Orders:** As a general practice, this Court does not approve or adopt blanket, umbrella protective orders or confidentiality agreements, even when stipulated to by the parties. Further, the fact that the parties have designated materials or information as confidential pursuant to an agreement or stipulation does not mean that the Court will order that the filings containing such information be placed under seal. In the event discovery mandates disclosure of specific, harmful, confidential material, the Court will entertain a request for a protective order at that time if it is tailored to protect the particular interests at hand in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. Any party wishing to seal a record or document and shield it from public view must prove why the interest in secrecy outweighs the presumption of public access to judicial records and documents.

28

4

## IV.   Motions

**Dispositive Motion Deadline**: Dispositive motions shall be filed no later than _____. The Court emphasizes that it has a strict policy that, absent extraordinary circumstances, the dispositive motion deadline will not be extended beyond the two-year anniversary of the date of commencement of an action, and the proposed deadlines should be devised cautiously.

**Pre-Motion Conferral**: Any motion made pursuant to Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading. In accordance with LRCiv 12.1(c), the Court therefore requires: (1) *conferral* – the movant must confer with the opposing party prior to filing a motion to dismiss for failure to state a claim or counterclaim pursuant to Rule 12(b)(6), or a motion for judgment on the pleadings on a claim or counterclaim pursuant to Rule 12(c), to determine whether such motion can be avoided; and (2) *certification* – the movant must *attach* a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion (in person, by telephone, or in writing), and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. Any motion lacking an attached compliant certificate may be summarily stricken by the Court.

The parties must also confer prior to filing any motion pursuant to Federal Rule of Civil Procedure 56. In doing so, the parties shall exchange a two-page statement describing any anticipated motion for summary judgment and response, identifying the issues and claims on which summary judgment will be sought and the basis for the motions and response. The purpose of conferral should be aimed at streamlining the issues in dispute, and dispensing of statements of fact. A certificate of conferral must be *attached* to any motion for summary judgment. Any motion lacking an attached compliant certificate may be summarily stricken by the Court.

**Motion Limitations**: No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of Court.

5

1    **Statements of Fact**: Statements of Fact ("SOF") required by Local Rule 56.1 shall

2    not exceed ten (10) pages in length, exclusive of exhibits. Electronic copies of SOF shall

3    be emailed to the opposing party and to chambers in Microsoft Word® format at

4    Logan_Chambers@azd.uscourts.gov. Any Controverting SOF, as set forth in Local Rule

5    56.1(b), shall include the entirety of the SOF in each responsive paragraph. Additional

6    SOF shall continue in numerical sequence.

7    **V.    Settlement Discussions**

8    All parties and their counsel shall meet in person and engage in good faith

9    settlement talks no later than _____. Upon completion of such settlement

10   talks, and in no event later than **five (5) working days** after the deadline for settlement

11   talks, the parties shall file with the Court a joint report on settlement talks executed by or

12   on behalf of all counsel. The report shall inform the Court that good faith settlement talks

13   have been held and shall report on the outcome of such talks.  The parties shall indicate

14   whether assistance from the Court is needed in seeking settlement of the case. The parties

15   shall promptly notify the Court at any time when settlement is reached during the course

16   of this litigation.

17   **VI.   Final Pretrial Conference**

18   If no dispositive motions are pending before the Court after the dispositive motion

19   deadline has passed, the parties shall jointly file and serve a "Notice of Readiness for

20   Final Pretrial Conference" within **seven (7) days** of the dispositive motion deadline. If a

21   dispositive motion is pending before the Court following the dispositive motion deadline,

22   the parties shall jointly file and serve a "Notice of Readiness for Final Pretrial

23   Conference" within **seven (7) days** of the resolution of the dispositive motion. Following

24   the filing of the Notice, the Court will issue an Order Setting Final Pretrial Conference

25   that: (1) sets deadlines for briefing motions in limine; (2) includes a form for the

26   completion of the parties' joint proposed Final Pretrial Order; and (3) otherwise instructs

27   the parties concerning their duties in preparing for the Final Pretrial Conference. A firm

28   trial date will be set at the Final Pretrial Conference.

**VII.    Additional Guidelines**

**Communication with the Court:** As a general matter, all communications with the Court should be made on the record. Telephone calls regarding routine administrative matters in civil cases should be directed to this Court's Judicial Assistant at (602) 322-7550. Direct communications with law clerks is prohibited. No member of chambers staff will provide the parties with legal advice concerning any matter.

Any inquiry regarding the status of any motion or other matter that has been under advisement for more than one hundred and eighty (180) days must be filed in the manner set forth in LRCiv 7.2(n).

**Emergencies and Expedited Consideration:** Any party desiring expedited consideration of a motion or other matter pending before the Court may make such a request by filing a separate *Notice for Expedited Consideration* which sets forth the grounds warranting accelerated resolution of the related filing and identifies the dates of the imminent events pertinent to the request. Such requests should not be made as a matter of course nor should be made by merely noting it below the title of the related filing. Requests presented to the Court in this manner will not be considered.

**Oral Argument and Evidentiary Hearings**: This Court does not have a preset schedule for setting oral arguments and evidentiary hearings. The Court will schedule oral arguments and evidentiary hearings when warranted and advise the parties accordingly. Any party desiring oral argument should request it by noting it below the title of the related filing, *see* LRCiv 7.2(f); such requests should be made in instances where it would assist the resolution of the motion, and not merely made as a matter of course. Any party desiring an evidentiary hearing should request it in the body of its filing. Separate motions or requests for oral argument or evidentiary hearings are subject to being stricken or may be modified on the docket to a notice.

**PDF Text Searchable Format**: All electronic filings must be filed in a PDF text searchable format in accordance with LRCiv 7.1(c).

**Copies:** A paper copy of any document exceeding ten (10) pages in length shall be

7

submitted to chambers promptly following its electronic filing. Paper copies of documents which are too large for stapling must be submitted in a three-ring binder. Electronic copies of proposed orders or findings shall be emailed to chambers in Microsoft Word® format at Logan_Chambers@azd.uscourts.gov.

**Font**: All memoranda filed with the Court must comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

**Citations**: Citations in support of any assertion in the text shall be included in the text, not in footnotes.

## VIII.   Final Advisals

**Noncompliance**: The parties are specifically admonished that failure to prosecute, to comply with court orders, or to comply with the local and federal rules may result in dismissal of all or part of this case, imposition of sanctions, or summary disposition of matters pending before the Court. *See* Fed. R. Civ. P. 41; LRCiv 7.2 ("[i]f a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the opposing party does not serve and file the required answering memoranda… such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily").

**Deadline Extensions:** *The parties are advised that the Court intends to enforce the deadlines and guidelines set forth in this Order, and they should plan their litigation activities accordingly.* Even if all parties stipulate to an extension, the Court will not extend the deadlines absent good cause to do so. As a general matter, the pendency of settlement discussions or the desire to schedule mediation does not constitute good cause.