Jamin S. Neil (SBN 026655)
jneil@wrightlegal.net
**WRIGHT, FINLAY & ZAK, LLP**
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
Telephone: (602) 845-8898
Facsimile: (949) 608-9142

Attorneys for *Defendants*
U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3; Mortgage Electronic Registration Systems, Inc.; and Select Portfolio Servicing, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pablo A. Castellanos and Judith T. Castellanos,<br><br>Plaintiffs,<br><br>vs.<br><br>Encore Credit Corporation; Mortgage Electronic Registration Systems, AKA "MERS"; Bank of America, National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset-Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3; JPMorgan Chase Bank, N.A.; Select Portfolio Servicing, Inc.; Quality Loan Service Corp.; California Reconveyance Co.,<br><br>Defendants. | Case No. 2:17-cv-02428-SPL<br><br>**JOINT RULE 26(F) CASE MANAGEMENT REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP") and this Court's October 9, 2018 Order (Doc. 72), *Defendants* U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3 ("U.S. Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Select Portfolio Servicing, Inc.

("SPS"), Performance Credit, LLC f/k/a Encore Credit Corporation ("Performance Credit"), and Quality Loan Service Corp. ("Quality") by and through respective counsel undersigned, and *Plaintiffs* Pablo A. Castellanos and Judith T. Castellanos (collectively, the "Castellanos"), hereby respectfully submit this Joint Rule 26(f) Case Management Report.

**1.    The Parties Attending the Rule 26(f) Meeting:**

- Jamin S. Neil, counsel for U.S. Bank, MERS and SPS;
- Kendra Haar and Ofunne Edoziem, counsel for Performance Credit;
- Devan Michael, counsel for Quality; and
- The Castellanos.

**2.    Service:**

To the Parties' knowledge, all parties have been served.

**3.    Nature of the Case:**

***Defendants' Statement of the Case*:**

On or about January 19, 2007, the Castellanos executed a promissory note ("Note") in the amount of $312,000.00 in favor of Encore Credit Corporation. The Note was secured by a Deed of Trust ("Deed of Trust") encumbering the real property located at 16405 South 43rd Place, Phoenix, Arizona 85048 (the "Property"). MERS was named as beneficiary under the Deed of Trust.

On or about May 18, 2011, MERS assigned the beneficial interest in the Deed of Trust to U.S. Bank.

On or about October 20, 2015, Quality was appointed as substitute trustee under the Deed of Trust.

Following the Castellanos' default on the Loan, on January 15, 2016, a Notice of Trustee's Sale was recorded scheduling an auction of the Property for April 19, 2016.

At the auction held on July 20, 2016 ("Trustee's Sale"), U.S. Bank was the highest bidder and became the purchaser of the Property.

Despite completion of the Trustee's Sale more than two years ago, the Castellanos allege that Defendants violated A.R.S. § 33-420(A) when they recorded the requisite non-judicial foreclosure documents precipitating the Trustee's Sale. However, because none of

the Defendants knew or had reason to know that any of these recorded documents were forged, groundless, contains a material misstatement or false claim or is otherwise invalid, the Castellanos cannot establish liability under A.R.S. § 33-420(A).

***The Castellanos' Statement of the Case:***

Encore Credit Corp was the original Lender. In 2007, Encore Credit was acquired by Bear Stearns Residential Mortgages that failed in 2008. Therefore, at the time the assignments were generated the Lender (Encore) was no longer in business. MERS could have not been acting as Nominee for a default entity. The subject loan could have not been transferred by MERS in 2011. The Defendant knowingly new the Assignments of Deed of Trust, Notice of Trustee Sale, and Notices of Substitution of Trustee were forged, groundless, contains a material misstatement or false claim or is otherwise invalid. They were all generated after the Lender went out of business; and the Bear Stearns Asset Backed Securities I Trust 2007- HE3 was dissolved effective January 29, 2008. Defendants do this for a business; therefore, they knew what they were doing.

**4.     Jurisdiction:**

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Specifically, the Castellanos are Arizona residents and none of the Defendants are domiciled in Arizona. Further, the Castellanos seek damages in excess of $75,000.00.

***The Castellanos' Statement Regarding Jurisdiction:***

Further, the Castellanos are asking for each party listed to compensate the Castellanos $875,000.00. This encompasses the following: Arizona Revised Statues § 33-420 (A) which imposes a minimum of $5,000 damages even if no actual dames have occurred; where actual damages have occurred, they must be trebled. The statute then requires that the higher of the two be awarded. Documents were recorded value $321,000.00. Prior attorney fees, rental expenses, moving expenses, emotional distress as "significant mental suffering under A.R. S. 13-2923(D)(2); breach of contract.

/././

-3-
**JOINT RULE 26(F) CASE MANAGEMENT REPORT**

5. **Additions and Amendments:**

None at this time.

6. **Forthcoming Motions:**

*Defendants*: Defendants intend to file separate motions for summary judgment and, if the case proceeds to trial, motions in limine or motions under Rules 702-704 of the Federal Rules of Evidence.

In addition, Performance Credit intends to file a motion for judgment on the pleadings.

*The Castellanos*:

The Castellanos intend to file a motion for summary judgment and motions in limine.

7. **Related Cases:**

The Parties are unaware of any related cases.

8. **Mandatory Initial Discovery Pilot Project ("MIDP"):**

*MIDP Certification*: The parties certify that each has received and reviewed by the Preliminary Order issued in this case and the Attachments to that Order which concern MIDP;

*MIDP Compliance*: Performance Credit certifies that it has received and reviewed the Preliminary Order and its attachments. Performance Credit submitted its MIDP Responses on October 24, 2017 and filed its Notice of Service. To date, Performance Credit has not received MIDP responses from either Plaintiff.

U.S. Bank, MERS and SPS certify that they served their MIDP Responses on August 24, 2018 and filed the requisite Notice of Service. (Doc. 71).

The remaining parties contemplate exchanging MIDP Responses on or before _____ _____.

*MIDP Issues and Disputes*: None at this time.

9. **Discovery Limitations.**

None at this time.

/././

10. **Issues Relating to Electronically Stored Information:**

None at this time.

11. **Request for Jury Trial:**

The Castellanos have requested a jury trial.

12. **Length of Trial:**

Three days.

13. **Expedited Trial Alternative:**

Counsel for each Defendant has discussed with their respective clients, and the Castellanos have considered, the expedited trial alternative. The Parties do not agree to an expedited trial alternative.

14. **Consent to Magistrate Judge:**

The parties do not consent to the transfer of this case to a United States Magistrate Judge.

15. **Prospects for Settlement:**

Settlement is unlikely and the parties do not believe a settlement conference with be fruitful.

*The Castellanos' Statement Regarding Settlement*:

The Plaintiffs have made **numerous request** to the Defendants asking them if they are willing to settle. Some have responded "your settlement is rejected." While other have not responded. The parties agree to referral to a United States Magistrate Judge for purpose of a Settlement.

16. **Modified Procedures:**

None at this time.

/././

/././

/././

/././

/././

**JOINT RULE 26(F) CASE MANAGEMENT REPORT**

17. **Other Matters that Will Aid in Resolution.**

None at this time.

**RESPECTFULLY SUBMITTED** this 27th day of November 2018.

                     **WRIGHT, FINLAY & ZAK, LLP**

/s/ *Jamin S. Neil*
JAMIN S. NEIL
Attorneys for *Defendants* U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed Certificates Series 2007-HE3; Mortgage Electronic Registration Systems, Inc.; and Select Portfolio Servicing, Inc.

**PERKINS COIE LLP**

BRIAN COURT LAKE
KENDRA HAAR
Attorneys for *Defendant* Performance Credit, LLC f/k/a Encore Credit Corporation

**MCCARTHY HOLTHUS LLP**

/s/ *Melissa Robbins Coutts (with permission)*

MELISSA ROBBINS COUTTS
Attorneys for *Defendant* Quality Loan Service Corporation

PABLO A. CASTELLANOS

JUDITH T. CASTELLANOS

-6-
**JOINT RULE 26(F) CASE MANAGEMENT REPORT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of November 2018, I electronically transmitted the foregoing document and any attachments to the Office of the Clerk of the United States District Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants

Pablo A. Castellanos
Judith T. Castellanos
16809 S. 44th Street
Phoenix, Arizona 85048
judy.castellanos@hotmail.com
Plaintiffs *In Propria Persona*

Brian Court Lake
Perkins Coie LLP
P.O. Box 400
Phoenix, Arizona 85001-0400
BLake@perkinscoie.com
Attorneys for Encore Credit Corporation

Melissa Robbins Coutts
Devan Michael
McCarthy Holthus LLP
8502 E Via de Ventura Dr., Ste 200
Scottsdale, AZ 85258
mcoutts@mccarthyholthus.com
dmichael@mccarthyholthus.com
Attorneys for Quality Loan Service

/s/ *Steve Bennett*
STEVE BENNETT

**JOINT RULE 26(F) CASE MANAGEMENT REPORT**