1  Brian C. Lake, Bar No. 020543
   Kendra Haar, Bar No. 030959
2  **PERKINS COIE LLP**
   2901 N. Central Avenue, Suite 2000
3  Phoenix, AZ 85012-2788
   Telephone: 602.351.8000
4  Facsimile: 602.648.7000
   BLake@perkinscoie.com
5  KHaar@perkinscoie.com
   docketphx@perkinscoie.com
6
   *Attorneys for Defendant Performance Credit, LLC f/k/a Encore*
7  *Credit Corp.*

8

9

10                 UNITED STATES DISTRICT COURT

11                      DISTRICT OF ARIZONA

12

13  Pablo A. Castellanos and Judith T.          No. 2:17-CV-02428-PHX-SPL
    Castellanos, Husband and Wife,
14
                    Plaintiffs,
15                                               **DEFENDANT PERFORMANCE
         v.                                      CREDIT, LLC F/K/A ENCORE
16                                               CREDIT CORP.'S CONTROVERTING
    Encore Credit Corporation, *et al.*,         STATEMENT OF FACTS IN SUPPORT
17                                               OF ITS RESPONSE IN OPPOSITION
                    Defendants.                  TO PLAINTIFFS' MOTION FOR
18                                               SUMMARY JUDGMENT &
                                                 MEMORANDUM IN SUPPORT**
19

20

21

22         Pursuant to Local Rule of Civil Procedure 56.1(b), Defendant Performance Credit,

23  LLC f/k/a Encore Credit Corp. ("Encore") submit the below controverting statement of

24  facts in support of its opposition to the Motion for Summary Judgment (the "Motion")

25  filed by Plaintiffs Pablo A. Castellanos and Judith T. Castellanos ("Plaintiffs").

26         Plaintiffs' Motion did not contain a separate statement of facts to which Encore

27  may respond, but the Motion does contain a section entitled "Statements of Undeputed

28  [*sic*] Facts."  [Doc. 83, Motion ¶¶ 85–93]  This Controverting Statement of Facts draws

from the Motion's purported facts as a starting point and adds additional facts as necessary to fulfill its duty under LR 56.1(b).

## II.   ENCORE'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS:

The Motion sets forth a number of "facts" that cannot be characterized as material, undisputed, or even facts.

1.   "The Defendants claim that the identity of the Lender and Note Holder is 'irrelevant.' But the identity of the Lender/Note Holder/Beneficiary must be known to enforce those contracts.  The facts mandate the conclusion that Select Portfolio, MERS, U.S. Bank as Trustee, Quality Loans and California Reconveyance, cannot foreclose." [Doc. 83 (Mot.) ¶ 85]

**Encore's Controverting Statement of Facts ("ECSOF") ¶ 1**: Deny.  This paragraph asserts a legal position that is the root of Plaintiffs' Complaint.  This is not a material fact that can be admitted or denied, but rather a legal conclusion without facts offered in support. Further, this paragraph does not assert any wrongdoing by Encore.

2.   "Without the Note and Deed of Trust, there would be no Loan and no controversy.  Those two contracts must be enforced as written. 'A valid contract must be given full force and effect even if its enforcement is harsh.' *Isaak v. Massachusetts Indem. Life Ins. Co.*, 127 Ariz. 581, 584, 623 P.2d 11, 14 (1981). A court may not 'revise, modify, alter, extend, or remake' a contract.  A later interloper such as Select Portfolio, Quality Loans, California Reconveyance cannot override or alter the terms of the Note and Deed of Trust between the Castellanos and the purported Lender, Encore Credit Corp.; nor can the Court."

a.   "When parties bind themselves by a lawful contract, in the absence of fraud a courts must give to the contract as it is written, and the terms . . . are conclusive . . . It is not within the province or power of the

1  |  court to alter, revise, modify, extend rewrite or remake an

2  |  agreement."

3  [Doc. 83 (Mot.) ¶ 86]

4      **ECSOF ¶ 2**: Deny.  This paragraph also asserts a legal position that is not a

5  material fact that can be admitted or denied, but rather a legal conclusion without concrete

6  facts proffered in support.  No defendant has asked for the contracts to be rewritten.

7  Further, this paragraph does not assert any wrongdoing by Encore.

8

9      **3.**    "Shattuck v. Precision-Toyota, Inc., 115 Ariz. 586, 588 (In Banc 1977)

10  (citation omitted). Indeed, even if Select Portfolio, Quality Loans, California Reconvenace

11  [*sic*] were Encore Credit Corp., successor, Select Portfolio, Quality Loans still could not

12  alter the contract terms without the Castellanos agreement."  [Doc. 83 (Mot.) ¶ 87]

13      **ECSOF ¶ 3**: Deny.  This paragraph also asserts a legal position that is not a

14  material fact that can be admitted or denied, but rather a legal conclusion without concrete

15  facts proffered in support.  No defendant has asked for the contracts' terms to be altered.

16  Further, this paragraph does not assert any wrongdoing by Encore.

17

18      **4.**    "When the Deed of Trust discusses the servicer role, it uses entirely

19  different terminology, stating that the servicer "collect" payments.  But when defining

20  Note Holder and describing the Lender's interest in payments. The Deed of Trust uses the

21  words, 'entitled to payment.' Further each servicing transfer letter to the Castellanos

22  represented that the change of service had no effect on the terms and conditions of the

23  loan document." [Doc. 83 (Mot.) ¶ 88]

24      **ECSOF ¶ 4**: Deny.  This paragraph also asserts a legal position that is not a

25  material fact that can be admitted or denied.  This statement references a contract that is

26  not submitted as evidence with this Motion.  Further, this fact does not assert any

27  wrongdoing by Encore.

28

5.      "The California Supreme Court recently met the 'entitled to payment' issue head-on, and drove home the same point the Castellanos make here: The borrow [*sic*] owes money not to the world at large but to a particular person or institution, and only the person or institution entitled to payment may enforce the debt by foreclosing on the security. . . ."  [Doc. 83 (Mot.) ¶ 89 & (a)-(e)]

**ECSOF ¶ 5**: Deny.  This paragraph (and its subparagraphs) also asserts a legal argument, not a material fact that can be admitted or denied.  This paragraph does not provide any facts upon which the Court may evaluate to decide Plaintiffs' case.  Further, this paragraph does not assert any wrongdoing by Encore.

6.      "Yvanova v New Century Mortg. Corp., 365 P.3d 845, 857-58 (Cal. 2016 (bold face added, italics in original). . . ."  [Doc. 83 (Mot.) ¶ 90 & (a)-(d)]

**ECSOF ¶ 6**: Deny.  This paragraph (and its subparagraphs) also asserts a legal argument, not a material fact that can be admitted or denied.  This paragraph does not provide any facts upon which the Court may evaluate to decide Plaintiffs' case.  Further, this paragraph does not assert any wrongdoing by Encore.

7.      "Another condition precedent to foreclose, is a default by the Borrower. Even Defendants admit this.  See Doc 25 at 31, 36, 160. A.R.S. § 33-807(A); In re Kebkauoha-Alisa, 674 F. 3d 1082, 1093 (9th Cir. 2012) (failure to strictly follow all conditions precedent to foreclose cause the Ninth Cir to **VOID** trustee's sale). Conspicuously absent from the Motion must fail. And because only the Lender can declare that default, Defendants cannot pursue foreclosure even if one of them purported to put on evidence of default."  [Doc. 83 (Mot.) ¶ 91]

**ECSOF ¶ 7**: Deny.  This paragraph also asserts a legal argument, not a material fact that can be admitted or denied.  This paragraph does not provide any facts upon which the Court may evaluate to decide Plaintiffs' case.  Further, this paragraph does not assert any wrongdoing by Encore.

1       **8.**    "All this evidence proves that no Defendant is the Lender/Note

2   Holder/Beneficiary.  The Ninth Circuit defines 'Lender' as 'one who puts money at risk,'

3   and whose 'own money [is] at risk of Borrowers' default.' Easter v. American West

4   Financial, 381 F. 3d 948, 957 (9th Cir. 2004).  In the context of foreclosure, the California

5   District Court recently confronted the issue of who is the 'true or defacto lender' in a

6   transaction, and defined 'lender' as the one with 'predominant economic interest in the

7   loan. Consumer Financial Protection Bureau v. CashCall, Inc., 2016 WL 4820635 at *6

8   (C.D. Ca. Aug. 31, 2016). According to the court, '[t]he key and most determinative

9   factor is whether [the one claiming to be the lender] placed its own money at risk . . . or

10  whether the entire monetary burden and risk of the [] was borne by [another].' 'Indeed, as

11  the Ninth Circuit stated in Easter, 'a lender is one who puts money at risk.'" Citing Easter,

12  381 F. 3d at 957."  [Doc. 83 (Mot.) ¶ 92]

13      <u>**ECSOF ¶ 8**</u>: Deny.  This paragraph also asserts a legal argument, not a material

14  fact that can be admitted or denied.  This paragraph does not provide any facts upon

15  which the Court may evaluate to decide Plaintiffs' case.  Further, this paragraph does not

16  assert any wrongdoing by Encore.

17

18      **9.**    "Certainly, no Defendant is the Lender, whose money is at risk. Nor has the

19  Trust or the Certificateholders/Owners of the Trust, suffered a loss as a result of any

20  default by the Castellanos.  The Defendants cannot enforce the Castellanos' Loan."  [Doc.

21  83 (Mot.) ¶ 93]

22      <u>**ECSOF ¶ 9**</u>: Deny.  This paragraph also asserts a legal argument, not a material

23  fact that can be admitted or denied.  This paragraph does not provide any facts upon

24  which the Court may evaluate to decide Plaintiffs' case.  Further, this paragraph does not

25  assert any wrongdoing by Encore.

26

27

28

### III.   ADDITIONAL MATERIAL FACTS REQUIRING THE DENIAL OF THE MOTION FOR SUMMARY JUDGMENT:

**10.**    Encore originated the loan in 2007, which Plaintiffs used to refinance the Property (the "Loan").  [Doc. 12, First Amended Complaint ("Compl.") at ¶ 2]

**11.**    Defendant Encore secured the loan by recording a Deed of Trust ("DOT") with the Maricopa County Recorder's Office (Instrument #2007-0156567).  [*Id.* ¶ 12; Doc. 1-1, at Ex. 1; Request for Judicial Notice ("RJN"), Ex. C]

**12.**    The DOT lists the Mortgage Registration System ("MERS") as the beneficiary under the DOT. [Doc. 12 (Compl.) ¶ 16; RJN, Ex. C, at 1]

**13.**    Also, in 2007, Defendant Encore was acquired by Bear Stearns Residential Mortgage Corporation ("Bear Stearns").  [Doc. 12 (Compl.) ¶ 2]

**14.**    In 2008, Bear Stearns failed and was sold to JP Morgan Chase. [*Id.*]

**15.**    Throughout the years, the loan went through a series of assignments to various lenders and servicers.  [*See, e.g.*, Doc. 12 (Compl.) ¶¶ 21-28, 37-38, 41, 93-94]

**16.**    In January 2011, Defendant Encore assigned its interest in the Deed of Trust and Note to the Property to U.S. Bank National Association.  [Doc. 12 (Compl.) ¶¶ 39, 41; RJN, Ex. B].

**17.**    The Complaint alleges that Encore sold the Castellanos' mortgage loan about four years earlier than this date.  [Doc. 12 (Compl.) ¶ 41]

**18.**    At some point, Plaintiffs defaulted on the Loan.  [*See generally* Doc. 12 (Compl.) ¶¶ 96-98 (discussing notice of default and not challenging the fact that a default occurred); Doc. 65 (Aug. 10, 2018 Order) at 1]

**19.**    The first Notice of Trustee's Sale was recorded in the Maricopa County public records office by California Reconveyance Company on January 19, 2011 as instrument number 20110053804, which was cancelled in May 2011 by instrument number 20110421682.  [RJN, Exs. D & E]

**20.**    By 2016, the defendant-in-possession of the Loan at that time began the foreclosure process again, after Plaintiffs had received several notices of trustees' sale

documents from January 2011 through October 2015.  [*See, e.g.*, Doc. 12 (Compl.) ¶¶ 78, 87, 88-92, 108]

21.    On January 15, 2016, a fifth notice of trustee's sale was recorded by the then-defendant-in-possession of the Loan, Quality Loan Service Corporation, scheduling a sale of the Property on April 19, 2016.  [Doc. 12 (Compl.) ¶ 151; Doc.1-1, Ex. 35; RJN, Ex. F]

22.    The Plaintiffs did not take any action to enjoin the trustee's sale, and the sale moved forward.  [*See generally* Doc. 12 (Compl.) (containing no allegations that Plaintiffs took any actions to enjoin the trustee's sale); *See also* Doc. 64 (Aug. 9, 2018 Order) at 2]

23.    The Property was sold at a trustee's sale on July 20, 2016.  [Doc. 12 (Compl.) ¶ 168; RJN, Ex. A]

24.    Encore was not involved in the trustee's sale of the Property.  [Doc. 12 (Compl.) ¶ 168; RJN, Ex. A]

25.    Title to the Property was conveyed to Defendant U.S. Bank, N.A. on July 28, 2016.  [RJN, Ex. A]

26.    On July 20, 2017, Plaintiffs filed an action against several lenders and loan servicers for claims arising from the foreclosure of their home, a residential property located at 16405 South 43rd Place, Phoenix, AZ 85048 (the "Property").  [Doc. 1, Complaint]

DATED: December 20, 2018          **PERKINS COIE LLP**

By: *s/ Kendra L. Haar*
    Brian C. Lake
    Kendra L. Haar
    2901 N. Central Ave., Ste. 2000
    Phoenix, Arizona 85012-2788

    *Attorneys for Defendant Performance Credit, LLC f/k/a Encore Credit Corp.*

1

**CERTIFICATE OF SERVICE**

2

☒     I hereby certify that on December 20, 2018, I electronically transmitted the

3

attached documents to the Clerk's Office using the CM/ECF System for filing and

4

transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5

Daniel Price Crane                      Jacob Alexander Maskovich

6

Bryan Cave LLP                        Bryan Cave LLP
dan.crane@bryancave.com          jamaskovich@bryancave.com

7

Attorney for JP Morgan Chase Bank NA   Attorney for JP Morgan Chase Bank NA

8

Melissa Robbins Coutts              Judith T Castellanos

9

Devan E. Michael                    judy.castellanos@hotmail.com
McCarthy Holthus LLP

10

mcoutts@mccarthyholthus.com       Plaintiffs *Pro Se*

11

dmichael@mccarthyholthus.com
Attorney for Quality Loan Servicing

12

California Reconveyance Company

13

☒     I hereby certify that on December 20, 2018, I served the attached document

14

by first class mail on Judge Steven P. Logan, United States District Court of Arizona, 401

15

West Washington Street, Phoenix, Arizona 85003-2118.

16

☒     I hereby certify that on December 20, 2018, I served the attached document

17

by first class mail on the following:

18

19

Judith T Castellanos

20

Pablo A Castellanos
16809 S 44th St.
Phoenix, AZ 85048

21

Plaintiffs *Pro Se*

22

23

s/Susan Carnall

24

142497779.2

25

26

27

28