Melissa Robbins Coutts, Esq. (SBN 028955)
Devan E. Michael, Esq. (SBN 032803)
**McCARTHY & HOLTHUS, LLP**
8502 E. Via de Ventura, Suite 200
Scottsdale, Arizona 85258
Telephone:   (480) 302-4100
Facsimile:   (480) 302-4101
Email:   mcoutts@mccarthyholthus.com
         dmichael@mccarthyholthus.com

*Attorneys for Defendant Quality Loan Service Corp.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Pablo A. Castellanos and Judith T. Castellanos, husband and wife,<br><br>Plaintiffs,<br>v.<br>Encore Credit Corporation, et al.<br><br>Defendants. | Case No.   CV-17-02428-PHX-SPL<br><br>**DEFENDANT QUALITY LOAN SERVICE CORPORATION'S MOTION FOR SUMMARY JUDGMENT, AND JOINDER IN CO-DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Fed. R. Civ. P. 56, Defendant Quality Loan Service Corporation ("Quality") hereby moves for Summary Judgment on the sole remaining cause of action in this case for violation of A.R.S. § 33-420. (*See* Order [dkt. No. 65].) This Motion is supported by the attached Memorandum of Points and Authorities, Quality's Separate Statement of Facts, and the evidence filed herewith.

**Joinder in Motion for Summary Judgment**

Quality respectfully joins in the Motion for Summary Judgment filed by Defendants U.S. Bank, N.A., successor trustee to LaSalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2007-HE3, Asset-Backed

Certificates Series 2007-HE3 ("U.S. Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Select Portfolio Servicing, Inc. ("SPS").

Because Plaintiff's allegations against all Defendants, including Quality, are based on the same underlying conduct, the arguments raised by co-Defendants U.S. Bank, MERS, and SPS apply with equal force to Defendant Quality. Quality respectfully requests that for the same reasons and on the same bases asserted by co-Defendants, the Court should also grant summary judgment in favor of Quality.

Quality additionally presents the following arguments and facts in support of its Motion for Summary Judgment.

**Points and Authorities in Support of Quality's Motion for Summary Judgment**

**I.      Introduction**

The only cause of action asserted by Plaintiffs Judith Castellanos and Pablo Castellanos that was not dismissed by the Court previously is their sixth cause of action for damages pursuant to A.R.S. § 33-420. (*See* Order [dkt. No. 65].) This statute allows a claim for damages against a person who causes a document to be recorded with the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim, or is otherwise invalid. A.R.S. § 33-420; *In re Mortg. Elec. Reg. Sys., Inc.*, 754 F.3d 772, 782 (9th Cir. 2014). Plaintiff has been unable to produce any evidence showing that Quality recorded any forged document or any false documents with knowledge that they contained false statements. In the absence of any proof to support Plaintiff's claim for damages, Quality is entitled to judgment as a matter of law.

**II.     Statement of Facts**

1.      In 2007, Plaintiffs a Deed of Trust to the real property located at 16405 S. 43rd Place, Phoenix, Arizona (the "Property"), to secure repayment of a Promissory Note. The Deed of Trust named MERS as beneficiary of the Deed of Trust. [QLS SOF ¶ 1.]

2. On May 18, 2011 MERS assigned the beneficial interest in the Deed of Trust to U.S. Bank. [QLS SOF ¶ 2.]

3. On or about October 30, 2015, Quality Loan Service Corporation was appointed as substitute trustee under the Deed of Trust. [QLS SOF ¶ 3.]

4. Following plaintiffs default on the Loan, on January 15, 2016, Quality recorded a Notice of Trustee's Sale. [QLS SOF ¶ 4.]

5. Quality completed a trustee's sale of the Property on July 20, 2016, after which Quality recorded a Trustee's Deed Upon Sale transferring title to the Property to U.S. Bank. [QLS SOF ¶ 5.]

### III. Standard of Review

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial burden of demonstrating "the absence of any genuine issue of material fact." *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007) "Once the moving party meets its initial burden, . . ., the burden shifts to the non-moving party to set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks and citations omitted). The party opposing summary judgment must produce "significant probative evidence tending to support the complaint." *Fazio v. City & County of San Francisco,* 125 F.3d 1328, 1331 (9th Cir. 1997). If the opposing party is unable to produce evidence to establish a genuine issue of material fact, then summary judgment must be granted.

### IV. Legal Argument

Plaintiffs have conceded that they do not believe that Quality recorded any documents containing "forged" signatures. (QLS SOF ¶ 6.) Instead, they rest their cause

of action under A.R.S. § 33-420 solely on their belief that U.S. Bank was not the "true" beneficiary of the Deed of Trust; therefore, they contend, Quality recorded "false" documents when it recorded the Notice of Substitution of Trustee and Notice of Trustee's Sale identifying U.S. Bank as the beneficiary. (*See* Coutts Decl. Ex. C, at 90:7-21, 92:16-93:14, 94:5-16.)

Importantly, in order to prevail on a cause of action under A.R.S. § 33-420, the plaintiff need not only prove that the defendant recorded false documents, but must also prove that the defendant recorded them with knowledge of their falsity. *See* A.R.S. § 33-420(A). The "knowing" element of A.R.S. § 33-420 "suggests deliberate or conscious conduct. Thus, the mental state required for liability under the statute is subjective, not objective, and the conduct proscribed intentional, not carelessness." *Bosworth v. TEM Holdings, LLC (In re Bosworth)*, 2012 Bankr. Lexis 676, at *17 (B.A.P. 9th Cir. Fed. 2, 2012). Plaintiffs have admitted that that have no evidence proving, or even suggesting, that Quality had any information or any reason to believe that U.S. Bank was not the beneficiary of the Deed of Trust at the time Quality recorded the Notice of Substitution of Trustee and Notice of Trustee's Sale. (QLS SOF ¶ 7.) Plaintiffs admit that SPS was the servicer of their loan, and that SPS directed Quality to foreclose. (Coutts Decl. Ex. B, page 71:23-3, 73:8-17.) Plaintiff have presented nothing to demonstrate Quality took any actions with deliberate intention to record anything false with the County Recorder. Accordingly, Plaintiffs cannot meet the essential elements of their A.R.S. § 33-420 claim by establishing either falsity or knowledge of falsity, and therefore Quality is entitled to judgment as a matter of law.

### VII. Conclusion

Defendant Quality Loan Service Corporation respectfully requests that the Court grant summary judgment in its favor. In addition to the reasons and evidence set forth in the Motion for Summary Judgment filed by Defendants U.S. Bank, MERS, and SPS [dkt.

no. 114], Plaintiffs additionally cannot prevail on any claim against Quality because they have no evidence to show Quality either recorded any false documents or recorded the documents with knowledge of any falsity. Accordingly, this Defendant is entitled to judgment as a matter of law.

**RESPECTFULLY SUBMITTED** this 27th day of September, 2019.

**McCARTHY & HOLTHUS LLP**

By: */s/ Melissa Robbins Coutts*
   Melissa Robbins Coutts, Esq.
   *Attorneys for Defendant Quality Loan Service Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the September 27, 2019, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing and service on all CM/ECF registrants.

I further certify that on September 27, 2019, I served the attached documents by U.S. First Class mail on the following:

   Judith T. Castellanos
   Pablo A. Castellanos
   16809 S. 44th St.
   Phoenix, AZ 85048

   */s/ Honi A. Baken*
   Honi A. Baken

AZ-17-780242-CV

5