**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pablo A Castellanos, et al., | No. CV-17-02428-PHX-SPL |
| Plaintiffs, | **ORDER** |
| vs. | |
| Encore Credit Corporation, et al., | |
| Defendants. | |

Plaintiffs Pablo A. Castellanos and Judith T. Castellanos (together, the "Plaintiffs") filed suit against several defendants alleging multiple causes of action related to the foreclosure of the real property located at 16405 South 43rd Place, Phoenix, Arizona, 85048 (the "Property"). (Doc. 12 at 4) Plaintiffs have moved for summary judgment (Doc. 112), Defendants U.S Bank, Mortgage Electronic Registration Systems, Inc. ("MERS"), and Select Portfolio Servicing, Inc. ("SPS") also moved for summary judgment (Doc. 114), and Defendant Quality Loan Service Corp. ("Quality") moved for summary judgment as well. (Doc. 118)  The Court's ruling on the three motions is as follows.

**I.  Background**

On January 19, 2007, the Plaintiffs refinanced the Property by entering into an adjustable rate note and a deed of trust (together, the "Loan") for the amount of $312,000 with Defendant Encore Credit Corporation. (Doc. 12 at 4) MERS was originally named as beneficiary under the deed of trust, but MERS reassigned its interest over time to U.S.

Bank and Quality as substitute trustee. (Doc. 12 at 7, 28) At some point, the Plaintiffs defaulted on the Loan, and the defendant in possession of the Loan began the foreclosure process. The Plaintiffs received at least four notices of pending trustee's sales on the Property between January 2011 and October 2015. (Docs. 12 at 13; 12-1 at 4) On January 15, 2016, a fifth notice of trustee's sale was recorded, scheduling a sale of the Property on April 19, 2016. (Doc. 12-1 at 9) The Plaintiffs allege that they did not receive notice of the sale, but Exhibit 37 to the Complaint is a sworn affidavit by Plaintiff Pablo Castellanos in which he acknowledges receipt of the notice. (Docs. 12-1 at 12; 1-1 at 131) The Plaintiffs did not take any action to enjoin the trustee's sale. The trustee's sale moved forward on July 20, 2016, and title to the property was conveyed to U.S. Bank on July 28, 2016. (Docs. 12-1 at 12, 30 at 3)

In July 2017, the Plaintiffs filed this suit seeking declaratory judgment and damages (the "Complaint"), arguing that because the initial deed transfer from MERS to U.S Bank was improper, each subsequent deed transfer and the trustee's sale was invalid. (Doc. 12-1, at 35–38) On October 25, 2017, the Defendants filed a Motion to Dismiss on all of the Plaintiffs' claims and the Court dismissed five counts of the Complaint and retained count 6. (Doc. 65) On September 24, 2019, Plaintiffs moved for summary judgment. (Doc. 112) On September 27, 2019, U.S. Bank, MERS, and SPS moved for summary judgment. (Doc. 114) Quality moved for summary judgment and joinder in its co-defendants' motion for summary judgment on September 27, 2019 as well. (Doc. 118)

**II.  Legal Standard**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show[] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is "material" when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises "if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." *Id.* "If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Id.* at 249–50 (citations omitted).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323 (citations omitted). The moving party need not disprove matters on which the opponent has the burden of proof at trial. *Id.* Summary judgment is, therefore, proper if the nonmoving party fails to make a showing sufficient to establish the existence of an essential element of his case on which he will bear the burden of proof at trial. *Id.*

### III. Analysis

The Court notes that all parties have filed a motion for summary judgment. The Court finds that it can resolve the issues without analyzing each motion separately and shifting from movant to non-movant several times.

The only remaining claim in this case is under Arizona Revised Statutes ("A.R.S.") § 33-420(A): Plaintiffs allege that the Defendants violated A.R.S. § 33-420(A) when Quality recorded void or invalid documents, including notices of trustee sales and other assignment documents. (Doc. 12-1 at 35–38) In particular, Plaintiffs allege that the initial assignment of the deed of trust was not possible, which has the effect of invalidating all subsequent documents for purposes of A.R.S. § 33-420(A).

A.R.S. § 33-420(A) states that "[a] person claiming an interest in real property, who causes a document asserting such interest to be recorded knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable for damages." A.R.S. § 33-420(A). A claim for damages pursuant to § 33-420(A) is available if a plaintiff alleges that a notice of trustee sale, a notice of substitution of trustee, or an assignment of a deed of trust were falsely or fraudulently recorded. *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 782 (9th Cir. 2014). The statute provides for four avenues to state a claim for damages: a document

was (1) forged, (2) groundless, (3) contains a material misstatement or false claim, or (4) is otherwise invalid. A.R.S. § 33-420(A). In addition, Plaintiffs must prove that Defendants knew or had reason to know of the falsity of the recorded documents. Such element of knowledge "suggests deliberate or conscious conduct. Thus, the mental state required for liability under the statutes is subjective, not objective, and the conduct proscribed intentional, not carelessness." *See, e.g.*, *In re Bosworth*, 2012 WL 603715, at * 6 (B.A.P. 9th Cir. Feb. 2, 2012).

Plaintiffs conceded that they do not believe any of the recorded documents contained a forged signature. (Doc. 118–1, Ex. E, at 130:15–132:4) Mrs. Castellanos testified that she believed that the recorded documents contained false statements. (Doc. 118–1, Ex. C, at 90:7–21, 92:16–93:14, 94:5–16) She also admitted in her deposition that she did not have any evidence that Quality knew or had reason to know that U.S. Bank was not the beneficiary of the deed of trust at the time Quality recorded the notice of substitution of trustee and notice of trustee's sale. (Doc. 118–1, Ex. D, at 121:14–124:8)

The deed of trust executed by Plaintiffs clearly shows Encore Credit Corporation as the "Lender" and Fidelity National Title Insurance Company as the "Trustee." (Doc. 112, Ex. 1, at 1) It also describes MERS as "a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument." (Doc. 112, Ex. 1, at 1) Based on this document, it is fairly clear that MERS, as beneficiary and acting as nominee of the Lender *and* its successors and assigns, had the legal authority and power to act on behalf of Encore, or its successors or assigns. This is what MERS did on January 20, 2011 when it recorded an assignment of deed of trust, assigning and transferring to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I-LLC, Asset Backed Certificates, Series 2007-HE3, all beneficial interest under the deed of trust. (Doc. 112, Ex. 3, at 1) Subsequently, on May 19, 2001, MERS recorded another assignment of deed of trust to amend the grantee from the previous assignment of deed of trust to U.S. Bank

National Association, as Trustee, successor in interest to Bank of America National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I-LLC, Asset Backed Certificates, Series 2007-HE3. (Doc. 112, Ex. 6, at 1) Plaintiffs have offered no evidence explaining why MERS would have been legally precluded from assigning its interests or the interests of the Lender or its successors or assigns based on the four corners of the deed of trust. Plaintiffs has only alleged that MERS was only a nominee and had no power to assign any interest under the deed of trust. The deed of trust itself appears to contradict such unsupported assertions. However, there is an even more apparent fatal flaw in Plaintiffs' case.

Without sufficient and competent evidence of Defendants' alleged state of mind regarding the falsity of the recorded documents, Plaintiffs' claim cannot survive summary judgment regardless of the evidence presented as to the first prong of A.R.S. § 33-420(A). Indeed, the Court finds that Plaintiffs have not presented evidence sufficient to create a genuine dispute as to the material fact of the Defendants' state of mind regarding the recorded documents. The only evidence Plaintiffs offered on the issue is: a "Foreclosure Sale Checklist" signed by an employee of, and bearing the logo of, SPS and the statements of an expert witness.[1] (Doc. 112, Exs. 16,17, 19) Plaintiffs offered two versions of the same checklist: one dated June 8, 2016 and the other dated July 6, 2016. (Doc. 112, Exs. 16, 17) At least one item, item #1, was changed from "false" to "true" between the two dates, which supports the idea that the checklist was an evolving document as the foreclosure process moved forward. (Doc. 112, Exs. 16, 17) Most importantly, the notes section of the checklists states that "all supporting documentation will be included in the 0-5 day checklist." (Doc. 112, Exs. 16, 17) Additionally, the notes section states that for item #2

---

[1] Plaintiffs attempt to offer in evidence the declaration of a private investigator, William J. Paatalo, as an exhibit to their motion for summary judgment. Such expert testimony was never presented before and because Plaintiffs failed to comply with the applicable rules to introduce expert testimony, that testimony was not admissible and not considered by the Court in ruling on the motions.

5

"doc verification [is] verified and complete," for item #3 that "all required notices have been sent to the borrower," and for item 13 that "HAMP sale process will be completed 7 days prior to sale." (Doc. 112, Exs. 16, 17) Plaintiffs has not offered a version of the checklist that is more recent than the July 6, 2016 version. Specifically, there is no evidence in the record of how the checklist looked like during the last 7 days prior to the trustee's sale which took place on July 20, 2016. Plaintiffs have offered no evidence that Quality ever had access to or saw the checklist although there is a certificate of compliance from Quality that states that all required notices were sent to the borrower and that the entity foreclosing is legally allowed to do so under applicable state law. (Doc. 112, Ex. 18) There is no indication that SPS did not simply inform Quality that all items had been satisfied without providing the checklist. Plaintiffs have also not offered any evidence that U.S. Bank ever had access to or saw the checklist either. Besides those two pieces of evidence, Plaintiffs have offered nothing that would create a genuine dispute on the issue of any of the Defendant's knowledge or reason to know of the alleged falsity of the initial assignment document or any of the other subsequently recorded documents.[2]

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 114) is **granted in full**[3] and Plaintiffs' Motion for Summary Judgment (Doc. 112) is **denied in full**.

///

///

///

---

[2] Because the Court finds that Plaintiffs failed to offer any evidence regarding the state of mind requirement for a claim under A.R.S. § 33-420(A) and it is dispositive of the claims against all the Defendants, the Court does not address the other arguments raised in the motions for summary judgment. *See Giddings v. Vision House Prod., Inc.*, 584 F. Supp. 2d 1222, 1225 (D. Ariz. 2008).

[3] Because Quality joined in its co-defendants' motion for summary judgment and that motion is dispositive of the case against all defendants, Quality's motion (Doc. 118) is not mentioned but the Court reviewed it in ruling on the three pending motions.

6

**IT IS FURTHER ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 12th day of March, 2020.

Honorable Steven P. Logan
United States District Judge